IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **NICHOLAS MARTIN on behalf of himself and other similarly situated,** ) ) | |
| **Plaintiff,** ) ) | |
| vs. ) | No.: 1:13-cv-6923 |
| ) | |
| **JTH TAX, INC., d/b/a LIBERTY TAX SERVICE,** ) ) | |
| ) | |
| **Defendant.** ) | |

## MOTION TO DISMISS

Defendant JTH Tax, Inc. d/b/a Liberty Tax Service ("Liberty"), by its undersigned counsel, moves this Court pursuant to Fed.R.Civ.P. 12(b)(6) to dismiss plaintiff's Complaint, and in support thereof, states as follows:

### Introduction

This putative class action case arises from plaintiff's allegation that he received unsolicited calls from Liberty on his cell phone placed with "an automatic telephone dialing system" in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"). The Complaint also makes clear, however, that the calls he purportedly received were targeted to owners of tax businesses, not randomly placed calls. As a result, the TCPA, which is not so broad as to address all calls made to cell phones, but only those "using a random or sequential number generator," is wholly inapplicable.

### The Complaint's Factual Allegations

The one-count Complaint asserts that a Liberty agent named Rob Lee called plaintiff on his cell phone to advise that Liberty was "reaching out to tax business owners to help them grow

their tax businesses." Comp. ¶¶11, 14. Mr. Lee further offered to have another Liberty representative call back with additional information regarding the opportunity to help grow plaintiff's tax business. Comp. ¶15.

Plaintiff asserts he did not consent to receive this call, and pleads, on information and belief, that it was made as part of a calling campaign. Comp. ¶¶19-20. The Complaint expressly pleads that Liberty "used an automatic telephone dialing system to call plaintiff and the class."[1] Comp. ¶8.

The Complaint further alleges that these calls were placed negligently, or alternatively, willfully and knowingly. Comp. ¶24.

### The TCPA

Under the allegations set forth in the Complaint, it is absolutely necessary for plaintiff to plead that Liberty called him using an "automatic telephone dialing system" in order to bring the charged conduct within the coverage of the TCPA. Doing so, however, requires adherence to its statutory definition. The TCPA, in its opening section, contains a specific definition:

> The term "automatic telephone dialing system" means equipment which has the capacity– (A) to store or produce telephone numbers to be called using a random or sequential number generator; and (B) to dial such numbers.

---

[1] Inconsistent with this unqualified assertion, the Complaint frames as a common question of law and fact for the putative class: "Whether defendants used an automatic telephone dialing system as that term is defined in the TCPA and applicable FCC regulations and orders". Comp. ¶27.

2

47 U.S.C. §227(a)(1). The TCPA goes on to prescribe the placement of calls to cell phones using such a system. 47 U.S.C. §227(b)(1)(A)(iii). [2]

In the section of the TCPA establishing a private right of action, provision is made for an increased penalty if the court finds it was violated "willfully or knowingly," but says nothing about a negligent violation of the statute. 47 U.S.C. §227(b)(3).

As a remedial statute, the TCPA is entitled to a broad construction. *See, e.g., Holmes v. Back Doctors, Ltd.*, 695 F.Supp.2d 843, 854 (S.D. Ill. 2010). However, its remedial purpose "will not justify reading a provision 'more broadly than its language and the statutory scheme reasonably permit.'" *Touche Ross & Co. v. Redington*, 442 U.S. 560, 578 (1979) (*quoting SEC v. Sloan*, 436 U.S. 103, 116 (1978)).

**Applicable Legal Standard**

Following *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), plaintiffs are required to plead more than mere labels and legal conclusions, and "a formulaic recitation of the elements of a cause of action will not do." Today, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) Dismissal under Rule 12(b)(6) is appropriate where, taking all factual allegations as true, no plausible claim for relief is stated on the face of a complaint. *Bell Atlantic* at 556-57.

---

[2] Although both plaintiff and his counsel are veteran TCPA filers, the Complaint does not plead which section of the statute was allegedly violated. The only statutory language cited pertains to the "automatic telephone dialing systems," and these are the two TCPA sections pertaining to such systems.

