**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| NICHOLAS MARTIN on behalf of himself and others similarly situated,<br>　　　　Plaintiff,<br><br>　　　　　　v.<br><br>JTH TAX, INC. d/b/a LIBERTY TAX SERVICE,<br>　　　　Defendant. | )<br>)　1:13-cv-6923<br>)<br>)　Judge Pallmeyer<br>)　Magistrate Judge Finnegan<br>)<br>)<br>)　JURY DEMANDED<br>) |

**Report of Parties Planning Meeting**

**1. Meeting**. Pursuant to FED. R. CIV. P. 26(f), a meeting was held on November 20, 2013, at the Starbucks at the corner of Clark and Adams, Chicago Illinois, and was attended by: Alexander H. Burke for plaintiff, and Adam J. Glazer for defendant.

**2. Nature of the Case**

　　a. The case involves the following claims and counterclaims:

　　This is a Telephone Consumer Protection Act, 47 U.S.C. §227(b)(3) class action, which alleges impermissibly autodialed telemarketing calls to cell phones. Defendant denies the allegations in the complaint.

　　b. The basis for federal jurisdiction is:

　　This case arises out of federal law, so there is federal question jurisdiction.

**3. Pre-trial Schedule**. The parties jointly propose to the court the following discovery plan:

　　a. Discovery will be needed on the following subjects:

　　Plaintiff will need discovery regarding the defendant's calls to plaintiff and the class, including the time/date and nature of the dialer(s) used, as well as discovery concerning any affirmative defenses defendant may raise, such as consent. Plaintiff also requires discovery regarding whether the violations were willful or knowing, which may include compliance materials, policy/practice documents and consumer complaints. Defendant anticipates discovery not only on the merits of plaintiff's claim, but also on the class certification issues, including, but not limited to, numerosity, commonality, typicality, whether plaintiff will fairly

and adequately protect the interests of the class members, and the appropriateness of plaintiff's counsel serving as class counsel.

    b. Discovery Schedule.

Disclosures pursuant to FED. R. CIV. P. 26(a)(1) to be made by December 19, 2013.

All discovery to be commenced in time to be completed by November 30, 2014.

    c. Electronically Stored Information. The parties have discussed discovery of electronically stored information ["ESI"].

The parties acknowledge their obligation to take reasonable and proportionate steps for preserving relevant and discoverable ESI within their possession, custody, or control. The parties acknowledge, further, that requests for ESI, and responses to those requests, must be reasonably targeted, clear, and as specific as practicable.

Plaintiff has requested that defendant identify the scope and nature of ESI relating to its dialers, consent (if any) and the above-mentioned willfulness materials. Defendant is still investigating these issues. The parties have scheduled a follow up meet and confer to discuss these issues.

    d. Depositions. The parties expect they will need approximately five depositions.

    e. Expert Reports. Reports from retained experts under Rule 26(a)(2) due: From the plaintiff by August 15, 2014; from the defendant by October 15, 2014.

    f. Dispositive Motions. All potentially dispositive motions should be filed by February 15, 2015. Plaintiff's motion for class certification shall be filed no later than August 15, 2014.

    4. Trial Schedule.

    a. Final pretrial order: Plaintiff to prepare proposed draft by February 3, 2015; parties to file joint final pretrial order by March 15, 2015.

    b. The case should be ready for trial by April 1, 2015 and at this time is expected to take approximately three days.

**5. Cameras in the Courtroom**

The parties anticipate there may be the following types of evidentiary hearings: jury trial.

**6. Settlement**. During the in-person Rule 26(f) conference, plaintiff's counsel explained that he cannot make a meaningful settlement demand until the scope of the class has been disclosed by defendant.

**7. Consent**. Parties do not consent unanimously to proceed before a Magistrate Judge.

Dated: November 25, 2013

                                                  Respectfully submitted,

| /s/Alexander H. Burke | /s/Adam J. Glazer |
|---|---|
| BURKE LAW OFFICES, LLC | Schoenberg Finkel Newman & Rosenberg, LLC |
| 155 N. Michigan Ave., Suite 9020 | 222 S. Riverside Plaza, Ste. 2100 |
| Chicago, IL 60601 | Chicago, IL 60606 |
| (312) 729-5288 | (312)648-2300 |
| (312) 729-5289 (fax) | (312)648-1212 (fax) |
| ABurke@BurkeLawLLC.com | www.sfnr.com |
| www.BurkeLawLLC.com | |