**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| NICHOLAS MARTIN on behalf of himself and others similarly situated, | ) ) | |
| Plaintiff, | ) | 1:13-cv-6923 |
| | ) | |
| | ) | Judge Pallmeyer |
| v. | ) | Magistrate Judge Finnegan |
| | ) | |
| JTH TAX, INC. d/b/a LIBERTY TAX SERVICE, | ) | |
| Defendant. | ) | JURY DEMANDED |
| | ) | |

**PLAINTIFF'S MOTION TO COMPEL DISCLOSURE OF IDENTITY OF THIRD PARTY
TELEMARKETER AND LOCATION OF CALL DATA**

Plaintiff respectfully requests that the Court compel defendant to fully participate in the meet and confer process as to Electronically Stored Information ("ESI"), and disclose the custody, location and format of call data, for calls to plaintiff and the class, and any other relevant ESI that might be in the hands of third parties. In support of this motion, plaintiff states:

The Telephone Consumer Protection Act, 47 U.S.C. §227(b)(1)(A)(iii) prohibits using automated equipment to call cellular telephones. Plaintiff, who has a tax preparation business, received unsolicited telemarketing phone calls from JTH, Tax, Inc. d/b/a Liberty Tax Service ("Liberty") in June, 2013. This is a class action; the class includes all others that Liberty similarly called. Data regarding who was called, when, using what technology, is critical this case.

Plaintiff learned for the first time through Liberty's Fed.R.Civ.P. 26(a)(1) initial disclosures that Liberty did not make the calls that are the subject of this case itself.

1

Instead, it hired some third party to make the challenged telemarketing calls on its behalf. <u>Exhibit A</u>. The disclosures name two individuals who apparently have information regarding the telemarketing calls, including their *personal* information, but not the name the company for which they work.

Plaintiff's counsel Alexander Burke called defense counsel Adam Glazer on December 27, 2013, to request that Liberty supplement their Fed.R.Civ.P. 26(f) meet and confer, and defendant's initial disclosures, to disclose the names of the companies that were involved in making the calls that are the subject of this lawsuit, and the location of call data. Mr. Glazer took the position that he had no duty to provide such information, under Rule 26 or otherwise, until his client responds to discovery.

Mr. Burke explained, as he has multiple times in this litigation pursuant to Fed.R.Civ.P. 26 and 37.2, that parties have a duty under Rule 26(f) to and "discuss any issues about preserving discoverable information." This duty includes discussion and disclosure of the location, custodian, format and other particulars regarding third party ESI that might be important to this case. <u>Exhibit B</u>. Defendant first claimed not to understand what an ESI "custodian" is, <u>Exhibit B</u>, and then after a detailed explanation, claimed that there is no duty to provide the information at all, unless there is a discovery request on point.

During the December 27, 2013, conversation, defense counsel explained that he was "sure" the data was being preserved pursuant to a document hold letter that he

sent to this yet-to-be-disclosed third party. But when Mr. Burke asked whether Mr. Glazer represents the third party, Mr. Glazer replied that he did not.

Plaintiff's counsel explained that he not satisfied that this third party has adequate incentive or duty to preserve the call data pursuant to a mere preservation letter, and that the would like to issue a subpoena to place a direct legal duty upon this third party to preserve and produce the data for safe-keeping. Although he apparently has the requested information in his possession (and went so far as to learn the *personal* information of individuals involved, rather than disclose the name of the company) Mr. Glazer refused to provide it.

Even if Rule 26(f) did not require the parties to meet and confer, justice and equity requires early disclosure of the requested information in order to ensure protection of this critical information. Defendant has not identified any prejudice it might suffer in providing the information. Moreover, economy strikes in favor of disclosure. Substantially more resources will be necessary to retrieve the call data after it has been deleted or archived, than if it is preserved and produced in its "live" state. Fed.R.Civ.P. 1.

WHEREFORE, plaintiff respectfully requests that the Court compel defendant to fully participate in the meet and confer process as to Electronically Stored Information ("ESI"), and disclose the custody, location and format of call data, for calls to plaintiff and the class.

