**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| NICHOLAS MARTIN on behalf of himself and others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) No. 1:13-cv-6923 ) |
| JTH TAX, INC. d/b/a LIBERTY TAX SERVICE, | ) ) ) ) |
| Defendant. | ) |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION
TO COMPEL DISCLOSURE OF IDENTITY OF THIRD
PARTY TELEMARKETER AND LOCATION OF CALL DATA**

Defendant JTH Tax, Inc. d/b/a Liberty Tax Service ("Liberty"), by its undersigned counsel, as its Response to Plaintiff's Motion to Compel Disclosure of Identity of Third Party Telemarketer and Location of Call Data, states as follows:

1. Nicholas Martin ("Martin") is persisting with his motion to compel, notwithstanding that he was provided the very information he sought with the express understanding that he would withdraw his motion. The relatively straightforward chronology follows.

2. On November 27, 2013, the Court held a Rule 16 conference and entered an order requiring the parties to exchange Rule 26(a)(1) disclosures by December 19, 2013, setting a briefing schedule on Liberty's previously filed motion to dismiss, and staying discovery responses until February 14, 2014.

3. Consistent with the Court's order, Liberty made its Rule 26(a)(1) disclosures on December 19, 2013, and identified two individuals, Baldeep Chawla and Mario Costanz, who are believed to have information regarding the call data at issue in this action.[1]

4. Not satisfied with Liberty's disclosures – Martin wanted the name and contact information of the third-party vendor for whom Mr. Chawla and Mr. Costanz worked – plaintiff's attorney called defense counsel on December 27, 2013.[2] Defense counsel explained that discovery was stayed and that he would provide the requested information when Liberty served its discovery responses in February. Plaintiff's motion followed the same day.

5. Liberty's initial disclosures complied with Rule 26(a)(1). Even as Martin asked for a supplemental disclosure, he never asserted, nor does he assert now, a lack of compliance with the rule. To avoid burdening the Court with this discovery dispute and to go the extra mile, still on December 27, 2013, defense counsel provided the name and contact information for the third-party vendor with the express understanding that Martin would withdraw his motion to compel. See email correspondence dated December 27, 2013, attached hereto as Exhibit A.[3] Martin has since issued a subpoena to the third-party vendor, Zee Calls, LLC.

6. Notwithstanding that Liberty provided Martin with the requested information even though discovery responses are stayed and that he had agreed to withdraw his motion, Martin continues to press his motion, apparently hoping to be able do an end run around the Court's order staying discovery responses.

---

[1] Martin did not make his Rule 26(a)(1) disclosures by the Court ordered date of December 19, 2013. Without burdening the Court with Martin's overdue disclosures, Liberty alerted Martin's attorney by email and subsequently accepted without complaint Martin's late disclosures served on December 24, 2013.

[2] The email correspondence Martin attaches to his motion was exchanged before Liberty served its Rule 26(a)(1) disclosures (and after discovery had been stayed) and thus has little, if any, bearing on the present matter.

[3] Exhibit A consists of email correspondence exchanged between counsel from December 27, 2013, through January 3, 2014.

7. When Liberty's counsel wrote to Martin's attorney requesting that he comply with his agreement to withdraw the motion, Martin ignored the request and instead sought additional discovery, namely information for "other lead generators", or in the alternative confirmation "in a signed writing that Liberty did not use any lead generators, telemarketers or any other third party other than Zee Calls, LLC, with regard to outbound telephone calls between September 25, 2009 and today." See Exhibit A, email correspondence dated December 30, 2013.

8. Most recently, on January 3, 2014, Martin's attorney wrote to Liberty's counsel, stating that he will not withdraw the motion to compel unless "we receive complete information." See Exhibit A, email correspondence dated January 3, 2014.

9. Despite the existence of an order staying discovery responses, Liberty has provided the information for the custody and location of the call data that Martin seeks in his motion. As explained in Liberty's counsel's email, any inquiries about the format of call data needs to be addressed to the third-party vendor. It should be noted that the stated rationale for Martin's request for the third-party vendor information is the preservation of evidence, and that by disclosing the contact information for the third-party vendor, Liberty has done all it can in this regard.

10. That Martin continues to wield his mooted out motion as a cudgel in order to seek discovery that has plainly been stayed only proves that no good deed goes unpunished.

11. In view of Martin's position which lacked merit from the get go; Liberty's collegiality in providing the requested information notwithstanding the Court ordered stay of discovery responses; and Martin's unfulfilled agreement to withdraw his motion, Liberty should be awarded its attorney's fees incurred in responding to what was always an unnecessary and unsupportable motion.

12. Based on the foregoing, defendant JTH Tax, Inc. d/b/a Liberty Tax Service respectfully requests that this Honorable Court enter an order denying Plaintiff's Motion to Compel Disclosure of Identity of Third Party Telemarketer and Location of Call Data and awarding Liberty its attorney's fees incurred in responding to the motion to compel.

        Respectfully submitted,

        JTH Tax, Inc. d/b/a Liberty Tax Service

        By: /s/ Adam J. Glazer
           One of Its Attorneys

Norman T. Finkel
Adam J. Glazer
**SCHOENBERG FINKEL NEWMAN & ROSENBERG, LLC**
222 S. Riverside Plaza, Suite 2100
Chicago, IL 60606-6101
(312) 648-2300

## CERTIFICATE OF SERVICE

      Norman T. Finkel, an attorney, hereby certifies that he caused a copy of the foregoing **Defendant's Response to Plaintiff's Motion to Compel Disclosure of Identity of Third Party Telemarketer and Location of Call Data** to be served on all counsel of record via electronic case filing system (CM/ECF), from 222 South Riverside Plaza at 222 S. Riverside Plaza, Chicago, Illinois on January 3, 2014.

                                                    /s/ Norman T. Finkel