**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Nicholas Martin on behalf of himself and others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:13-cv-6923 |
| v. | ) ) | Honorable Manish S. Shah |
| JTX Tax, Inc. d/b/a Liberty Tax, | ) ) | Magistrate Judge Finnegan |
| Defendants. | ) ) ) | |

<u>**REASSIGNMENT STATUS REPORT**</u>

Plaintiff Nicholas Martin ("Plaintiff") and Defendant JTH Tax, Inc. ("Liberty"), by their

respective undersigned counsel, hereby submit the following Reassignment Status Report

pursuant to this Court's Order (ECF No. 67):

1. **Nature of the Case.**

    A. **Attorneys of Record:**

| Counsel for Plaintiff: | Counsel for JTH Tax, Inc. |
|---|---|
| Alexander H. Burke | Adam J. Glazer |
| Burke Law Offices, LLC | Schoenberg, Finkel, Newman & Rosenberg, LLC |
| 155 N. Michigan Ave., Suite 9020 | 222 S Riverside Plaza, Suite 2100 |
| Chicago, Illinois 60601 | Chicago IL 60606 |
| (312) 729-5288 | (312) 648-2300 |
| (312) 729-5289 (fax) | (312) 648-1212 fax |
| ABurke@BurkeLawLLC.com | adam.glazer@sfnr.com |

    B. **Basis for Federal Jurisdiction**. Federal jurisdiction exists under 28

U.S.C. § 1331 because Plaintiff asserts claims under a federal statute, namely the Telephone

Consumer Protection Act, 47 U.S.C. § 227(b) (the "TCPA"). *Mims v. Arrow Fin. Servs., LLC*,

132 S. Ct. 740 (2012). Federal jurisdiction also would be appropriate under 28 U.S.C. § 1332(d),

the Class Action Fairness Act ("CAFA") because this is a putative class action in which at least

one putative class member is diverse from one of the defendants and there is more than $5 million in controversy.

   C.  **Nature of the Claims.** Plaintiff asserts putative class action claims alleging that Defendant Liberty is liable for willful and non-willful violations of the TCPA for making automated telemarketing calls

   D.  **Relief Sought by Plaintiff.** Plaintiff seeks $1,500 for each alleged willful violation of the TCPA and $500 for each alleged non-willful violation of the TCPA for himself and each member of the putative class.

   E.  **No Parties Have Not Been Served**. All parties have been served and have filed appearances.

   **2.**  **Prior History, Discovery, and Motions.**

   A.  **Prior Motion to Dismiss and Court's Order.** Plaintiff filed a motion for class certification to prevent the putative class action from being mooted pursuant to *Damasco v. Clearwire Corp.*, 662 F.3d 891 (7th Cir. 2011). The parties then filed a joint stipulation to allow this motion for class certification to be withdrawn without prejudice, and to be re-filed at a later time. Defendant moved to dismiss the Complaint for failure to plead sufficient facts, which was denied in part by Judge Pallmeyer from the bench [Docket Entry 23]. Plaintiff filed a motion for early disclosure of the telemarketers that made calls for Liberty, which was entered and continued, along with an order that defendant disclose such information, which it did. [Docket Entry 19, 20]

   B.  **Discovery.** Judge Pallmeyer set December 1, 2014 for the close of discovery and referred discovery supervision to Magistrate Judge Finnegan [Docket Entry 14]. Liberty has served written responses to interrogatories and requests for production, and plaintiff will be responding to discovery presently. Plaintiff has issued subpoenas to third parties that

were involved in the telemarketing that is the subject of this case, including New York company Zee Calls, LLC and Philippines telemarketing company Executive Boutique, PH, Inc.

          C.     **No Pending Motions.**  There are no current pending motions.

          D.     **Anticipated Motions.**  Plaintiff anticipates re-filing his motion for class certification, and possibly requesting leave to add additional defendants. The current date for plaintiff's motion for class certification is August 15, 2014 [Docket Entry 14].

     **3.**     **Trial.**

          A.     **Jury Trial Demanded.**  Plaintiff demands a jury trial.

          B.     **No Trial Date.**  No trial date has been set.  Defendant intends to move for summary judgment and Plaintiff intends to move for class certification.  Although the scheduling of trial depends in part on whether the Court certifies a class, the parties anticipate this case to be ready for trial in 2016.

          C.     **Length of Trial.**  The length of any trial depends in part on whether the Court certifies a class.  Based on the discovery thus far, the parties estimate that a trial would last at least one week.

          D.     **No pretrial order or deadline.**  No final pretrial order has been filed and there is no current deadline for the filing of such an order.

     **4.**     **Referrals and Settlement.**

          A.     **Discovery Referred to Magistrate.**  All discovery matters (and settlement negotiations) are currently pending before Magistrate Judge Finnegan.

          B.     **Settlement Discussions.**  The Parties have not engaged in settlement discussions yet, but have not ruled out the possibility of mediation.

          C.     **No Settlement Conference Requested.**  The Parties do not request a settlement conference.

        D.      **No Consent to Magistrate.**    The Parties do not consent to proceed before the Magistrate Judge.

Dated:  July __, 2014                  Respectfully submitted by,


/s/ Alexander H. Burke              /s/ Adam J. Glazer

Counsel for Plaintiff                 Counsel for Defendant

Burke Law Offices, LLC          Schoenberg, Finkel, Newman & Rosenberg, LLC
155 N. Michigan Ave., Suite 9020     222 S Riverside Plaza, Suite 2100
Chicago, IL 60601               Chicago IL 60606
(312) 729-5288                  (312) 648-2300
(312) 729-5289 (fax)             (312) 648-1212 fax
ABurke@BurkeLawLLC.com       adam.glazer@sfnr.com