3

## The Complaint Establishes the Inapplicability of the TCPA

"[If] a plaintiff pleads facts which show he has no claim, then he has pled himself out of court." *McCready v. eBay, Inc.,* 453 F.3d 882, 888 (7th Cir. 2006). Here, the Complaint affirmatively alleges that the calls alleged to have been placed by Liberty Tax were specifically targeted at "tax business owners to help them grow their tax businesses." Comp. ¶14. The placement of such narrowly targeted calls squarely contravenes the TCPA's focus on protecting the public against arbitrary or haphazard calls "using a random or sequential number generator". 47 U.S.C. §227(a)(1). No other facts are pled to suggest the conduct attributed to Liberty fits within the statutory concern for calls placed "using a random or sequential number generator."

Like in the present case, the plaintiff in *Knutson v. Reply!, Inc.*, 2011 WL 291076 *1 (S.D. Cal. 2011), alleged he received cell phone calls comprising solicitations related to his business placed with the use of an "automated telephone dialing system." In granting the defendant's motion to dismiss, the court found the allegation that such a system was used to be conclusory, even though "it may be difficult for a plaintiff to know the type of calling system used without the benefit of discovery". *Id.* at *3. The court noted that plaintiff offered "no details about the manner of the calls except that they were solicitations about Defendant's real estate related business." *Id.*

Dismissal of the present case proves even more compelling. The Complaint sets forth no allegations supporting the statutory requirement that the purported call was dialed randomly or from a sequential number generator. In fact, the Complaint contradicts such a finding by pleading that Liberty's purported call was specifically targeted to tax business owners. Attempting to rely on the conclusory allegation that an "automatic telephone dialing system" was used runs afoul of *Bell Atlantic* and *Iqbal*.

4

None of this should come as news to this serial plaintiff. Among his other TCPA filings is *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838 *10 (N.D. Ill. 2012), where he survived a 12(b)(6) challenge to the adequacy of his "automatic telephone dialing system" by specifically pleading that calls were placed "using equipment that automatically dialed numbers that were pre-loaded in batches by employees." Notably, he also attached as an exhibit to the complaint the defendant's Texas application for registration of an Automatic Dial Announcing Device. *Id.* The court relied on this information to find the complaint sufficient under the TCPA. *Id.* Inexplicably, nothing close is pled in the instant Complaint.

By instead pleading more specifically than in other TCPA cases that the subject call was targeted and not randomly placed, and by pleading no facts to show that a "sequential number generator" was used, the Complaint spells its own demise. "[A] plaintiff can plead himself out of court by alleging facts which show that he has no claim, even though he was not required to allege those facts." *Jackson v. Marion County,* 66 F.3d 151, 153-54 (7th Cir.1995). This Complaint demonstrates how the calls allegedly placed by Liberty fall outside the scope of the TCPA.

The Complaint is not saved by relying on the statutory definition of "automatic telephone dialing system" to require only that the equipment "has the capacity" to place calls randomly or via a sequential number generator. 427 U.S.C. §227(a)(1). The Complaint invokes capacity only indirectly, at ¶¶7-8, and conclusorily. This proves insufficient to show such a system was used. *See Abbas v. Selling Source, LLC*, 2009 WL 4884471, at *5 (N.D. Ill. 2009) (the parroting of the TCPA's definition of "automatic telephone dialing system" in a complaint, to include that equipment has the capacity to dial randomly or with a sequential number generator, comprises "a bare legal conclusion entitled to no weight"). Particularly when the conclusory

5

allegation that equipment was used with the capacity to dial randomly is contradicted by other allegations showing the plaintiff was not contacted on a random basis, the Complaint fails to state a valid TCPA claim.

Equally unsupported is the Complaint's allegation that the calls purportedly placed by Liberty "were negligent, or alternatively, willful and knowing." Comp. ¶24. This inappropriate allegation of "negligence," even if it wasn't also conclusory, does not fit into the TCPA scheme and should be stricken. The placement of violative calls in a willful and knowing manner are addressed in the statute, 47 U.S.C. §227(b)(3), but not so claims of negligence.

WHEREFORE, defendant JTH Tax, Inc. d/b/a Liberty Tax Service moves this court pursuant to Fed.R.Civ.P. 12(b)(6) to dismiss plaintiff's Complaint, and to at least strike its negligence allegation, and for such other and further relief as this Court deems just and appropriate.

        Respectfully submitted,

        JTH Tax, Inc. d/b/a Liberty Tax Service

        By: /s/ Adam J. Glazer
           One of Its Attorneys

Norman T. Finkel
Adam J. Glazer
Schoenberg Finkel Newman & Rosenberg, LLC.
222 S. Riverside Plaza, Ste. 2100
Chicago, IL 60606-6101
(312) 648-2300