Respectfully submitted,

/s/Alexander H. Burke

**BURKE LAW OFFICES, LLC**
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com
www.BurkeLawLLC.com

# Exhibit A

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| NICHOLAS MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil No. 1:13-cv-6923 |
| v. | ) | |
| | ) | |
| JTH TAX, INC. d/b/a | ) | |
| LIBERTY TAX SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |

### RULE 26(A)(1) DISCLOSURES FOR DEFENDANT
### JTH TAX, INC. d/b/a LIBERTY TAX SERVICE

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure and the Court's Pre-trial conference held on November 27, 2013, the Defendant, JTH Tax Inc. d/b/a Liberty Tax Service ("Liberty"), by counsel, submits this initial disclosure statement. Liberty reserves the right to supplement its initial disclosures as this statement is based upon information reasonably available to Liberty as of this date. Continuing investigation and discovery may alter this disclosure and/or identify other potential witnesses, documents, and information.

By making the following disclosures, Liberty does not represent that it is identifying every document, tangible thing, or witness possibly relevant to this lawsuit. Nor does Liberty waive its right to object to the production of any document or tangible thing disclosed herein on the basis of any privilege, the work product doctrine, relevancy, undue burden, or any other valid objection under the Federal Rules of Civil Procedure. Liberty's disclosure is also made without in any way waiving: (1) the right to object on the grounds of competency, privilege, relevancy and materiality, hearsay or any other proper grounds, to the use of such information for any purpose, in whole or in part, in any subsequent proceeding in this action or any other action; and

(2) the right to object on any and all grounds, at any time, to any other discovery request or proceeding involving or relating to the subject matter of these disclosures.

## I.    INDIVIDUALS

The names, addresses and telephone numbers, where applicable, of each individual likely to have discoverable information that Liberty may use to support its defenses, unless solely for impeachment, including the subject matter upon which each individual may have information, include:

1.  Baldeep Chawla
    354 Union Ave
    Lynbrook, New York 11563
    (516) 204-6291
    **Information Possessed**: Mr. Chawla possesses information regarding the practices of the third party vendor and the list of contacts used in that business.

2.  Mario Costanz
    525 English Place
    Mamaroneck, New York 10543
    (212) 473-1040
    **Information Possessed**: Mr. Costanz possesses information regarding the practices of the third party vendor and the lists of contacts used in that business.

3.  Christina Hartley
    Liberty Tax
    Ms. Hartley may be reached through Liberty's counsel.
    **Information Possessed**: Ms. Hartley possesses information regarding Defendant's approval of third party vendors.

4.  John Hewitt
    Liberty Tax
    Mr. Hewitt may be reached through Liberty's counsel.
    **Information Possessed**: Mr. Hewitt possesses information regarding third party vendor's service proposal.

5.  Angela Ianni
    Liberty Tax
    Ms. Ianni may be reached through Liberty's counsel.
    **Information Possessed**: Ms. Ianni possesses information regarding third party vendor's service proposal.

6. Susan Larry
   Liberty Tax
   Ms. Larry may be reached through Liberty's counsel.
   **Information Possessed:** Ms. Larry possesses information regarding the payment of third party's invoices.

7. Nicholas Martin
   Address and phone number unknown
   **Information Possessed:** Mr. Martin possesses information regarding contact by the third party service provider.

8. Marty Mazer
   1404 Verbena
   Lantana, Texas 76226
   **Information Possessed:** Mr. Mazer possesses information regarding third party vendor's proposal and Defendant's contract with the third party vendor.

9. David Miller
   Liberty Tax
   Mr. Miller may be reached through Liberty's counsel.
   **Information Possessed:** Mr. Miller possesses information regarding third party vendor's service proposal.

10. Megan Murphy
    Liberty Tax
    Ms. Murphy may be reached through Liberty's counsel.
    **Information Possessed:** Ms. Murphy possesses information regarding Defendant's contract with the third party vendor.

11. Martha O'Gorman
    Liberty Tax
    Ms. O'Gorman may be reached through Liberty's counsel.
    **Information Possessed:** Ms. O'Gorman possesses information regarding third party vendor's proposal and Defendant's contract with the third party vendor.

12. Steven Richard
    Liberty Tax
    Ms. Richard may be reached through Liberty's counsel.
    **Information Possessed:** Mr. Richard possesses information regarding the storage of a contact list.

13. Tom Stoner
    Liberty Tax
    Mr. Stoner may be reached through Liberty's counsel.
    **Information Possessed:** Mr. Stoner possesses information regarding call list provided by third party vendor.

Liberty reserves the right to rely upon any and all individuals listed by defendant as having discoverable information and identified in connection with defendant's discovery responses pursuant to the Federal Rules of Civil Procedure.

Liberty reserves the right to supplement and amend these disclosures as discovery proceeds in this matter.

## II.    DOCUMENTS

A description by category and location of all documents, electronically stored information, and tangible things that are in the possession, custody, or control of Liberty that Liberty may use to support its defenses, unless the use would be solely for impeachment, include:

- Contract with third party vendor;

- Invoices from third party vendor;

- Third party pilot program proposal;

- A spreadsheet of franchisee contacts;

- A spreadsheet of information holders of PTINs;

- Internal emails regarding third party vendor's service program and contract;

All documents are located at Liberty's National Headquarters in Virginia Beach, Virginia.

Liberty reserves the right to rely upon any and all materials identified and produced by Plaintiff in connection with discovery or disclosures in this matter.

## III.    DAMAGES

Liberty is not seeking any damages at this time.

## IV.    INSURANCE

Liberty states Chartis policy number 03-417-73-44 (attached).

**JTH Tax, Inc. d/b/a Liberty Tax Service**

By: _____
     One of Its Attorneys

Norman T. Finkel
Adam J. Glazer
Schoenberg Finkel Newman & Rosenberg, LLC
222 South Riverside Plaza, Suite 2100
Chicago, Illinois 60606-6101
312/648-2300

5

Exhibit B

**Alexander Burke**

| | |
|---|---|
| **From:** | Alexander Burke |
| **Sent:** | Monday, December 16, 2013 5:41 PM |
| **To:** | 'Adam J. Glazer' |
| **Subject:** | RE: JTH / Liberty Call Records |

Adam,

Following up on this. We are very concerned about the routine destruction of data; particularly call data.

Please respond.

Alex

# BURKE LAW OFFICES, LLC

155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com
www.BurkeLawLLC.com

---

**From:** Alexander Burke [mailto:aburke@burkelawllc.com]
**Sent:** Tuesday, December 03, 2013 12:44 PM
**To:** 'Adam J. Glazer'
**Subject:** RE: JTH / Liberty Call Records

In most cases, there are certain persons who are likely to have discoverable documents residing on personal drives/servers. In this case, I would expect those persons to be of the following general categories: the person responsible for operating/maintaining the dialer, the person responsible for managing the call center, the person responsible for designing and developing calling campaigns and others who were involved in telemarketing.

Additionally, in most cases there is a "shared drive" (usually on a shared server) where documents are available to the more than one person, but that have documents/emails related to telemarketing or the dialer.

Formatting is important because we want to know how the call records and other documents are maintained by defendant (or whatever third party may be involved). What this means is that we'd want to know whether defendant uses Outlook or Lotus (or something else) for email, where it stores those emails and what its retention and backup policies are, and what format the backups are kept. Similarly, we would like to know about the format and software used for the calls and customer management.

The above isn't meant to limit your client's duties; only to give you an idea of what I'm looking for.

# BURKE LAW OFFICES, LLC

155 N. Michigan Ave., Suite 9020
Chicago, IL 60601

(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com
www.BurkeLawLLC.com

---

**From:** Adam J. Glazer [mailto:adam.glazer@sfnr.com]
**Sent:** Tuesday, December 03, 2013 11:48 AM
**To:** Alexander Burke
**Subject:** RE: JTH / Liberty Call Records

Alex:  Can you better explain what you mean by "including custodians, shared drives, formatting and similar"?  Thank you.

---

**From:** Alexander Burke [mailto:aburke@burkelawllc.com]
**Sent:** Monday, December 02, 2013 9:14 AM
**To:** Adam J. Glazer
**Subject:** JTH / Liberty Call Records

Adam,

Following up on our conversation regarding ESI in the Martin v. JTH case.

Have you had a chance to determine the location and format of call records, and whether the calls were in-house or performed by a third party? Although discovery responses have been stayed, this issue remains to be tied up so that records are not destroyed in the normal course of business.

Also, please disclose the scope of the litigation hold at JTH, including custodians, shared drives, formatting and similar.

I suggest that JTH make these disclosures by this Wednesday, December 4, 2013. If you think another date is more appropriate, please suggest a reasonable one.

Alex

## BURKE LAW OFFICES, LLC

155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com
www.BurkeLawLLC.com