# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| NICHOLAS MARTIN, on behalf of himself and others similarly situated, | ) ) | Case No. 1:13-cv-06923 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JTH TAX, INC., d/b/a LIBERTY TAX SERVICE, | ) ) | Hon. Judge Manish S. Shah |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND FOR CONDITIONAL CERTIFICATION OF SETTLEMENT CLASS**

## TABLE OF CONTENTS

**Page No.**

I.      INTRODUCTION ................................................................................1

II.     NATURE OF THE CASE ....................................................................2

III.    THE PROPOSED SETTLEMENT.......................................................3

      A.      The Settlement Class.................................................................3

      B.      Settlement Relief .....................................................................4

              1.     The Settlement Fund .....................................................4

              2.     Class Representative Service Award ...........................5

              3.     Attorneys' Fees and Costs ...........................................5

              4.     Remaining Funds .........................................................6

      C.      Notice and Settlement Administration......................................6

      D.      Opt-Out and Objection Procedures..........................................7

      E.      Release ....................................................................................7

IV.    ARGUMENT .......................................................................................8

      A.      The Settlement Approval Process..............................................8

      B.      The Settlement Merits Preliminary Approval...........................9

              1.     The Proposed Settlement Provides Substantial Relief to the Settlement Class Particularly in Light of the Uncertainty of Prevailing on the Merits ................................................9

                    a.     Benefits to the Class.........................................9

                    b.     The Strength of Plaintiff's Case......................10

              2.     Continued Litigation Is Likely to Be Complex, Lengthy, and Expensive ................................................12

i

3.       The Settlement Resulted from Extensive, Arm's-Length
         Negotiations and Is Not the Result of Collusion .......................................12

4.       The Stage of the Proceedings and the Amount of Discovery
         Completed Supports Preliminary Approval..............................................13

C.      Plaintiff's Requested Fees Are Reasonable ...........................................................14

D.      The Requested Service Awards Are Reasonable....................................................15

E.      The Proposed Class Notice Satisfies Due Process................................................15

F.      The Court Should Grant Class Certification for Settlement Purposes...................17

1.       The Rule 23(a) Factors Are Met ...............................................................18

        a.       The Class Is Sufficiently Numerous and Joinder Is
                 Impracticable...............................................................................18

        b.       The Settlement Class Shares Many Common Issues of
                 Law and Fact................................................................................18

        c.       Plaintiff's Claims Are Typical of the Settlement Class................19

        d.       Plaintiff and his Counsel Are Adequate Representatives.............19

2.       The Rule 23(b)(3) Factors Are Satisfied...................................................20

G.      Scheduling a Final Approval Hearing Is Appropriate ..........................................21

V.     CONCLUSION.................................................................................................................22

# TABLE OF AUTHORITIES

**Page No.**

## FEDERAL CASES

*Aliano v. Joe Caputo & Sons – Algonquin, Inc.*,
    No. 09-910, 2011 WL 1706061 (N.D. Ill. May 5, 2011)...................................................11

*Am. Int'l Grp., Inc. et al., v. ACE INA Holdings, et al.*,
    Nos. 07-2898, 09 C 2026, 2012 WL 651727 (N.D. Ill. Feb. 28, 2012)........................8, 13

*Amchem Prods. v. Windsor*,
    521 U.S. 591 (1997).........................................................................................................20

*Amgen Inc. v. Connecticut Retirement Plans & Trust Funds*,
    —— U.S. ——, 133 S. Ct. 1184 (2013)..........................................................................20

*Armstrong v. Bd. of Sch. Dirs. of the City of Milwaukee*,
    616 F.2d 305 (7th Cir.1980) ...................................................................................8, 9, 10

*Bridgeview Heath Care Ctr. Ltd. v. Clark*,
    No. 09-5601, 2011 WL 4628744 (N.D. Ill. Sept. 30, 2011)............................................18

*Butler v. Sears, Roebuck & Co.*,
    727 F.3d 796 (7th Cir. 2013) ....................................................................................20, 21

*Carnegie v. Household Int'l., Inc.*,
    376 F.3d 656 (7th Cir. 2004) .........................................................................................21

*Chapman v. First Index, Inc.*, No.
    No. 9-5555, 2014 WL 840565 (N.D. Ill. March 4, 2014).................................................11

*Cook v. Niedert*,
    132 F.3d 1004 (7th Cir. 1998) .......................................................................................15

*F.C.V., Inc. v. Sterling Nat'l. Bank*,
    652 F. Supp. 2d 928 (N.D. Ill. 2009) .......................................................................16, 17

*Gammon v. GC Servs. Ltd. P'ship.*,
    162 F.R.D. 313 (N.D. Ill. 1995)......................................................................................19

*G.M. Sign, Inc. v. Brinks Mfg. Co.*,
    No. 09-5528, 2011 WL 248511, at *8 (N.D. Ill. Jan. 25, 2011).......................................11

*In re AT&T Mobility Wireless Data Servs. Sales Litig.*,
    270 F.R.D. 330 (N.D. Ill. 2010)......................................................................................10

*In re Synthroid Mktg. Litig.*,
    264 F.3d 712 (7th Cir. 2001) ........................................................................14

*Isby v. Bayh*,
    75 F.3d 1191 (7th Cir. 1996) ....................................................................8, 9

*Mars Steel Corp. v. Cont'l Ill. Nat'l. Bank & Trust Co. of Chicago*,
    834 F. 2d 677 (7th Cir. 1987) ....................................................................12

*McCabe v. Crawford & Co.*,
    210 F.R.D. 631 (N.D. Ill. 2002)..................................................................18

*Mullane v. Cent. Hanover Bank & Trust Co.*,
    339 U.S. 306 (1950).....................................................................................16

*Pearson v. NBTY, Inc.*,
    772 F.3d 778 (7th Cir. 2014) ......................................................................14

*Parker v. Risk Mgmt. Alts., Inc.*,
    206 F.R.D. 211 (N.D. Ill. 2002)..................................................................19

*Phillips Petroleum Co. v. Shutts*,
    472 U.S. 797 (1985)..............................................................................16, 17

*Phillips Randolph Enters., LLC v. Rice Fields*,
    No. 06-4968, 2007 WL 129052 (N.D. Ill. Jan. 11, 2007)...........................11

*Randolph v. Crown Asset Mgmt., LLC*,
    254 F.R.D. 513 (N.D. Ill. 2008)..................................................................18

*Reliable Money Order, Inc., v McKnight Sales Co., Inc.*,
    218 F.R.D. 327 (E.D. Wis. 2012) ...............................................................18

*Sadowski v. Med1 Online, LLC*,
    No. 07-2973, 2008 WL 2224892 (N.D. Ill. May 27, 2008)........................20

*Savanna Group, Inc. v. Trynex, Inc.*,
    No. 10-7995, 2013 WL 66181 (N.D. Ill. Jan. 4, 2013)...............................11

*Schulte v. Fifth Third Bank*,
    805 F. Supp. 2d 560 (N.D. Ill. 2011) ..........................................................12

*Sledge v. Sands*,
    182 F.R.D. 255 (N.D. Ill. 1998)..................................................................19

*Synfuel Tech., Inc. v. DHL Express (USA), Inc.*,
    463 F.3d 646 (7th Cir. 2006) .......................................................................1, 9

## FEDERAL STATUTES

47 U.S.C. § 227 ...........................................................................................2

47 U.S.C. § 227(b)(1)(A)(iii) .........................................................................2

47 U.S.C. § 227(b)(3) ...............................................................................5, 10

## FEDERAL RULES

Fed. R. Civ. P. 23(a)(4) ...............................................................................19

Fed. R. Civ. P. 23(e)(1) ...............................................................................15

Fed. R. Civ. P. 23(e)(2) .................................................................................8

## OTHER AUTHORITIES

4 Herbert B. Newberg & Alba Conte, *Newberg on Class Actions* § 11:41 (4th ed. 2002).............8

4 Herbert B. Newberg & Alba Conte, *Newberg on Class Actions* § 11:42 (4th ed. 2002)............13

*In re Rules & Regs. Implementing the TCPA*,
    23 FCC Rcd 559 (Jan. 4, 2008).................................................................2

*Manual for Complex Litigation* § 21.312 (4th ed. 2004)...............................................16

*Manual for Complex Litigation* § 21.62 (4th ed. 2004).................................................15

*Manual for Complex Litigation* § 21.633 (4th ed. 2004)...............................................9

# I. INTRODUCTION

After more than a year and a half of litigation, substantive discovery, numerous arm's-length negotiations between counsel, and a mediation before an experienced, third-party neutral, Plaintiff Nicholas Martin and Defendant JTH Tax, Inc., d/b/a Liberty Tax Service, have reached a class action settlement of this matter. The settlement generally calls for the establishment of a $3,000,000 Settlement Fund to be used to provide recovery to the Settlement Class, as set forth in the Settlement Agreement, a copy of which is attached as <u>Exhibit A</u>.   Notice will be mailed to Settlement Class Members identified in the parties' records. The Settlement Class is limited to users of approximately 291,000 unique cell phone numbers, who received calls like Plaintiff.

In evaluating the fairness of a proposed class action settlement, the key consideration is the strength of the plaintiff's case on the merits balanced against the amount offered in the settlement.  *See Synfuel Tech., Inc. v. DHL Express (USA), Inc.*, 463 F.3d 646, 653 (7th Cir. 2006).  Although Plaintiff here believes that he would secure class certification and ultimately prevail on the merits at trial, success is not assured.  At every turn of negotiations, Defendant has vigorously defended its position.  If approved, the settlement would bring a sure end to what would be contentious and costly litigation centered on the question of Defendant's liability for the allegedly unlawful calls challenged in this action.

The relief provided here—cash payments from a $3,000,000 non-reversionary "common fund"—meets the applicable standards of fairness when taking into consideration the nature of Plaintiff's claims and the risks inherent in class action litigation.  Accordingly, Plaintiff respectfully requests that the Court: (1) grant preliminary approval of the settlement, including the settlement payments to the Settlement Class, fees and costs to Plaintiff's counsel, and the requested incentive award; (2) provisionally certify the proposed Settlement Class; (3) appoint

Burke Law Offices, LLC as Class Counsel; (4) appoint Plaintiff as representative of the Settlement Class; (5) approve the proposed notice plan, class notice, and claim form; and (6) schedule the final fairness hearing and related dates as proposed.

## II. NATURE OF THE CASE

This case rests on alleged violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, which prohibits using an automatic telephone dialing system ("ATDS") to call a cell phone without the "prior express consent" of the called party. *See* 47 U.S.C. § 227(b)(1)(A)(iii). The FCC has determined that providing one's telephone number to a company can constitute "prior express consent" to be called at that number. *See In re Rules & Regs. Implementing the TCPA*, 23 FCC Rcd 559, 566 (2008).

In his complaint, Plaintiff alleges that Defendant violated the TCPA by causing calls to be made using an ATDS without the prior express consent of Plaintiff and others. (Compl. ¶¶ 1, 25-26.) Defendant disagrees with Plaintiff and denies all allegations of wrongdoing and liability. (*See* Settlement Agreement ("Agr.") §§ I.1, I.4.)

Plaintiff thoroughly investigated the facts and law underlying the claims asserted in this action, and engaged in substantive discovery with Defendant and third parties. (*See* Burke Decl. ¶ 12, attached as Exhibit B.) Plaintiff obtained data and documents regarding Plaintiff and the class' claims, and—from Defendant's business records and third-party discovery—the parties have determined, for purposes of settlement, that there are approximately 291,000 unique cell phones called by Defendant or on its behalf during the Class Period. (Burke Decl. ¶ 12; Agr. § I.3.f.)

2

During litigation, Defendant took the position that it could not be held liable for the calls to Plaintiff and the class, because it did not authorize such calls, which were made by a subvendor. (Burke Decl. ¶ 13.)

In addition to several informal discussions between counsel, the parties participated in a formal mediation session before the Honorable Morton Denlow (Ret.) on September 15, 2014. (Burke Decl. ¶ 13.) In connection with the mediation, the parties submitted detailed mediation briefs to Judge Denlow, setting forth their respective views on the strengths of their cases. (Burke Decl. ¶ 13.) During the mediation sessions, the parties discussed their relative views of the law and the facts and potential relief for the proposed class. (Burke Decl. ¶ 13.) After the parties reached an agreement in principle, they continued to negotiate the details of the settlement via e-mail and telephone. (Burke Decl. ¶ 13.) At all times, the parties' settlement negotiations were highly adversarial, non-collusive, and at arm's-length. (Burke Decl. ¶ 13.) These discussions culminated in the Settlement Agreement.

### III. THE PROPOSED SETTLEMENT

**A.     The Settlement Class**

The proposed settlement would establish a "Settlement Class" for settlement purposes, only, defined as:

> All persons nationwide whose cell phone the Released Parties or someone on behalf of the Released Parties called (with or without the knowledge or consent of the Released Parties) using a device that has the capacity to dial numbers without human intervention, where any call was made between and including September 25, 2009 and April 24, 2015.

> The Settlement Class is limited to persons associated with the approximately 291,000 cell phone numbers identified by the parties as having been called using an automatic telephone dialing system or an artificial or prerecorded voice (the "Call List").

(Agr. § I.3.f.)  The Call List of approximately 291,000 unique cellular telephones was derived from records of Defendant or obtained by Plaintiff, including through a subpoena—and subsequent motion to compel filed in the ancillary case of *Martin v. Zee Calls LLC*, No. 15-65 (S.D.N.Y.)—to Defendant's relevant third-party telemarketer. (Burke Decl. ¶ 12.)

**B.      Settlement Relief**

1.      <u>Class Member Relief:  Settlement Fund</u>

The proposed settlement establishes a non-reversionary $3,000,000 Settlement Fund, which will be used to pay: (1) cash settlement awards to eligible Settlement Class Members; (2) notice and administration costs (estimated at under approximately $250,000); (3) a Court-approved attorney's fees of up to $1,000,000, and actual out-of-pocket costs of up to $10,000; and (4) a Court-approved incentive award to Plaintiff of up to $20,000.  (Agr. § II.4.)

Each Settlement Class Member who submits a timely and valid claim form will receive a *pro rata* share of the Settlement Fund after the deduction of the amount for notice and administration costs, attorney's fees and costs, and any incentive award.  (Agr. § II.4.e.)  Because the amount Settlement Class Members will receive depends upon how many valid claim forms are submitted, the final cost of notice and administration, and the amount the Court determines as to fees/costs and incentive award, the amount each Settlement Class Member will eventually receive cannot be determined with any measure of precision at this time.  However, if one assumes that 5% of the Settlement Class will submit valid claims,[1] and that the Court awards the amounts requested by counsel for fees and costs and an incentive award, individual Settlement

---

[1]      "'[T]he prevailing rule of thumb with respect to consumer class actions is [a claims rate of] 3–5 percent.'" *Forcellati v. Hyland's, Inc.*, No. 12-1983, 2014 WL 1410264, at *6 (C.D. Cal. Apr. 9, 2014) (quoting *Ferrington v. McAfee, Inc.*, No. 10-01455, 2012 WL 1156399, at *4 (N.D. Cal. Apr. 6, 2012)).

Class Member recovery under the settlement would be approximately $118,[2] which compares favorably with other settlements. *In re Capital One TCPA Litig.*, --- F. Supp. 3d ----, 2015 WL 605203 (N.D. Ill. Feb. 12, 2014) (granting final approval to TCPA settlement with extensive analysis, including review of data concerning perhaps every TCPA settlement approved in federal court, to date). The settlement does not permit any Settlement Class Member to receive more than $500 per cell phone number on the Class List, the amount generally afforded under the TCPA per violation, *see* 47 U.S.C. § 227(b)(3), except through a second distribution of any uncashed settlement checks or other undistributed amounts, to the extent administratively feasible after the initial distribution . (Agr. §§ II.4.e, II.9, II.15.)

      2.    <u>Class Representative Service Award</u>

If approved by the Court, Plaintiff will receive an incentive award of $20,000 from the Settlement Fund.  (Agr. § II.4.b.)  This award will compensate Plaintiff for his time and effort and for the risk he undertook in prosecuting this case.

      3.    <u>Attorneys' Fees and Costs</u>

Before the hearing on final approval of the settlement, Settlement Class Counsel will apply to the Court for an award of attorneys' fees in the amount of $1,000,000, plus actual out-of-pocket costs of up to $10,000. (Agr. § II.4.c.) As Settlement Class Counsel will address in their fee application, an award of attorneys' fees and costs will compensate Settlement Class Counsel for the work already performed in relation to the settled claims, as well as the remaining work to be performed in documenting the settlement, securing Court approval of the settlement, making sure the settlement is fairly implemented, and obtaining dismissal of the action.

---

[2]      ($3,000,000 Settlement Fund - $250,000 estimated notice and claims administration costs - $1,000,000 requested attorneys' fees - $10,000 maximum out-of-pocket attorneys' costs - $20,000 requested incentive award) ÷ (approximately 291,000 Settlement Class Members x 5%) = $118.21

4.      Remaining Funds

Any amount remaining in the Settlement Fund after paying all claims, notice and administration costs, attorneys' fees and costs, and any incentive award, will be redistributed to valid claimants, if administratively feasible (i.e., checks would exceed $1.99 after administrative costs). (Agr. § II.15); *see In re BankAmerica Corp. Sec. Litig.*, 775 F.3d 1060, 1064 (8th Cir. 2015). Any amounts left over after redistributions would be provided to a Court-approved *cy pres* recipient.  (Agr. § II.9.)  The parties propose the Electronic Privacy Information Center ("EPIC"), an organization dedicated to advocacy in favor of consumer privacy. (Agr. § II.9.) It is anticipated that the only remaining funds will be uncashed checks.

**C.      Notice and Settlement Administration**

All costs of notice and claims administration will be paid from the Settlement Fund. (Agr. § II.4.d.)  The parties have agreed upon, and propose that the Court approve, the nationally-recognized class action administration firm Dahl Administration, LLC to be the Class Administrator (Agr. § I.3.a), and implement the notice program and administer the settlement, subject to review by counsel.  The Class Administrator's duties will include:  (1) establishing and administering an Escrow Account for the Settlement Fund; (2) issuing notice of the settlement and a claim form to Settlement Class Members via U.S. Mail; (3) setting up and maintaining a settlement website through which persons in the Settlement Class can receive information regarding the Settlement, download key documents, and submit a claim online; (4) responding to inquiries regarding the claims process from persons in the Settlement Class; (5) approving or rejecting claims; and (6) issuing settlement payments.  (Agr. §§ II.5, II.9, II.14, II.15.)

The Class Administrator will send the class notice and a claim form—attached as Exhibits 1 and 2 to the Settlement Agreement, respectively—to the addresses identified through

the Call List in the records of Defendant and/or obtained by Settlement Class Counsel. (Agr. § II.14.) The Class Administrator will also establish an interactive website, which may also post for download the class notice and claim form, the settlement agreement, and the preliminary approval order. (Agr. § II.14.) Claim forms may be submitted directly through the settlement website, as well as by mail or facsimile. (Agr. § II.14, Ex. 1.)

**D.      Opt-Out and Objection Procedures**

Persons in the Settlement Class will have an opportunity to exclude themselves from the Settlement or object to its approval. (Agr. §§ II.16-17.) The procedures and deadlines for filing opt-out requests and objections will be conspicuously listed in the notices and on the settlement website. (*See* Agr. at Ex. 1.) With regard to objections, the class notice informs Settlement Class Members that they will have an opportunity to appear and have their objections heard by this Court at a final approval hearing. (Agr. at Ex. 1.) The class notice also informs Settlement Class Members that they will be bound by the release contained in the Settlement Agreement unless they timely exercise their opt-out right. (Agr. at Ex. 1.)

**E.      Release**

The release is appropriately tailored to the claims raised in the case. In exchange for settlement benefits, Plaintiff and Settlement Class Members will release Defendant and its parents, subsidiaries, affiliates, predecessors, and successors-in-interest—and those entities' past and current officers, directors, shareholders, partners, members, employees, agents, and insurers (in such capacities as they relate to the actions that are the subject of this Litigation)—for alleged violations of the TCPA, or any similar state law, based upon the use of an automatic telephone dialing system or an artificial or prerecorded voice. (Agr. §§ I.3.d-e, II.10-11.)

## IV. ARGUMENT

**A.    The Settlement Approval Process**

Federal courts strongly favor and encourage settlements, particularly in class actions and other complex matters, where the inherent costs, delays, and risks of continued litigation might otherwise overwhelm any potential benefit the class could hope to obtain.  *Armstrong v. Bd. of Sch. Dirs. of the City of Milwaukee*, 616 F.2d 305, 312–13 (7th Cir. 1980) (noting "[i]n the class action context in particular there is an overriding public interest in favor of settlement") (citations, quotations, and internal marks omitted), *overruled on other grounds by Felzen v. Andreas*, 134 F.3d 873 (7th Cir. 1998); *Isby v. Bayh*, 75 F.3d 1191, 1196 (7th Cir. 1996) ("Federal courts naturally favor the settlement of class action litigation."); *see also* 4 Herbert B. Newberg & Alba Conte, *Newberg on Class Actions* ("Newberg") § 11:41 (4th ed. 2002) (citing cases).  The traditional means for handling claims like those at issue here—individual litigation—would unduly tax the court system, require a massive expenditure of public and private resources and, given the relatively small value of the claims of the individual Settlement Class Members, would be impracticable.  Thus, the proposed settlement is the best vehicle for Settlement Class Members to receive relief in a prompt and efficient manner.

A court may approve a class action settlement if it is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2).  A proposed class settlement is presumptively fair where it "is the product of arm's length negotiations, sufficient discovery has been taken to allow the parties and the court to act intelligently, and counsel involved are competent and experienced."  Newberg § 11.41; *Am. Int'l Grp., Inc. v. ACE INA Holdings.*, Nos. 07-2898, 09-2026, 2012 WL 651727, at *2 (N.D. Ill. Feb. 28, 2012) ("A presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable

8

counsel after meaningful discovery.") (quotation and internal citation omitted).

Approval of a class action settlement is a two-step process. *Armstrong*, 816 F.2d at 314. At the preliminary approval stage, the question for this Court is whether the settlement falls "within a range of possible approval" and therefore warrants dissemination of notice apprising class members of the proposed settlement. *Id.* If the district court preliminarily approves a class action settlement, it then proceeds to the second step in the review process – the fairness hearing. *Id.*; *Manual for Complex Litig.* § 21.633 (4th ed. 2004).

To evaluate fairness at the preliminary approval stage, courts consider the following factors: (1) the strength of the case for plaintiff on the merits, balanced against the amount offered in settlement; (2) the complexity, length and expense of the litigation; (3) the presence of collusion in reaching a settlement; and (4) the stage of the proceedings and the amount of discovery completed. *Synfuel Techs., Inc.*, 463 F.3d at 653; *see also Armstrong*, 616 F.2d at 314; *Isby*, 75 F.3d at 1199.

As set forth in the following, the settlement here warrants preliminary approval so that persons in the Settlement Class can be notified of the settlement and provided an opportunity to voice approval or opposition.

**B.      The Settlement Merits Preliminary Approval**

1.      <u>The Proposed Settlement Provides Substantial Relief to the Settlement Class Particularly in Light of the Uncertainty of Prevailing on the Merits.</u>

a.      *Benefits to the Class*

"The most important factor relevant to the fairness of a class action settlement is the first one on the list:  the strength of the plaintiffs' case on the merits balanced against the amount offered in the settlement." *Synfuel Techs., Inc.*, 463 F.3d at 653.  Nevertheless, "[b]ecause the

essence of settlement is compromise, courts should not reject a settlement solely because it does not provide a complete victory to plaintiffs." *In re AT&T Mobility Wireless Data Servs. Sales Litig.*, 270 F.R.D. 330, 347 (N.D. Ill. 2010) (citations omitted).

The Settlement Agreement requires Defendant to pay $3,000,000 into the Settlement Fund, out of which eligible claimants will receive a cash payment, as set forth in the Settlement Agreement. (Agr. §§ II.4.a, II.4.e.) Although the precise amount of each Settlement Class Member's award cannot be determined until all claims have been submitted, if 5% of the Settlement Class submits valid, timely claims and the Court approves the other requested terms, claiming Settlement Class Members will receive approximately $118 each.

Plaintiff acknowledges that the $3,000,000 Settlement Fund does not constitute the full measure of statutory damages potentially available to Settlement Class Members, who theoretically could recover $500, or up to $1,500, in statutory damages for each violation of the TCPA if they were to prevail in litigation. *See* 47 U.S.C. § 227(b)(3) (permitting $500 in statutory damages for each TCPA violation, or up to $1,500 for "willful" violations). This fact alone, however, should not weigh against preliminary approval. "Because settlement of a class action, like settlement of any litigation, is basically a bargained exchange between the litigants, the judiciary's role is properly limited to the minimum necessary to protect the interests of the class and the public. Judges should not substitute their own judgment as to optimal settlement terms for the judgment of the litigants and their counsel." *Armstrong*, 616 F.2d at 315.

b.      *The Strength of Plaintiff's Case*

Plaintiff continues to believe that his claims against Defendant have merit, and that he could make a compelling case if his claims were tried. Nevertheless, Plaintiff and the Settlement Class would face a number of difficult challenges if the litigation were to continue.

For one, Defendant has consistently argued that class certification is not appropriate because the individualized question of whether a particular class member consented will predominate at trial. "Courts are split on whether the issue of individualized consent renders a TCPA class uncertifiable on predominance and ascertainability grounds, with the outcome depending on the specific facts of each case." *Chapman v. First Index, Inc.*, No. 09-5555, 2014 WL 840565, at *2 (N.D. Ill. Mar. 4, 2014) (citing cases). For example, in *Savanna Group, Inc. v. Trynex, Inc.*, No. 10-7995, 2013 WL 66181, at *3 (N.D. Ill. Jan. 4, 2013), the court granted class certification and rejected the defendant's argument that questions of consent caused individual issues to predominate, noting that the defendant had not offered evidence tending to show that any particular class member consented to the faxes at issue. On the other hand, in *G.M. Sign, Inc. v. Brinks Mfg. Co.*, No. 09-5528, 2011 WL 248511, at *8 (N.D. Ill. Jan. 25, 2011), the court declined to certify a class, finding that the defendant offered evidence illustrating that consent could not be shown with common proof. If Defendant were able to present convincing facts to support its position, there is a risk that the Court would decline to certify the class, leaving only the named Plaintiff to pursue his individual claims.

In addition, at least some courts view awards of aggregate, statutory damages with skepticism and reduce such awards — even after a plaintiff has prevailed on the merits — on due process grounds. *See, e.g., Aliano v. Joe Caputo & Sons – Algonquin, Inc.*, No. 09-910, 2011 WL 1706061, at *4 (N.D. Ill. May 5, 2011) ("[T]he Court cannot fathom how the minimum statutory damages award for willful FACTA violations in this case — between $100 and $1,000 per violation — would not violate Defendant's due process rights …. Such an award, although authorized by statute, would be shocking, grossly excessive, and punitive in nature."); *but see Phillips Randolph Enters., LLC v. Rice Fields*, No. 06-4968, 2007 WL 129052, at *3 (N.D. Ill.

11

Jan. 11, 2007) ("Contrary to [defendant's] implicit position, the Due Process clause of the 5th Amendment does not impose upon Congress an obligation to make illegal behavior affordable, particularly for multiple violations.").

Finally, there is a risk of losing a jury trial, and in particular, the issue of whether Defendant may be held vicariously liable for the calls at issue, which were made by a vendor Defendant contends was not authorized to make such calls. And, even if Plaintiff did prevail at trial, any judgment could be reversed on appeal. By contrast, the settlement provides substantial relief to Settlement Class Members without delay and is within the range of reasonableness, particularly in light of the above risks that Settlement Class Members would face in litigation.

2.      Continued Litigation Is Likely to Be Complex, Lengthy, and Expensive.

Litigation would be lengthy and expensive if this action were to proceed. Although the parties have commenced formal discovery and have engaged in significant informal discovery, extensive motion work, including plaintiff's motion for class certification, remains. The parties also likely will need to retain experts to analyze the applicable call data. Realistically, it could be at least a year before the case would proceed to trial. The appeals process may further delay any judgment in favor of Settlement Class Members. The settlement avoids these risks and provides immediate and certain relief. *See, e.g., Schulte v. Fifth Third Bank*, 805 F. Supp. 2d 560, 586 (N.D. Ill. 2011) (citation omitted) ("Settlement allows the class to avoid the inherent risk, complexity, time, and cost associated with continued litigation.").

3.      The Settlement Resulted from Extensive, Arm's-Length Negotiations and Is Not the Result of Collusion.

The requirement that a settlement be fair is designed to prevent collusion among the parties. *Mars Steel Corp. v. Cont'l Ill. Nat'l. Bank & Trust Co. of Chicago*, 834 F. 2d 677, 684

12

(7th Cir. 1987) (approving settlement upon a finding of no "hanky-panky" in negotiations). There is an initial presumption that a proposed settlement is fair and reasonable when it was the result of arm's-length negotiations. Newberg, *supra*, § 11:42; *see also Am. Int'l Grp.*, 2012 WL 651727, at *10.

Here, the proposed settlement was hotly negotiated over a year of contentious litigation— including after the largely successful defense of a motion to dismiss (Dkt. No. 23)—and only after a formal mediation and significant back-and-forth between the parties. Plaintiff's counsel is particularly experienced in the litigation, certification, trial, and settlement of nationwide class action cases, particularly under the TCPA. (*See* Burke Decl. ¶¶ 2-11.) In negotiating this settlement, proposed Settlement Class Counsel had the benefit of years of experience with class actions in general and a familiarity with the facts of this case in particular. *Id.* An experienced mediator, the Honorable Morton Denlow (Ret.) of JAMS, participated actively throughout the negotiation process. (Burke Decl. ¶ 13.) The fact that Plaintiff achieved an excellent result for the Settlement Class despite facing significant procedural and substantive hurdles is a testament to the non-collusive nature of the proposed settlement.

4.      The Stage of the Proceedings and the Amount of Discovery Completed Supports Preliminary Approval.

The parties have engaged in substantial, substantive discovery, permitting a thorough analysis of the factual and legal issues involved in this matter. (Burke Decl. ¶ 12.) Settlement negotiations have been prolonged and hard-fought, spanning over a year. Before the first mediation, the Parties provided the mediator with extensive written analyses of the factual and legal issues involved with the case. (Burke Decl. ¶ 13.) As negotiations progressed, the Parties provided Judge Denlow with updates and additional analyses. (Burke Decl. ¶ 13.) Counsel's

thorough legal and factual analyses informed the settlement.  (Burke Decl. ¶ 13.)

**C.**     **Plaintiff's Requested Fees Are Reasonable.**

Proposed Settlement Class Counsel will seek an award not to exceed one-third of the settlement fund, or $1,000,000, in connection with this settlement.  Plaintiff's fee request was negotiated only after the substantive terms of the Settlement Agreement were agreed upon.  (Agr. §§ II.4.c, II.13.)

The requested fee is reasonable under the circumstances of this case.  In the Seventh Circuit, "courts must do their best to award counsel the market price for legal services, in light of the risk of nonpayment and the normal rate of compensation in the market at the time."  *In re Synthroid Mktg. Litig.*, 264 F.3d 712, 718 (7th Cir. 2001) (citing cases).  Proposed Settlement Class Counsel has achieved an excellent result for the Settlement Class.  The settlement creates a non-reversionary Settlement Fund of $3,000,000, the majority of which will be distributed as monetary awards to Settlement Class Members.  Further, although Settlement Class Counsel was confident in the ability to succeed at class certification and at trial, success was by no means guaranteed, especially considering Defendant's substantial opposition and the complexity of the issues involved.  Because Settlement Class Counsel agreed to prosecute this case on contingency with no guarantee of ever being paid, counsel faced substantial risk if they proceeded to trial.  Finally, the fee is in line with those approved in other class action cases in this district.  *See Pearson v. NBTY, Inc.*, 772 F.3d 778, 782 (7th Cir. 2014) ("[A]ttorneys' fees awarded to class counsel should not exceed a third or at most half of the total amount of money going to class members and their counsel.").

Perhaps most persuasive, the requested fee is directly in line with the "market rate" for attorney's fees in TCPA class actions, as determined by Judge Holderman in *In re Capital One*

14

*Telephone Consumer Protection Act Litigation*, --- F. Supp. 3d ----, 2015 WL 605203, at * 9-19

(N.D. Ill. Feb. 12, 2014) (finding that the risk-adjusted market rate for fees in TCPA cases of this

size is 30%, and adding a 6% risk multiplier for a total of 36% of the settlement fund).  In any

event, prior to final approval, Settlement Class Counsel will file a separate motion for an award

of attorney's fees and costs, addressing in greater detail the facts and law supporting their fee

request in light of all of the relevant facts.

**D.      The Requested Incentive Award Is Reasonable.**

Service awards for class representatives like the one requested here are proper.  Such

awards, which serve as premiums in addition to any claims-based recovery from the settlement,

promote the public policy of encouraging individuals to undertake the responsibility of

representative lawsuits.  *See Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998) (approving

incentive award of $25,000); *see also* Manual for Complex Litig. § 21.62, n. 971 (incentive

awards may be "merited for time spent meeting with class members, monitoring cases, or

responding to discovery").  Such awards are generally proportional to the representative's losses

or claims, and can range from several hundred dollars to many thousands of dollars.

Here, Plaintiff's requested incentive award of $20,000 makes sense.  Unlike unnamed

persons in the Settlement Class, who will enjoy the benefits of the representative's efforts

without taking any personal action, Plaintiff exposed himself to Defendant's investigation,

responded to discovery, committed himself to all the rigors of litigation in the event the case did

not settle, and subjected himself to all the obligations of a named party.

**E.      The Proposed Class Notice Satisfies Due Process.**

Rule 23(e)(1) requires the Court to "direct notice in a reasonable manner to all class

members who would be bound by" a proposed settlement.  Fed. R. Civ. P. 23(e)(1); *see also*

Manual for Complex Litig., *supra*, at § 21.312. The best practicable notice is that which is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). According to the Manual for Complex Litigation, a settlement notice should do the following:

- Define the class;

- Describe clearly the options open to the class members and the deadlines for taking action;

- Describe the essential terms of the proposed settlement;

- Disclose any special benefits provided to the class representatives;

- Indicate the time and place of the hearing to consider approval of the settlement, and the method for objecting to or opting out of the settlement;

- Explain the procedures for allocating and distributing settlement funds, and, if the settlement provides different kinds of relief for different categories of class members, clearly set out those variations;

- Provide information that will enable class members to calculate or at least estimate their individual recoveries; and

- Prominently display the address and phone number of class counsel and the procedures for making inquiries.

The proposed notice, attached as Exhibit 1 to the Settlement Agreement ("Class Notice"), satisfies all of the above criteria. The Class Notice is clear, straightforward, and provides persons in the Settlement Class with enough information to evaluate whether to participate in the settlement. The Class Notice therefore satisfies the requirements of Rule 23. *See F.C.V., Inc. v. Sterling Nat'l. Bank*, 652 F. Supp. 2d 928, 944 (N.D. Ill. 2009) (Rule 23(b)(3) class) (citing *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 808 (1985)) (explaining that a settlement notice must provide settlement class members with an opportunity to present their objections to the

16

settlement).

The Settlement Agreement provides for direct notice via U.S. Mail to the best known address for each member of the Settlement Class, based on records obtained through discovery by Plaintiff's counsel, as modified by Defendant and agreed by the parties. (Agr. § II.14.) To supplement this notice, the Settlement Agreement provides for creation of an interactive website where Settlement Class Members may obtain copies of settlement documents and submit claims. (Agr. Terms § II.14.)

This notice plan satisfies due process especially because Rule 23 does not require that each potential class member receive actual notice of the class action. A court must simply make certain that class members receive "the best practicable notice that is: 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *F.C.V., Inc.*, 652 F. Supp. 2d at 944 (Rule 23(b)(3) class) (quoting *Shutts*, 472 U.S. at 808).

All in, the notice plan constitutes the best notice practicable under the circumstances, provides due and sufficient notice to the Settlement Class, and fully satisfies the requirements of due process and Federal Rule of Civil Procedure 23.

**F.    The Court Should Grant Class Certification for Settlement Purposes.**

For settlement purposes only, Plaintiff respectfully requests that the Court provisionally certify the Settlement Class defined in the Settlement Agreement as:

> All persons nationwide whose cell phone the Released Parties or someone on behalf of the Released Parties called (with or without the knowledge or consent of the Released Parties) using a device that has the capacity to dial numbers without human intervention, where any call was made between and including September 25, 2009 and April 24, 2015.

The Settlement Class is limited to persons associated with the approximately

17

291,000 cell phone numbers identified by the parties as having been called using an automatic telephone dialing system or an artificial or prerecorded voice (the "Call List").

(Agr. § I.3.f.)  As detailed below, the Settlement Class meets all of the applicable certification requirements.

1. The Rule 23(a) Factors Are Met

a. *The Class Is Sufficiently Numerous and Joinder Is Impracticable.*

"Although there is no bright line test for numerosity, a class of forty is generally sufficient to satisfy Rule 23(a)(1)."  *See, e.g.*, *McCabe v. Crawford & Co.*, 210 F.R.D. 631, 643 (N.D. Ill. 2002) (citations and internal marks omitted).  Here, the parties have identified approximately 291,000 unique cell phone numbers called, which represent persons in the Settlement Class.  The large number of Settlement Class Members, coupled with their geographic disbursal throughout the country, renders joinder impracticable.  *See, e.g., Randolph v. Crown Asset Mgmt., LLC*, 254 F.R.D. 513, 517 (N.D. Ill. 2008) (joining hundreds of claims impracticable where claimants are "widely scattered" and the amount in controversy is small).

b. *The Settlement Class Shares Many Common Issues of Law and Fact.*

The commonality requirement of Rule 23(a)(2) is satisfied because there are many questions of law and fact common to the Settlement Class that focus on Defendant's common practice of causing calls to be made using an automatic dialing system to persons in the settlement on their cell phones.  *See Reliable Money Order, Inc., v McKnight Sales Co.*, 218 F.R.D. 327, 332-33 (E.D. Wis. 2012) (finding commonality requirement satisfied where class members all alleged they received faxes in violation of the TCPA and the events surrounding the transmission of each fax were identical); *Bridgeview Heath Care Ctr. Ltd. v. Clark*, No. 09-5601, 2011 WL 4628744, at *5 (N.D. Ill. Sept. 30, 2011) (finding commonality satisfied in TCPA class

18

where the same evidence concerning the defendant's advertising campaign applied to plaintiffs' and class members' claims). Here, common issues of fact and law include: (1) whether the equipment used to make the challenged calls constitutes an automatic telephone dialing system, (2) whether there was valid prior express consent before the calls to class members' cellular telephones were made; and (3) damages, including whether the alleged violations were willful or knowing. Because persons in the Settlement Class here all suffered the same injury and are generally subject to the same defenses, commonality is satisfied.

> c.     *Plaintiff's Claims Are Typical of the Settlement Class.*

Typicality exists where the claim involves the same "event, practice or course of conduct that gives rise to the claim of the other class members, and if the claims are based on the same legal theory." *Parker v. Risk Mgmt. Alts., Inc*., 206 F.R.D. 211, 212 (N.D. Ill. 2002). Here, Plaintiff's claims are based on Defendant's systematic use of automated calls to cell phones. Because Plaintiff's claims arise from the same course of conduct, typicality is satisfied.

> d.     *Plaintiff and His Counsel Are Adequate Representatives.*

Adequacy requires the representative of a class to provide fair and adequate representation of the class. Fed. R. Civ. P. 23(a)(4). To satisfy the adequacy requirement, (1) the representative cannot have interests antagonistic to the class; (2) the representative must have a sufficient interest in the outcome of the litigation; and (3) counsel for the representative must have appropriate experience, qualifications, and competency. *Sledge v. Sands*, 182 F.R.D. 255, 259 (N.D. Ill. 1998); *Gammon v. GC Servs. Ltd. P'ship*, 162 F.R.D. 313, 317 (N.D. Ill. 1995).

Here, Plaintiff has no interests that are antagonistic to or in conflict with persons in the Settlement Class he seeks to represent, and has a substantial interest in the outcome of this action, since Plaintiff received the same allegedly unlawful calls that other persons in the

Settlement Class received. *See Amchem Prods. v. Windsor*, 521 U.S. 591, 625–26 (1997) (courts look simply at whether the representatives' interests are in any way antagonistic to or in conflict with those of the class). In addition, Settlement Class Counsel is an active practitioner with substantial experience in consumer and class action litigation, including cases under the TCPA similar to this one. (Burke Decl. ¶¶ 2-11.) The requirements of Rule 23(a) therefore are satisfied.

        2.    <u>The Rule 23(b)(3) Factors Are Satisfied.</u>

Rule 23(b)(3)'s predominance requirement tests whether proposed classes are "sufficiently cohesive to warrant adjudication by representation." *Butler v. Sears, Roebuck & Co.*, 727 F.3d 796, 801 (7th Cir. 2013) (quoting *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 623 (1997)). Predominance is satisfied so long as individual issues do not "overwhelm" common issues. *Id.* (quoting *Amgen Inc. v. Conn. Retirement Plans & Trust Funds*, 133 S. Ct. 1184, 1196 (2013)). Common issues predominate here because the central liability question— *i.e.*, whether Defendant caused autodialed calls to consumers' cell phones to be made without consent—can be established through generalized evidence. *See Sadowski v. Med1 Online, LLC*, No. 07-2973, 2008 WL 2224892, at *4 (N.D. Ill. May 27, 2008) (finding common issues such as "how numbers were generated from Defendant's database" and whether sending unsolicited faxes "violated the TCPA" predominated over individualized defenses and damages issues).

Because the claims are being certified for purposes of settlement, there are no issues with manageability. *Amchem*, 521 U.S. at 620 ("Confronted with a request for settlement-only certification, a district court need not inquire whether the case, if tried, would present intractable management problems … for the proposal is that there be no trial."). Additionally, resolution of hundreds of thousands of claims in one action is far superior to individual lawsuits and promotes

consistency and efficiency of adjudication.  *See Butler*, 727 F.3d at 801 (noting that "the more claimants there are, the more likely a class action is to yield substantial economies in litigation") (quoting *Carnegie v. Household Int'l, Inc.*, 376 F.3d 656, 661 (7th Cir. 2004)).  Thus, certification for purposes of settlement is appropriate.

## G.    Scheduling a Final Approval Hearing Is Appropriate.

The last step in the settlement approval process is a final approval hearing at which the Court may hear all evidence and argument necessary to make its settlement evaluation. Proponents of the settlement may explain the terms and conditions of the Settlement Agreement, and offer argument in support of final approval.  The Court will determine after the final approval hearing whether the settlement should be approved, and whether to enter a final order and judgment under Rule 23(e).  Plaintiff requests that the Court set a date for a hearing on final approval at the Court's convenience, but no earlier than 105 days after preliminary approval, and schedule further settlement proceedings pursuant to the schedule set forth below:

| Action | Date |
|---|---|
| Preliminary Approval Order Entered | At the Court's Discretion |
| Notice Deadline | Within 40 days following entry of Preliminary Approval Order |
| Class Counsel's Fee Motion Submitted | 21 days before Objection Deadline |
| Exclusion/Objection Deadline | 50 days after Notice Deadline |
| Deadline to Submit Claims | 60 days after Notice Deadline |
| Final Approval Brief and Response to Objections Due | At least 7 days prior to the Final Approval Hearing |
| Final Approval Hearing | No earlier than 65 days after Notice Deadline |

| ACTION | DATE |
|---|---|
| Final Approval Order Entered | At the Court's Discretion |

## V. CONCLUSION

The proposed class action settlement is fair, reasonable, adequate, and well within the

permissible range of possible judicial approval.  It should, therefore, be approved in all respects.

Respectfully submitted,

NICHOLAS MARTIN, on behalf of
himself and others similarly situated

Dated:    April 27, 2015

/s/Alexander H. Burke
Counsel for Plaintiff and the
Putative Settlement Class

## BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com
www.BurkeLawLLC.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2015, I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system, which will send a notice of electronic filing to defendant JTX Tax, Inc.'s following counsel of record.

> Jason P. Britt
> Martin J. Bishop
> Rebecca R. Hanson
> FOLEY & LARDNER
> 321 N. Clark St., Suite 2800
> Chicago, IL 60654
> jbritt@foley.com
> mbishop@foley.com
> rhanson@foley.com

　　　　　　　　　　　　　　　　　　　　　　*/s/ Alexander H. Burke*
　　　　　　　　　　　　　　　　　　　　　　Counsel for Plaintiff

# Exhibit A

### UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| NICHOLAS MARTIN on behalf of himself and others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:13-cv-6923 |
| vs. | ) ) | Hon. Manish S. Shah |
| JTH TAX, INC., d/b/a LIBERTY TAX SERVICE, | ) ) ) | |
| Defendant. | ) | |

## SETTLEMENT AGREEMENT AND RELEASE

## I. RECITALS AND DEFINITIONS

1.  <u>Parties</u>. Defendant JTH Tax, Inc. ( "Defendant") and Plaintiff Nicholas Martin ("Plaintiff") individually and as representative of the settlement class defined below (the "Settlement Class"), enter into this Settlement Agreement ("Settlement Agreement").

2.  <u>Nature of Litigation</u>. On September 25, 2013, Plaintiff filed a class action complaint captioned *Nicholas Martin v. JTH Tax, Inc.*, Case No. 13-cv-6923, in the United States District Court for the Northern District of Illinois (the "Litigation"). Plaintiff alleges that Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA") by placing phone calls to his cellular phone via autodialer without his consent. Defendant denies any wrongdoing on its part.

3.  <u>Definitions</u>

a.  "Class Administrator" means Dahl Administration, LLC, a third-party administrator selected by the parties to administer this settlement and who

1

is being reimbursed for services through the Settlement Fund, as that phrase is used in Section 5 below.

b.  "Class Period" means the period September 25, 2009 through and including the date of this Settlement Agreement.

c.  "Defendant's Counsel" means Foley & Lardner, LLP and its attorneys. Any notice or other communications with Defendant's Counsel under this Settlement Agreement shall be directed to Rebecca R. Hanson, at the address and e-mail address listed below.

d.  "Released Claims" means any and all causes of action, suits, claims, or demands, in law or in equity, known or unknown, which Plaintiff and Settlement Class Members may have against any one or all of the Released Parties for alleged violations of the TCPA or any similar state law based upon the use of an automatic telephone dialing system or an artificial or prerecorded voice, which has accrued at any time before the date of filing the motion for preliminary approval in this matter.

e.  "Released Parties" means Defendant and its parents, subsidiaries, affiliates, predecessors and successors in interest, and all of those entities' past and current officers, directors, shareholders, partners, members, employees, agents and insurers, in such capacities as they relate to the actions that are the subject of the Litigation. The Parties expressly agree that all of these persons and entities that are not parties to this Settlement Agreement are intended third-party beneficiaries of this Settlement Agreement. Notwithstanding any language in this Settlement Agreement

2

to the contrary, no release in this Settlement Agreement has any impact on any claim that Defendant may have against Zee Calls, LLC or Executive Boutique PH, Inc., or any other third party who has made unauthorized calls purportedly on behalf of Defendant, or any officer, director, shareholder, partner, member, employee, agent, or insurer of Zee Calls, LLC, Executive Boutique PH, Inc., or any such other third party.

f.  "Settlement Class" means a class defined as follows: All persons nationwide whose cell phone the Released Parties or someone on behalf of the Released Parties called (with or without the knowledge or consent of the Released Parties) using a device that has the capacity to dial numbers without human intervention, where any call was made between and including September 25, 2009 and the date of this Settlement Agreement. The Settlement Class is limited to persons associated with the approximately 291,000 cell phone numbers identified by the parties as having been called using an automatic telephone dialing system or an artificial or prerecorded voice. (the "Call List")

g.  "Settlement Class Counsel" means Burke Law Offices, LLC and its attorneys.  Any notice or other communications with Settlement Class Counsel under this Settlement Agreement shall be directed to Alexander H. Burke, at the address and e-mail address listed below.

h.  "Settlement Class Member(s)" means Plaintiff and any member of the Settlement Class who is not excluded from the Settlement Class pursuant to the terms of this Settlement Agreement.

3

4.    Denial of Liability.  The Released Parties deny violating the TCPA and any other federal or state law and deny any liability to Plaintiff and the Settlement Class.  The Released Parties enter into this Settlement Agreement solely to avoid the expense, burden, and uncertainty of further litigation, and to put to rest all Released Claims.

5.    Plaintiff's Desire to Settle.  Plaintiff, individually and on behalf of the Settlement Class, desires to settle his claims against Defendant, having taken into account through Plaintiff's counsel the risks, delay, and difficulties involved in establishing a right to recovery in excess of the substantial amount to be paid pursuant to this Settlement Agreement and the likelihood that further litigation will be protracted and expensive.  Plaintiff represents and warrants that he subscribed to the cellular telephone number that received the calls alleged in the Complaint filed in the Litigation.

6.    Investigation.  Settlement Class Counsel has investigated the facts and the applicable law.  Based on this investigation, and upon an analysis of the substantial benefits afforded by this Settlement Agreement, Settlement Class Counsel considers it to be in the best interest of the Settlement Class to enter into this Settlement Agreement.

7.    Agreement.  In consideration of the foregoing, Plaintiff, Settlement Class Counsel, and Defendant agree to settle the claims of the Plaintiff and the Settlement Class, subject to the Court's approval, on the following terms and conditions.

## II. TERMS

1.    Incorporation of Recitals and Definitions.  The recitals and definitions set forth above are incorporated into this Settlement Agreement.

2.    Effective Date.  This Settlement Agreement shall become effective (hereinafter the "Effective Date") upon the expiration of five (5) business days from the date upon which the Final Approval Order becomes final, which shall be (1) the date on which any

4

and all appeals of the Final Approval Order are resolved in a manner that upholds the Final Approval Order, or (2) if no appeal of the Final Approval Order is filed, the expiration of five (5) business days after the last date by which an appeal of the Final Approval Order could have been commenced. If there is an appeal from the Final Approval Order, Plaintiff's and Defendant's obligations under this Settlement Agreement, including, without limitation, payments to Settlement Class Members and payment of any award of attorneys' fees, costs, and expenses shall not commence unless and until all appellate proceedings are fully and finally resolved in a manner that upholds the Final Approval Order and this Settlement Agreement becomes effective.

   3. <u>Certification of Settlement Class</u>. Solely for the purposes of settlement, the parties stipulate to the certification of the Settlement Class. Plaintiff shall be appointed class representative and Alexander H. Burke of Burke Law Offices, LLC shall be appointed Settlement Class Counsel. The Settlement Class shall be certified pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure. Defendant does not consent to certification of the Settlement Class for any purpose other than to effectuate this settlement of the Litigation. If this Settlement Agreement is not approved by the Court or is terminated pursuant to its terms or for any other reason, or is disapproved in a final order by any court of competent jurisdiction, then (a) any order certifying the Settlement Class and all preliminary and/or final findings or stipulations regarding certification of the Settlement Class shall be automatically vacated upon notice to the Court of this Settlement Agreement's termination or disapproval; (b) this Litigation will proceed as though the Settlement Class had never been certified and any related findings or stipulations had never been made and neither this Settlement Agreement, nor any of its Exhibits, nor any other associated settlement document may be used in seeking class certification; and (c)

all parties reserve all procedural or substantive rights as of the date of execution of this Settlement Agreement.

      4.    <u>Relief to Plaintiff and the Settlement Class</u>. The following relief shall be provided to Plaintiff and the Settlement Class, subject to the Court's approval:

      a.    Defendant shall fund the creation of a $3,000,000.00 Settlement Fund ("Settlement Fund") which shall be distributed as set forth in this Paragraph 5 and in Paragraph 10; Defendant is only responsible for a total payment of $3,000,000.00 under this Settlement Agreement;

      b.    $20,000 shall be paid from the Settlement Fund to Plaintiff as an incentive award in recognition of its services as Class Representative, subject to Court Approval;

      c.    Settlement Class Counsel shall request Court approval for one-third of the Settlement Fund ($1,000,000), for attorney's fees, and will petition for actual out-of-pocket costs not to exceed $10,000;

      d.    All notice and administration expenses will be paid from the Settlement Fund; and

      e.    Each Settlement Class Member who submits a valid claim form will receive a check for its *pro rata* share of the Settlement Fund, after the amounts set forth in subsections (b), (c), (d) and any award of costs are paid. Each Settlement Class Member is entitled to one settlement share for each cellular phone number to which he or she subscribed that appears on the Call List. The value of a settlement share shall be calculated by subtracting from the Settlement Fund the amounts paid to Plaintiff

6

pursuant to subsection (b) of this paragraph, to Settlement Class Counsel pursuant to subsection (c), and for notice and administration expenses pursuant to subsection (d) and then dividing the remaining balance in the Settlement Fund by the number of settlement shares on the valid claims submitted. In no event, however, may the value of a settlement share be greater than $500 per phone number on the Call List. Any amounts in the Settlement Fund in excess of $500 per settlement share shall be considered Undistributed Settlement Funds pursuant to Paragraph 10 of this Settlement Agreement. Each Settlement Class Member's individual pro rata share shall be determined by adding that member's settlement shares together.

f.  The Court shall retain continuing jurisdiction over the Settlement Fund sufficient to satisfy the requirements of Treasury Regulation § 1.468B-1.

g.  The Class Administrator shall at all times seek to have the Settlement Fund treated as a "qualified settlement fund" as that term is defined in Treasury Regulation § 1.468B-1. The Class Administrator shall cause any taxes imposed on the earnings of the Settlement Fund, if any, to be paid out of such earnings and shall comply with all tax reporting and withholding requirements imposed on the Settlement Fund under applicable tax laws. The Class Administrator shall be the "administrator" of the Settlement Fund pursuant to Treasury Regulation § 1.468B-2(k)(3).

5.  At the request of Settlement Class Council, the Class Administrator shall establish and administer an account in the name of the Nicholas Martin v. JTH Tax, Inc.

7

Settlement Fund (the "Escrow Account"). Within 14 days of entry of the Court's preliminary approval, Defendant shall pay into the Escrow Account amounts reasonably necessary to effectuate the plan for notice and administration delineated herein. No later than ten (10) business days after entry of the Final Approval Order, JTH shall pay into the Escrow Account any amount necessary to bring its total payment into the Escrow Account to $3,000,000. Prior to the Effective Date, in the event that (a) this Settlement Agreement is terminated pursuant to its terms; (b) this Settlement Agreement is not approved by the Court or otherwise does not become effective; or (c) the Final Approval Order is reversed, vacated, or modified in any material respect which is not mutually acceptable to the Parties, then Settlement Class Counsel or their agent shall return all funds in the Escrow Account, less costs actually incurred for notice and administration, to Defendant's Counsel within three business days of that event. Until the Effective Date, no payments or distributions may be made from the Escrow Account other than for class notice and administration expenditures, unless approved by the Court. Any award of attorney's fees and costs and any incentive award to Plaintiff will be distributed from the Escrow Account as soon as practicable, but no sooner than ten (10) business days, and no longer than twenty (20) business days following the Effective Date. As soon as practicable, but no longer than ninety (90) calendar days following the Effective Date, Settlement Class Counsel or the Class Administrator shall distribute the Settlement Fund in accordance with Paragraphs 5 and 10 of this Settlement Agreement, unless this deadline is extended pursuant to Paragraph 16 of this Settlement Agreement.

6.    After the sending of notice, Settlement Class Members shall have at least sixty (60) days after the date on which notice of the proposed settlement is sent to the Settlement Class to submit a claim, and fifty (50) days after the date on which notice of the proposed

8

settlement is sent to the Settlement Class to request exclusion from the Settlement Class or object to the Settlement Agreement.

7.       Costs associated with notice, claims administration and distribution of settlement checks shall be paid from the Settlement Fund.

8.       Checks issued to Settlement Class Members for payment of claims under this Settlement Agreement will be void after ninety (90) days from the date of issuance. All Settlement Class Members who do not negotiate the settlement check issued to them within ninety (90) days of the date of issuance agree that they rescind and withdraw their claim for monetary compensation under this Settlement Agreement but remain members of the Settlement Class and are bound by the terms of this Agreement.

9.       Undistributed Settlement Funds.  Within thirty (30) days after the last void date of all settlement checks issued to Settlement Class Members, the Class Administrator will report to the Parties whether there are any uncashed checks or unclaimed or undistributed amounts remaining in the Settlement Fund.   Any such unclaimed or undistributed amounts remaining in the Settlement Fund after all payments required under this Settlement Agreement have been made shall be redistributed to the class members who made valid claims, if administratively feasible (i.e. if checks, after administrative costs, exceed $1.99). If a second distribution is not administratively feasible, then the remainder shall be distributed to the Electronic Privacy Information Center ("EPIC"), as a *cy pres* recipient.

10.      Release.  Upon the Effective Date, Plaintiff and all Settlement Class Members who have not been excluded from the Settlement Class shall be deemed to have fully and finally waived and released the Released Claims.

11.     The Preliminary Approval and Final Approval Orders entered by the Court with respect to this Settlement Agreement will each include an injunction prohibiting Plaintiff and every member of the Settlement Class from commencing, prosecuting or continuing to pursue on behalf of any class any Released Claims against any of the Released Parties, including but not limited to the class claims alleged in the Litigation. This Settlement Agreement may be pleaded as a full and complete defense to any action, suit or other proceeding that may be instituted or prosecuted with respect to the Released Claims.

12.     If this Settlement Agreement is not approved by the Court or for any reason does not become effective, it shall be deemed null and void and shall be without prejudice to the rights of the parties hereto and shall not be used in any subsequent proceedings in this or any other litigation, or in any manner whatsoever.

13.     Attorneys' Fees, Notice Costs and Related Matters.     The Class Administrator will administer the Settlement Fund for the benefit of the Settlement Class and will pay the reasonable costs of notice and settlement administration out of the Settlement Fund. The Class Administrator shall obtain written consent from both parties before deducting any amount greater than a total of $20,000 for costs related to notice and administration. Settlement Class Counsel will not request any fees or costs from Defendant or the Settlement Class other than as set forth in this Settlement Agreement. Defendant agrees not to oppose an award of fees to Settlement Class Counsel of no more than one-third of the Settlement Fund, or $1,000,000. Defendant agrees not to oppose payment from the Settlement Fund of actual expenses incurred in sending notice to the Settlement Class and in administering the Settlement Fund pursuant to the terms of this Settlement Agreement.

14.    <u>Notice</u>.    Within five (5) days after entry of the Preliminary Approval Order, Settlement Class Counsel shall provide to Defendant's Counsel the list of cellular phone numbers that Settlement Class Counsel believes represents calls made on Defendant's behalf, as described in Section 4. Within twenty (20) days after the list of cellular phone numbers is transmitted by Settlement Class Counsel to Defendant's Counsel, Defendant's Counsel will provide Settlement Class Counsel with any changes to that list that Defendant believes should be made, based on a review of its records. Within five (5) days after Defendant's Counsel provides these changes, Defendant's Counsel and Settlement Class Counsel shall confer to agree upon the final Call List. Within forty (40) days after entry of the Preliminary Approval Order, the Class Administrator shall cause actual Notice in the form of <u>Exhibit 1</u> and a Claim Form in the form of <u>Exhibit 2</u> to be sent to the subscribers to cellular phone numbers identified on the Call List via U.S. Mail. The postage rate selected for the mailing of the Notice shall provide for notification of forwarding addresses.

If the Notices are returned by the Postal Service as undeliverable, Settlement Class Counsel or the Class Administrator may undertake further reasonable efforts to locate that person or entity to re-send the Notice to that Settlement Class Member. If the Notice is returned by the Postal Service with a forwarding address or other error that can be ascertained and corrected, then Settlement Class Counsel or the Class Administrator shall re-send the Notice by first class mail to that new address within five (5) business days.

Settlement Class Counsel or the Class Administrator shall provide a copy of the Notice and Claims Form to any Settlement Class Member who contacts either of them and requests a copy of the Notice or Claim Form.

The Class Administrator shall create a website which allows for electronic submission of Claim Forms. Any website created by the Class Administrator may also post the Notice, Claim Form, Preliminary Approval Order, and Settlement Agreement.

Settlement Class Counsel and/or the Class Administrator shall retain all documents and records generated during the administration of the settlement, including records of notice given to Settlement Class Members, confirmations of transmittals of such notices by facsimile, unconfirmed facsimile transmissions, records of undelivered mail, claim forms, and payment to Settlement Class Members, for a period of one year following the Effective Date. Settlement Class Counsel shall provide Defendant's Counsel with copies of any such documents to inspect, upon request by counsel for Defendant. All documents and records generated during the administration of the settlement shall be used for purposes consistent with notice and administration of this Settlement Agreement and for no other purpose.

15. <u>Claim Validation</u>. The Class Administrator shall match the cellular phone number provided by the Settlement Class Member on a returned Claim Form to a cellular phone number on the Call List. If the cellular phone number does not match, then Settlement Class Counsel or the Class Administrator shall follow up with the Settlement Class Member and inquire if they subscribed to other cellular phone numbers during the Class Period (to ascertain if any different cellular phone number is a number on the Call List), in an effort to determine whether the claim is a valid claim.

If the cellular phone number or numbers provided on a Claim Form do not match any cellular phone number on the Call List, and the follow-up with the Settlement Class Member has not resolved the issue, Settlement Class Counsel or the Class Administrator shall disallow the claim. If a claim is deemed disallowed by the Class Administrator, the Class Administrator must

12

communicate that disallowance of the claim to Settlement Class Counsel and allow Settlement Class Counsel an opportunity to investigate the basis for disallowing the claim. Settlement Class Counsel shall advise Defendant's Counsel of all claim disallowances. In the event the Parties disagree as to the validity of any Claim Form or whether to disallow a claim, then Settlement Class Counsel will present the disputed claim to the Court for resolution.

Settlement Class Members submitting a valid Claim Form shall be paid a pro rata share of the Settlement Fund in accordance with the terms of Paragraph 5.e. of this Settlement Agreement. Settlement Class Members may submit Claim Forms for more than one cellular phone number and more than one settlement share.

If a Settlement Class Member is entitled to receive more than $599.99 as its total pro rata share, then such Settlement Class Member will be required to submit a W-9 form. The W-9 forms will be issued to Settlement Class Members as required after entry of the Final Approval Order and before any settlement checks are issued. Settlement Class Members will have thirty (30) days to respond to a request to complete a W-9 form. Submission of a W-9 form is a condition precedent to receiving a settlement check in excess of $599.99. If W-9 forms need to be collected, certain dates set forth in Paragraphs 6, 9, and 10 are reset and calculated as follows: within thirty (30) days following the expiration of time for class members to complete a W-9 form, Settlement Class Counsel or the Class Administrator shall distribute the Settlement Fund to the Settlement Class Members who have submitted valid claims in accordance with Paragraph 16; settlement checks to the Settlement Class Members will be void ninety (90) days from date of issuance; and within thirty (30) days following the void date on the Settlement Class Members' checks, any uncashed checks or unclaimed or undistributed funds, the disposition of which will be determined by the Court, will be distributed to a *cy pres* recipient pursuant as set

13

forth in Paragraph 10 of this Settlement Agreement. A Settlement Class Member who is entitled to receive more than $599.99 and fails to submit a completed and valid W-9 form with the Claim Form, shall be deemed to have waived their claim to recover more than $599.99 and the maximum amount such Settlement Class Member may recover is $599.99.

16.  Right to Object.  Any Settlement Class Member may object to this Settlement Agreement. The deadline to object shall be set by the Court in the Preliminary Approval Order and the Parties shall propose that it be at least fifty (50) days after mailing of notice. Any Settlement Class Member may object to the Settlement Agreement by filing their objection with the Court and mailing a copy of the objection to Settlement Class Counsel and Defendant's Counsel. Any objection must include: (a) the name, address, and facsimile phone number of the person(s) or entity objecting to the Settlement Agreement; (b) a statement of the cellular telephone number at which the class member received a telephone call that is the subject of this Lawsuit, (c) a statement of the objection to the Settlement Agreement; (d) an explanation of the legal and factual basis for the objection; and (e) all documentation, if any, to support the objection. Objecting Settlement Class Members may also appear and be heard at the hearing held by the Court to consider final approval of this Settlement Agreement, personally or through counsel, at their own expense.

17.  Right of Exclusion.  All Settlement Class Members who properly file a timely written request for exclusion from the Settlement Class shall be excluded from the Settlement Class and shall have no rights as Settlement Class Members pursuant to this Settlement Agreement. A request for exclusion must be in writing and state the name, address, and cellular phone number (to which a call was placed on Defendant's behalf) of the person(s) or entity seeking exclusion. Each request must also contain a signed statement providing that:

"I/we hereby request that I/we be excluded from the proposed Settlement Class in Martin v. JTH Tax, Inc., 1:13-cv-6923 (N.D.Ill.)." The request must be submitted to the Class Administrator or mailed to Class Counsel and postmarked or received by the Class Administrator or Settlement Class Counsel or on or before the deadline for requests for exclusion set by the Court. Settlement Class Counsel shall provide copies of all requests for exclusion to Defendant's Counsel. A request for exclusion that does not include all of the foregoing information, or that is sent to an address other than the one designated in the Notice, or that is not postmarked or received by Settlement Class Counsel or the Class Administrator within the time specified, shall be invalid and the person(s) serving such a request shall remain a Settlement Class Member and shall be bound by the terms of this Settlement Agreement, if approved. Settlement Class Members shall have at least fifty (50) days from the date of mailing to submit requests for exclusion.

18.    Preliminary Approval.    As soon as practicable after execution of this Settlement Agreement, Settlement Class Counsel shall file a Motion for Preliminary Approval of this Settlement Agreement and shall present such motion to the Court requesting the entry of a Preliminary Approval Order substantially in the form of Exhibit 3 or in such other form as is mutually acceptable to the Parties:

19.    Final Approval.    Settlement Class Counsel shall file a memorandum in support of final approval of this Settlement Agreement at least seven (7) days prior to the date the Court sets for the final approval hearing. Settlement Class Counsel shall file a memorandum in support of attorney's fees and costs at least twenty-one (21) days before the deadline for objections to be filed. The Parties shall request that the Court enter a Final Approval Order substantially in the form of Exhibit 4, or in another form which is mutually acceptable to the

Parties. Pursuant to the Class Action Fairness Act of 2005, within ten (10) days after entry of the Preliminary Approval Order, Defendant's Counsel shall provide notice of the proposed settlement to the Attorney General of the United States and the attorneys general of every State in which Settlement Class Members reside, including the information required by 28 U.S.C. § 1715(b). The Final Approval Order shall not be entered until the expiration of at least ninety (90) days from the latest date on which such notice is provided. Entry of a Final Approval Order substantially in the form of Exhibit 4 or in another form which is mutually acceptable to the Parties is a condition precedent to this Settlement Agreement becoming effective. In the event a Final Approval Order substantially in the form of Exhibit 4 or in another form which is mutually acceptable to the Parties is not entered then this Settlement Agreement shall be null and void and is rescinded.

20.     The fact that the Court may require non-substantive changes to documents attached as Exhibits 1 through 4 shall not invalidate this Settlement Agreement.

21.     Release of Attorneys' Lien.     In consideration of this Settlement Agreement, Settlement Class Counsel hereby waives, discharges and releases the Released Parties of and from any and all claims for attorneys' fees, by lien or otherwise, for legal services rendered by Settlement Class Counsel in connection with this Litigation.

22.     Applicable Law. This Settlement Agreement shall be governed by and interpreted in accordance with the internal laws of the State of Illinois.

23.     Miscellaneous Provisions.     The parties and their attorneys agree to cooperate fully with one another in seeking approval of this Settlement Agreement, and to use their best efforts to effect the consummation of this Settlement Agreement and the settlement provided for herein. Whether or not this Settlement Agreement and the settlement contemplated

hereunder are consummated, this Settlement Agreement and the proceedings had in connection herewith shall in no event be construed as, or be deemed to be, evidence of an admission or concession on the part of Defendant of any liability or wrongdoing whatsoever.

24.     Benefit of this Settlement Agreement.  This Settlement Agreement shall be binding upon and inure to the benefit of the Plaintiff, the Released Parties and Settlement Class Members, and each of their respective successors and personal representatives, predecessors, affiliates, heirs, executors and assigns.  It is expressly understood by the Parties that all Released Parties who are not parties to this Settlement Agreement are intended third-party beneficiaries of this Settlement Agreement.

25.     Authority.  The Parties hereby represent to one another that they have full power and authority to enter into this Settlement Agreement and carry out their obligations.

26.     Right to Set Aside Settlement Agreement.  Defendant shall have the right, but not the obligation, to terminate this Settlement Agreement, if more than 300 Settlement Class Members submit non-duplicative, timely and valid requests for exclusion from the Settlement Class.  Defendant must timely exercise its right to rescind the Settlement Agreement by filing a Notice of Termination with the Clerk of the Court prior to the entry of a Final Approval Order by the Court.

27.     Entire Agreement.  Any and all prior understandings and agreements between the Parties with respect to the subject matter of this Settlement Agreement are merged into and with this Settlement Agreement, which fully and completely expresses the entire agreement and understanding of the Parties with respect to the subject matter hereof.  This Settlement Agreement may be amended, modified or changed only by a written instrument or instruments executed by duly authorized officers or other representatives of the Parties expressly

amending, modifying or changing this Settlement Agreement and may not be amended, modified or changed orally.

28.  Counterparts.  This Settlement Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute the same instrument.  Signatures provided by facsimile or e-mail shall be deemed legal and binding for all purposes.

29.  Headings.  The headings in this Settlement Agreement are for convenience of reference only and are not to be taken to be a part of the provisions of this Settlement Agreement, nor to control or affect meanings, constructions or the effect of this Settlement Agreement.

IN WITNESS WHEREOF, the Parties have caused this Settlement Agreement to be duly executed and delivered by their duly authorized representatives on the date last written below.

**PLAINTIFF:**

NICHOLAS MARTIN

By: _____

Its: _____

Date: _____

**DEFENDANT:**

JTH TAX, INC.

By: _____

Its: _Vice President ; General Counsel_

Date: _April 15, 2015_

_____
Alexander H. Burke
BURKE LAW OFFICES, LLC
155 N. Michigan Ave.

Martin J. Bishop
Rebecca R. Hanson
Jason P. Britt

18

Suite 9020
Chicago, Illinois 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

*Counsel for Plaintiff and the Class*

FOLEY & LARDNER, LLP
321 N. Clark Street, Suite 2800
Chicago, Illinois 60654
(312) 832-4500
(312) 832-4700 (fax)
mbishop@foley.com
rhanson@foley.com
jbritt@foley.com

*Counsel for Defendant JTH Tax, Inc.*

# Exhibit 1

Mailed Notice

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS**
*NICHOLAS MARTIN v. JTH TAX, INC., d/b/a LIBERTY TAX SERVICE*, 13 cv 6923

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT**
*THIS IS NOT A SOLICITATION.*
**PLEASE READ THIS NOTICE CAREFULLY.**
**IF YOU WISH TO BE PAID BENEFITS UNDER THIS SETTLEMENT, SUBMIT A CLAIM
FORM BY DATE, 2015.**

This is a Court-authorized notice of a proposed settlement ("Notice") in this class action lawsuit. The settlement would resolve a lawsuit brought on behalf of approximately 291,000 individuals whose cell phones were allegedly called by persons or entities working or allegedly working on behalf of JTH Tax, Inc., also known as Liberty Tax ("Liberty") using a device that has the capacity to dial numbers without human intervention or with an artificial or prerecorded voice, where any call was made between and including September 25, 2009 and [date of settlement], 2015.

If you received this notice, then you have been identified as someone who likely received one or more of these automated telephone calls.

## I.   SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS

**(1)  Submit a Claim Form**:  This is the only way to get a cash payment. The deadline to submit a claim is DATE, 2015.  Settlement Class Members who submit valid claims may expect to recover up to $500 for each cellular phone number they subscribe to that was called by JTH Tax, Inc.

**(2) Exclude Yourself:**  Get no payment.  This is the only option that allows you to ever be part of any other lawsuit about the legal claims in this case.  The deadline to exclude yourself and "opt out" of the settlement is DATE, 2015.  See Section VII.

**(3) Object:**  Write to the Court about why you don't like the settlement.  The deadline to object is DATE, 2015.  See Section VIII.

**(4) Go to a Hearing:**  Ask to speak in Court about the fairness of the settlement. The final approval hearing is scheduled for DATE, 2015 at TIME.   See Section II.

**(5) Do Nothing:**  Get no payment.  Give up rights.  See Section VI.

These rights and options—**and the deadlines to exercise them**—are explained further in this Notice.

## II.    WHY IS THIS NOTICE BEING SENT?

This notice is being sent to let people know that they may be eligible to receive their pro rata share, not to exceed $500, per cellular phone number of a Settlement Fund described below under a proposed settlement of a class action lawsuit if they submit a Claim Form by DATE, 2015. The lawsuit is pending in federal court in Chicago, Illinois. The hearing to approve the settlement will be held on DATE, 2015 at  TIME a.m.   before Judge Shah, Courtroom 1719 of the U.S. District Court for the Northern District of Illinois, 219 S. Dearborn St., Chicago, IL 60604.

## III.    WHAT IS THE LAWSUIT ABOUT?

On September 25, 2013, Plaintiff Nicholas Martin filed a lawsuit alleging that JTH Tax, Inc. violated a federal law called the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA") because the calls were made to his cellular phone via autodialer without his consent.  Plaintiff also sought to represent a class of persons who had been called by JTH Tax, Inc. on their cellular phones without their consent.  JTH Tax, Inc. denies any wrongdoing on its part, but has agreed to settle to avoid the costs and

uncertainties of litigation. JTH Tax, Inc. will vigorously defend the lawsuit if the proposed settlement is not approved.

The settlement class certified is: All persons nationwide whose cell phone the Released Parties or someone on behalf of the Released Parties called (with or without the knowledge or consent of the Released Parties) using a device that has the capacity to dial numbers without human intervention, where any call was made between and including September 25, 2009 and the date of this Settlement Agreement. The Settlement Class is limited to persons associated with the approximately 291,000 cell phone numbers identified by the parties as having been called using an automatic telephone dialing system or an artificial or prerecorded voice.

**IV.  WHAT IS THE PROPOSED SETTLEMENT?**

The parties to the lawsuit have agreed to settle after extensive negotiations. Under the proposed settlement, JTH Tax, Inc. has agreed to pay a Settlement Fund in the amount of $3,000,000. The Settlement Fund will cover the costs of settlement notice and administration, an award to the plaintiff Nicholas Martin ($20,000, in addition to his recovery as a class member), attorney's fees (in the amount of $1,000,000, or 33% of the Settlement Fund). After these amounts are deducted, each Settlement Class Member who submits a valid claim by **DATE, 2015** will receive an equal share of the remaining funds based on the number of cellular phone numbers each Settlement Class Member subscribed to that received a call purportedly from JTH Tax, Inc. that was placed using a device that has the capacity to dial numbers without human intervention (a "Settlement Share"). Your Settlement Share depends on how many Settlement Class Members submit claim forms and how many cellular phone numbers each Settlement Class Member subscribed to. This notice is being sent to approximately 291,000 persons or entities that may be eligible for a Settlement Share. The recovery to the Settlement Class Members is estimated and is subject to change based on court approval.

**V.  HOW DO I GET A PAYMENT?**

If you are part of the class described above, in order to receive a monetary award under the Settlement Agreement, you must complete and submit the claim form to www.jthtcpasettlement.com using your unique username and password, or via mail or fax to the Class Administrator, Dahl Administration, PO Box _____**, fax number: _____**. Claim forms must be submitted online, faxed or postmarked by **DATE, 2015**.

**VI.  WHAT AM I GIVING UP?**

If the settlement becomes final, you will be releasing JTH Tax, Inc. from any claims arising from or in any way relating to phone calls placed to your cellular phone by JTH Tax, Inc. using a device that has the capacity to dial numbers without human intervention between September 25, 2009 through and including _____. This release is more fully explained in paragraph 11 of the Settlement Agreement. If you filed your own case and prevailed, you could recover between $500 and $1,500 per violation. However, JTH Tax, Inc. would vigorously assert all available defenses, including the defense that it should not be held vicariously liable for calls made by certain third parties. The Settlement Agreement is available at the Clerk's Office during regular business hours, U.S. District Court for the Northern District of Illinois, 219 S. Dearborn St., Chicago, IL 60604, and is also posted on www.jthtcpasettlement.com.

**VII.  EXCLUDING YOURSELF FROM THE SETTLEMENT**

You will be a member of the Settlement Class unless you exclude yourself from the Settlement Class. You need not take any action to remain in the Settlement Class but you need to submit a Claim Form by **DATE, 2015** to be eligible to receive a payment.

If you want to keep the right to sue JTH Tax, Inc. over any of the legal issues that were raised or could have been raised in this case, then you must take steps to get out of the settlement. This is called

asking to be excluded from – or sometimes called "opting out" of – the class. To exclude yourself from the settlement, you must send a letter saying that you want to be excluded from the proposed settlement class in *Nicholas Martin v. JTH Tax, Inc.*, 13-cv-6923. Be sure to include your name, address, the number for the cellular phone on which you were called by JTH Tax, Inc. and your signature by **DATE, 2015**. Send the letter to **Class Counsel at the address provided in paragraph IX or the Class Administrator at the address provided in paragraph V.** If you opt out, you will not receive any payment from the Settlement Fund, you cannot object to the Settlement and you will not be bound by anything that happens in this lawsuit.

## VIII.    OBJECTING TO THE SETTLEMENT.

Either on your own or through an attorney you hire, you can tell the Court that you don't agree with the settlement or some part of it. You must explain why you think the Court should not approve the settlement. Any objection must include your name, address, the telephone number for the cellular phone on which you were called by or on behalf of JTH Tax, Inc., a statement of your objection to the Settlement Agreement, and an explanation of all legal and factual reasons you object to the settlement and documentation, if any, to support your objection, by **DATE, 2015**. The Court may only consider any objections submitted or filed by **DATE, 2015**.

Objecting is simply telling the Court that you don't like something about the Settlement. You can object ONLY if you stay in the class. If you exclude yourself, you can't object. Any objections or appearances must be filed with the Court and reference case number 13-cv-6923 and sent to Class Counsel at the address provided in paragraph IX and JTH Tax, Inc.'s Counsel at the following address: Rebecca R. Hanson, FOLEY & LARDNER, LLP, 321 N. Clark Street, Suite 2800, Chicago, IL 60654.

## IX.    WHO REPRESENTS THE CLASS?

The Court has appointed the following law firm to represent you and other members of the Settlement Class in this lawsuit:

**Burke Law Offices, LLC**
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601


This firm represents your interests in this lawsuit.  You may contact them with any questions that you have about the lawsuit or the Settlement.  You do not have to pay the fees of Class Counsel.  You may also hire your own attorney at your own cost to appear on your behalf.

## X.    CAN I GET MORE INFORMATION?

This notice is intended only as a summary of the lawsuit and proposed settlement.  It is not a complete statement of the lawsuit or the proposed settlement.  You may inspect the pleadings and other papers (including the proposed Settlement Agreement) that have been filed in case number 13-cv-6923, at the office of the Clerk of the Court, U.S. District Court for the Northern District of Illinois, 219 S. Dearborn St., Chicago, IL 60604.  The Settlement Agreement (excluding exhibits) is also available on _____.  If you have questions about this notice or the proposed settlement, you may contact Settlement Class Counsel at the address listed above. **DO NOT CONTACT THE COURT OR DEFENDANT FOR INFORMATION.**

BY ORDER OF THE U.S. DISTRICT COURT, N.D. Ill.

# Exhibit 2

## Claim Form

(To be mailed along with Exhibit 1)

## CLAIM FORM

### *NICHOLAS MARTIN v. JTH TAX, INC.*, 13-CV-6923 (N.D. Ill.)

**TO RECEIVE A PAYMENT UNDER THIS SETTLEMENT AGREEMENT, YOU MUST SUBMIT A CLAIM ONLINE AT WWW.JTHTCPASETTLEMENT.COM OR MAIL THIS FORM, POSTMARKED ON OR BEFORE DATE, 2015 TO THE FOLLOWING:**

**Dahl Administration
PO BOX xxxx
Minneapols, MN  Zip Code**

Please print or type the following information:

NAME OF PERSON OR ENTITY THAT SUBCRIBED TO THE CELLULAR TELEPHONE NUMBER:

_____

CURRENT MAILING ADDRESS OF SUBSCRIBER OF CELLULAR TELEPHONE NUMBER:

ADDRESS: _____

CITY/STATE: _____

ZIP CODE: _____

CELLULAR PHONE NUMBER: _____

By submitting this Claim Form, I am verifying that I subscribed to the cellular telephone number identified above on or after September 25, 2009.

_____
Signature

**IT IS YOUR RESPONSIBILITY TO KEEP A CURRENT ADDRESS
ON FILE WITH THE CLASS ADMINISTRATOR.**

**Dahl Administration, LLC maintains the strictest privacy and security policies to ensure your personal data is never compromised.  All data collected from class members is considered private and confidential, and is not made available to anyone outside of Dahl**

**Administration, LLC, the attorneys of record, their firms, and the Courts involved in this proposed class action settlement.**

# Exhibit 3

Proposed Preliminary Approval Order

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| NICHOLAS MARTIN on behalf of himself and others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Case No. 1:13-cv-6923 |
| JTH TAX, INC., d/b/a LIBERTY TAX SERVICE, | ) ) ) ) | Hon. Manish S. Shah |
| Defendant. | ) | |

**ORDER GRANTING MOTION FOR**
**PRELIMINARY APPROVAL OF SETTLEMENT**

The Motion of Plaintiff Nicholas Martin ("Plaintiff") for Preliminary Approval of Class

Action Settlement (the "Motion"), which seeks preliminary approval of a class settlement with

Defendant JTH Tax, Inc. ("Defendant") and of the proposed form and manner of notice to the

class, came before this Court for hearing on [DATE], 2015.

Having considered the Motion, the signed Settlement Agreement between the Parties (the

"Settlement Agreement") attached as Appendix A to the Motion, all other evidence submitted

concerning the Motion, and being duly advised in the premises, this Court specifically finds that:

(a)     On September 25, 2013, Plaintiff filed its class action complaint,

captioned *Nicholas Martin v. JTH Tax, Inc.*, Case No. 13-cv-5782, in the United States District

Court for the Northern District of Illinois (the "Litigation").  Plaintiff alleges that Defendant

violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA") by placing

phone calls to cellular phones using an autodialer without the called parties' consent.

4817-0916-9953.1

(b)     Defendant denies violating the TCPA and any other federal or state law and denies any liability to Plaintiff or any other person or entity.  Defendant desires to settle the Litigation solely to avoid the expense, burden, and uncertainty of further litigation, and to put to rest all causes of action, suits, claims, or demands, in law or in equity, known or unknown, which Plaintiff and Settlement Class Members may have against any one or all of the Released Parties for alleged violations of the TCPA or any similar state law based upon the use of an automatic telephone dialing system or an artificial or prerecorded voice, which has accrued at any time before _____, 2015.

(c)     Defendant has represented that, based on a review of its records, during the time period beginning on September 25, 2009 through and including _____, 2015 (the "Class Period"), it or its agents or other parties acting on its behalf placed calls subject to the Litigation to _____ cellular phone numbers.

(d)     Plaintiff, individually and on behalf of a class, desires to settle his claims against Defendant, having taken into account through Plaintiff's counsel the risks, delay, and difficulties involved in establishing a right to recovery in excess of the substantial amount to be paid pursuant to the settlement negotiated by the Parties and the likelihood that further litigation will be protracted and expensive.

(e)     The settlement memorialized in the Settlement Agreement (the "Class Action Settlement") has been negotiated in good faith and at arm's length between the Parties and is preliminarily determined to be fair, reasonable, adequate and in the best interests of the class as defined in the Settlement Agreement[1] (the "Settlement Class").

---

[1] Any capitalized term(s) not otherwise defined in this Order Granting Motion for Preliminary Approval of Settlement are defined in accordance with the definitions in the Settlement Agreement.

(f)     The plan for notice of the proposed Class Action Settlement as provided for in the Settlement Agreement fully complies with the requirements of Federal Rule of Civil Procedure ("Rule") 23(c)(2)(B) and (e)(1) and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled to notice of the Class Action Settlement.

(g)     For settlement purposes only, this Court also finds that (i) certification of the Settlement Class is appropriate under Rule 23(a) and (b)(3), and specifically that (ii) there are questions of law and fact common to the class that predominate over any questions affecting only individual class members, (iii) Plaintiff's claims are typical of the claims of the Settlement Class, (iv) Plaintiff meets the requirements to represent the Settlement Class pursuant to Rule 23(a)(4) and will fairly and adequately represent the interests of the Settlement Class, (v) Alexander H. Burke, of Burke Law Offices, LLC meets the requirements to be appointed class counsel pursuant to Rule 23(g), (vi) a class action is the superior method for the fair and efficient adjudication of this controversy, and (vii) the members of the Settlement Class will receive the best notice of the Class Action Settlement practicable pursuant to Rule 23 (c)(2)(B) and (e)(1) if notice is provided in the manner described in the Settlement Agreement and as specifically ordered below.

**IT IS THEREFORE ORDERED THAT:**

1.     This Court has jurisdiction over Plaintiff, Defendant, members of the Settlement Class, and the claims asserted in the Litigation.

2.     The Class Action Settlement as memorialized in the Settlement Agreement has been negotiated in good faith and at arm's length and is preliminarily determined to be fair, reasonable, adequate and in the best interests of the Settlement Class in light of the factual, legal, practical and procedural considerations raised by the Litigation.

3.      Solely for the purposes of settlement, pursuant to Federal Rule of Civil Procedure 23(b)(3), the following Settlement Class is hereby preliminarily certified:

> All persons nationwide who Defendant, or a party acting on behalf of Defendant, called on their cell phone using a device that has the capacity to dial numbers without human intervention, where Released Parties obtained the phone number from some source other than directly from the called party, where any call was made between and including September 25, 2009 and _____.

4.      The Settlement Class is limited to persons associated with the approximately 291,000 cell phone numbers identified by the parties as having been called using an automatic telephone dialing system or an artificial or prerecorded voice.

5.      The Settlement Class is preliminarily certified for no purpose other than to effectuate the Class Action Settlement as specifically memorialized in the Settlement Agreement. If the Settlement Agreement is terminated pursuant to its terms or for any other reason, or is disapproved in a final order by this Court or any court of competent jurisdiction, then (a) this Order Granting Motion for Preliminary Approval of Settlement (the "Preliminary Approval Order") and all preliminary and/or final findings herein or stipulations of the Parties regarding certification of the Settlement Class shall be automatically vacated upon notice to this Court of the Settlement Agreement's termination or disapproval; (b) the above-captioned litigation will proceed as though the Settlement Class had never been certified and any related findings or stipulations had never been made and neither the Settlement Agreement, nor any of its Exhibits, nor any other associated settlement document may be used in seeking class certification; and (c) Defendant shall be deemed to have reserved all procedural and/or substantive rights as of the date of execution of the Settlement Agreement.

6.      Pursuant to Rule 23(a)(4), the Court preliminarily designates Plaintiff Nicholas Martin as the class representative of the Settlement Class (the "Class Representative").

4817-0916-9953.1

7.     Pursuant to Rule 23(g), the Court preliminarily appoints the following as class counsel: Alexander H. Burke of Burke Law Offices, LLC, 155 N. Michigan Ave., Suite 9020, Chicago, Illinois 60601 ("Settlement Class Counsel").

8.     The class administrator shall be Dahl Administration, LLC (the "Class Administrator").

9.     Settlement Class Counsel will identify and authorize the Class Administrator to establish and administer an account in a name substantially similar to "Nicholas Martin v. JTH Tax, Inc. Settlement Fund" (the "Escrow Account").

10.     Within 14 days of entry of the Court's preliminary approval, Defendant shall pay into the Escrow Account amounts reasonably necessary to effectuate the plan for notice and administration delineated herein.  Payments for notice and administration expenses shall be paid to the Class Administrator out of the Escrow Account.

11.     Prior to the Effective Date, as that date is defined in the Settlement Agreement, in the event that (a) the Settlement Agreement is terminated pursuant to its terms; (b) the Settlement Agreement is not approved by this Court or otherwise does not become effective; or (c) any order of this Court finally approving the Class Action Settlement is reversed, vacated, or modified in any material respect which is not mutually acceptable to the Parties, then Settlement Class Counsel or its agent shall return all funds in the Escrow Account, less costs actually incurred for notice and administration, to counsel of record for Defendants within three (3) business days of that event.  Until the Effective Date, no payments or distributions may be made from the Escrow Account other than for class notice and administration expenditures, unless approved by this Court.

12.     As specifically set forth in the Settlement Agreement, the notice to the Settlement Class shall give notice of the Settlement Agreement, its terms, the right to request exclusion, the right to object to the Class Action Settlement and the right to submit a claim.  The Settlement Agreement's plan for notice is the best class notice practicable under the circumstances and satisfies the requirements of due process and Rule 23.  That notice plan is hereby approved and adopted.

13.     The form of actual notice that Settlement Class Counsel or the Class Administrator shall provide is attached to the Settlement Agreement as <u>Exhibit 1</u> (the "Notice"). The claim form that Settlement Class Counsel or the Class Administrator shall provide to all Class Members is attached to the Settlement Agreement as <u>Exhibit 2</u> (the "Claim Form"). Settlement Class Counsel is ordered to cause the Class Administrator to send the Notice and Claim Form to each member of the Settlement Class in the manner specified in the Settlement Agreement by no later than forty days (40) days after entry of this Preliminary Approval Order. Settlement Class Counsel shall also post the Notice and a copy of the Settlement Agreement (excluding exhibits), on http://www.burkelawllc.com/.

14.     To effectuate the Class Action Settlement, the Court establishes the following deadlines for the events set forth in the Settlement Agreement and directs the Parties to incorporate the deadlines in the Notice and Claim Forms:

(a)     <u>Fee Motion</u>. Settlement Class Counsel shall file a motion for attorney's fees, costs and any service award to the named plaintiff by [35 days after Notice Date]

(b)     <u>CAFA Compliance</u>. Defendant shall file proof of compliance with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b), by no later than [35 days after mailing notice DATE], 2015.  No order finally approving the Class Action

6

Settlement memorialized in the Settlement Agreement shall be entered until the expiration of at least ninety (90) days from the latest date on which such notice is provided.

(c) <u>Objections</u>.  Objections of any member(s) of the Settlement Class, all briefs and/or other materials filed by any member(s) of the Settlement Class in support of objections, and/or any appearance of an attorney on behalf of any member(s) of the Settlement Class must be filed in this Court and served by mail postmarked to Settlement Class Counsel and counsel for each Defendant on or before [50 days after Notice Date], 2015, or shall be forever barred.  Each objection must include: (i) the name, address, and cellular telephone phone number of the person(s) or entity objecting to the Settlement Agreement; (ii) a statement of the objection to the Settlement Agreement; (iii) an explanation of the legal and factual basis for the objection; and (iv) documentation, if any, to support the objection.

(d) <u>Exclusions</u>.  A request by any member of the Settlement Class for exclusion from the Class Action Settlement must be in writing and state the name, address, and cellular phone number (to which a call was placed by or on behalf of Defendant using an autodialer during the Class Period) of the person(s) or entity seeking exclusion.  Each request for exclusion must also contain a signed statement providing that: "I/we hereby request that I/we be excluded from the proposed Settlement Class in the Litigation."  The request must be mailed or faxed to Settlement Class Counsel or the Class Administrator at the address or facsimile number provided in the Notice and postmarked or received by Settlement Class Counsel or the Class Administrator on or before [50 days after Notice Date ], 2015.  Settlement Class Counsel shall provide copies of all requests for exclusion to counsel for the Defendant.  A request for exclusion that does not include all of the foregoing information, or that is sent to an address other than the one designated in the Notice, or that is not postmarked or received by Settlement Class Counsel

7

or the Class Administrator within the time specified, shall be invalid and the person(s) serving such a request shall remain a member of the Settlement Class and shall be bound by the terms of the Settlement Agreement, if finally approved by the Court.

(e)     Claim Forms shall be returned by members of the Settlement Class to Settlement Class Counsel or the Class Administrator online, by fax, or by mail postmarked on or before [60 days after Notice Date, S.A. § 17], 2015.  Claims not submitted by this date shall be barred.

(f)     Final Approval Materials. Settlement Class Counsel or the Class Administrator shall file the following [75 days after Notice Date] of the Final Approval Hearing:

   i.     a memorandum in support of final approval of the Class Action Settlement memorialized in the Settlement Agreement

   ii.     an affidavit regarding completion of notice to the Settlement class;

   iii.     a list of the individual members of the Settlement Class requesting exclusion from the Settlement Class.

15.     Any responses to objections filed by members of the Settlement Class shall be filed with the Court by no later than [75 days after Notice Date], 2015.  There shall be no replies from objectors.

16.     The final hearing to determine whether the Class Action Settlement memorialized in the Settlement Agreement is fair, reasonable, and adequate, and whether it should be approved by the Court, will be conducted on [DATE 85 days after Notice Date], 2015, at _____.

17.     Defendant shall have the right, but not the obligation, to terminate the Settlement Agreement if more than 300 members of the Settlement Class submit non-duplicative, timely and valid requests for exclusion from the Settlement Class.  Defendant must timely exercise its right to terminate the Settlement Agreement by filing a Notice of Termination with the Clerk of the

8

Court prior to the entry of any order of this Court granting final approval of the Class Action Settlement.

18.     Upon entry of this Preliminary Approval Order and continuing until the final hearing on [DATE ABOVE], 2015, Plaintiff and every member of the Settlement Class are hereby preliminarily enjoined from commencing, prosecuting or continuing to pursue on behalf of any class any of the Released Claims, as that term is defined in the Settlement Agreement, against Defendant and its respective parents, subsidiaries, affiliates, predecessors and successors in interest, and all of those entities' past and current officers, directors, shareholders, partners, members, employees, agents and insurers in such capacities as they relate to the actions that are the subject of the Litigation, specifically including, but not limited to, the class claims alleged in the Litigation.

19.     The Court may, for good cause, extend any of the deadlines set forth in this Preliminary Approval Order or adjourn or continue the final approval hearing without further notice to the Settlement Class.


ENTERED:


Dated: _____              _____
                                                                        United States District Judge

# Exhibit 4

Proposed Final Approval Order

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| NICHOLAS MARTIN on behalf of himself and others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | Case No. 1:13-cv-6923 |
| JTH TAX, INC., d/b/a LIBERTY TAX SERVICE, | ) ) ) | Hon. Manish S. Shah |
| Defendant. | ) ) | |

## ORDER FINALLY APPROVING SETTLEMENT

On [DATE], 2015, this Court entered an order preliminarily approving the class action

settlement (the "Preliminary Approval Order," Dkt. No. __) between Plaintiff Nicholas Martin,

on his own behalf and on behalf of the Settlement Class (as defined below), and Defendant JTH

Tax, Inc. ("Defendant") as memorialized in the Settlement Agreement between the Parties (the

"Settlement Agreement" memorializing the "Class Action Settlement").

On [DATE], 2015, this Court held a fairness hearing (the "Fairness Hearing"). Members

of the Settlement Class had been given appropriate notice of the Fairness Hearing pursuant to

Federal Rule of Civil Procedure ("Rule") 23(c)(2) and were invited to appear, including those

members with any objections to the Class Action Settlement. An opportunity to be heard was

given to all persons requesting to be heard in any of the manner(s) prescribed in the Preliminary

Approval Order. [No persons appeared in Court seeking to address the proposed Class Action

Settlement]. Having considered the Settlement Agreement, Plaintiff's Memorandum in Support

4820-3459-4849.1

of Final Approval of the Class Action Settlement, all other evidence submitted to the Court concerning the Class Action Settlement, and the Court being duly advised in the premises,

**IT IS HEREBY ORDERED THAT:**

1.      This Court has jurisdiction over Plaintiff, Defendant, members of the Settlement Class, and the claims asserted in Plaintiff's class action complaint (the "Litigation").

2.      Plaintiff alleges in the Litigation that Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA") by placing phone calls to cellular phones using an autodialer without the called parties' consent.

3.      The Class Action Settlement as memorialized in the Settlement Agreement was negotiated in good faith and at arm's length and is fair, reasonable, adequate and in the best interests of the Settlement Class in light of the factual, legal, practical and procedural considerations raised by the Litigation.

4.      This Court grants final approval of the Settlement Agreement, including but not limited to the releases therein, and finds that it is in all respects fair, reasonable, and in the best interests of the Settlement Class.  Therefore, all members of the Settlement Class who have not opted out ("Settlement Class Members") are bound by this Order Finally Approving Settlement (the "Final Approval Order").

<u>**Class Certification**</u>

5.      The following class (the "Settlement Class"), which was previously preliminarily certified by the Court, is now finally certified pursuant to Rule 23 (a) and (b)(3):

> All persons nationwide whose cell phone the Released Parties or someone on behalf of the Released Parties called (with or without the knowledge or consent of the Released Parties) using a device that has the capacity to dial numbers without human intervention, where any call was made between and including September 25, 2009 and [the date of this Settlement Agreement]. The Settlement Class is limited to persons associated with the approximately

291,000 cell phone numbers identified by the parties as having been called using an automatic telephone dialing system or an artificial or prerecorded voice. (the "Call List")

6.     The Court finds, for settlement purposes only, that (i) certification of the Settlement Class is appropriate under Rule 23(a) and (b)(3), and specifically that (ii) there are questions of law and fact common to the class that predominate over any questions affecting only individual class members, (iii) Plaintiff's claims are typical of the claims of the Settlement Class, (iv) Plaintiff meets the requirements to represent the Settlement Class pursuant to Rule 23(a)(4) and will fairly and adequately represent the interests of the Settlement Class, (v) Alexander Burke of Burke Law Offices, LLC meets the requirements to be appointed class counsel pursuant to Rule 23(g), and (vi) a class action is the superior method for the fair and efficient adjudication of this controversy.

7.     Pursuant to Rule 23(a)(4), the Court designates Plaintiff Nicholas Martin as the class representative of the Settlement Class (the "Class Representative").

8.     Pursuant to Rule 23(g), the Court appoints the following as class counsel: Alexander H. Burke, of Burke Law Offices, LLC, 155 N. Michigan Avenue, Suite 9020, Chicago, Illinois 60601 ("Settlement Class Counsel").

### Class Notice

9.     Notice of the Class Action Settlement was given to the Settlement Class in accordance with the plan provided for in the Settlement Agreement, which fully complied with the requirements of Rule 23 (c)(2)(B) and (e)(1) and due process, constituted the best notice practicable under the circumstances, and was due and sufficient notice to all persons entitled to notice of the Class Action Settlement.  In the Preliminary Approval Order, this Court approved the forms of actual notice and claim form sent to the Settlement Class pursuant to the terms of the Settlement Agreement.

10.    Defendant's Counsel provided notice of the Class Action Settlement to the Attorney General of the United States and the attorneys general of every State in which Settlement Class Members (as defined below) reside, including the information required by 28 U.S.C. § 1715(b).  The latest date on which such notice was provided was more than ninety (90) days prior to the entry of this Final Approval Order.

11.    A total of __ valid and timely claim forms were submitted by Settlement Class Members.

## Objections and Opt-Outs

12.    [No objections were filed by Settlement Class Members].

13.    A total of __ persons or entities have validly requested exclusion from the Settlement Class.  The persons or entities that have validly requested exclusion and thereby opted out of the Class Action Settlement are: [identify members who opt out].  Dkt. Nos. __.

## Class Compensation

14.    In accordance with the terms of the Settlement Agreement, Settlement Class Counsel or their agent established and are administering an account in the name of the Nicholas Martin Settlement Fund at [BANK], located at [ADDRESS] (the "Escrow Account").  Pursuant to the terms of the Settlement Agreement, Defendant must deposit any unpaid balance of the $3,000,000 (the "Settlement Fund") into the Escrow Account by no later than ten business days after the entry of this Order.

## Releases

15.    Upon entry of this Final Approval Order, Plaintiff and each Settlement Class Member shall be deemed to have granted each of the releases and waivers set forth in the Settlement Agreement.  Those releases include any and all causes of action, suits, claims, or demands, in law or in equity, known or unknown, which Plaintiff and Settlement Class Members

had as of [date of settlement agreement] against any one or all of the Released Parties for alleged violations of the TCPA or any similar state law based upon the use of an automatic telephone dialing system or an artificial or prerecorded voice, which has accrued at any time before the date of filing the motion for preliminary approval in this matter

16.     Settlement Class Counsel has waived, discharged and released the Released Parties, as defined in the Settlement Agreement, of and from any and all claims for attorney's fees, by lien or otherwise, for legal services rendered by Settlement Class Counsel in connection with the Litigation.

17.     The Settlement Agreement may be pleaded as a full and complete defense to any action, suit or other proceeding that may be instituted or prosecuted with respect to the Released Claims.

## Injunctive Relief

18.     Defendant is hereby permanently enjoined from committing future violations of the TCPA and/or any FCC regulations promulgated thereunder in connection with their business activities.

19.     Plaintiff and every member of the Settlement Class are hereby permanently enjoined from commencing, prosecuting or continuing to pursue on behalf of any class any Released Claims against Defendant and its respective parents, subsidiaries, affiliates, predecessors and successors in interest, and all of those entities' past and current officers, directors, shareholders, partners, members, employees, agents and insurers in such capacities as they relate to the actions that are the subject of the Litigation, specifically including, but not limited to, the class claims alleged in the Litigation.

### Award of Attorneys' Fees, Costs and Incentive Award

20.     The Court has considered Settlement Class Counsel's application for attorneys' fees.  The Court awards Settlement Class Counsel the sum of $[_____] as an award of attorney's fees and $_____ for out-of-pocket costs, to be paid from the Settlement Fund, and finds that this amount of fees is fair and reasonable.  Payment of Settlement Class Counsel's attorney's fees and costs shall be distributed from the Settlement Fund as soon as practicable, but no sooner than ten (10) business days, and no longer than twenty (20) business days following the Effective Date, as that date is defined in the Settlement Agreement.

21.     The Court grants Settlement Class Counsel's request for an incentive award to the Class Representative and accordingly awards $[_____] to Nicholas Martin.  The Court finds that this payment is justified by the Class Representative's service to the Settlement Class.  This award shall be distributed from the Settlement Fund as soon as practicable, but no sooner than ten (10) business days, and no longer than twenty (20) business days following the Effective Date, as that date is defined in the Settlement Agreement.

### Other Provisions

22.     The Parties to the Settlement Agreement shall each carry out their respective obligations thereunder.

23.     Neither the Settlement Agreement, the Preliminary Approval Order, this Final Approval Order, nor any of their provisions, nor any of the documents (including, but not limited to, drafts of the Settlement Agreement, the Preliminary Approval Order and/or the Final Approval Order), negotiations, or proceedings relating in any way to the Class Action Settlement, shall be construed as or deemed to be evidence of an admission or concession of any kind by any person, including any by Defendant, and shall not be offered or received into

6

evidence in this Litigation or any other action or proceeding except in an action brought to enforce the terms of the Settlement Agreement or as may be required by law or court order.

24.     Prior to the Effective Date, as that date is defined in the Settlement Agreement, in the event that (a) the Settlement Agreement is terminated pursuant to its terms, (b) the Settlement Agreement otherwise does not become effective for any reason, or (c) this Final Approval Order is reversed, vacated, or modified in any material respect which is not mutually acceptable to the Parties, then (i) Settlement Class Counsel or their agent shall return all funds in the Escrow Account less funds actually incurred for notice and administration, to counsel of record for Defendant within three (3) business days of that event and (ii) the Settlement Agreement shall be deemed null and void and shall be without prejudice to the rights of the parties thereto and shall not be used in any subsequent proceedings in this Litigation, the California Litigation or in any manner whatsoever.  Until the Effective Date, no payments or distributions may be made from the Escrow Account other than for class notice and administration expenses, unless approved by this Court.

25.     In the Preliminary Approval Order, this Court ordered that _____, [provide address] ("Class Administrator") be the class administrator.  The Class Administrator shall make all claim payments to and issue and collect W-9 forms from Settlement Class Members pursuant to the terms of the Settlement Agreement.   Specifically, the Class Administrator shall issue W-9 forms to Settlement Class Members within fourteen (14) days after entry of this Final Approval Order and before any settlement checks are issued.  Settlement Class Members shall have thirty (30) days to respond to a request to complete a W-9 form. Submission of a W-9 form is a condition precedent to receiving a settlement check in excess of $599.99.

26.     Within ninety (90) days following the Effective Date of the Settlement Agreement, as that date is defined in the Settlement Agreement, Settlement Class Counsel or the Class Administrator shall validate all claims and distribute the Settlement Fund in accordance with the terms of the Settlement Agreement, unless W-9 forms need to be collected.  If W-9 forms need to be collected, then within thirty (30) days following the expiration of time for class members to complete a W-9 form, Settlement Class Counsel or the Class Administrator shall distribute the Settlement Fund to the Settlement Class Members who have submitted valid claims in accordance with the terms of the Settlement Agreement.  A Settlement Class Member who is entitled to receive more than $599.99 and fails to submit a completed and valid W-9 form shall be deemed to have waived their claim to recover more than $599.99 and the maximum amount such Settlement Class Member may recover is $599.99.

27.     Settlement checks to the Settlement Class Members will be void ninety (90) days from date of issuance.  Any Settlement Class Member who does not negotiate the settlement check issued to them within ninety (90) days of the date of issuance shall be deemed to have rescinded and withdrawn their claim for monetary compensation under the Settlement Agreement, but shall remain a member of the Settlement Class and bound by the terms of the Settlement Agreement and this Final Approval Order.

28.     Pursuant to the terms of the Settlement Agreement, any unclaimed or undistributed amounts remaining in the Settlement Fund after all payments required under the Settlement Agreement have been made shall be distributed to the following *cy pres* recipient: [court to approve recipient].  Payment is due in accordance with the timing set forth in the Settlement Agreement.

29.     Settlement Class Counsel or the Class Administrator shall file an affidavit of final accounting of the Class Action Settlement by [DATE], 2015.

30.     Settlement Class Counsel shall submit a report on the final accounting of the Class Action Settlement by [DATE], 2015.  A hearing on the final accounting of the Class Action Settlement is set for [DATE], 2015, at [TIME].

ENTER:

Dated: _____          _____

United States District Judge

# Exhibit B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| NICHOLAS MARTIN, on behalf of himself and others similarly situated, | ) ) ) | Case No. 1:13-cv-06923 |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| JTH TAX, INC., d/b/a LIBERTY TAX SERVICE, | ) ) ) | Hon. Judge Manish S. Shah |
| Defendant. | ) | |

**DECLARATION OF ALEXANDER H. BURKE IN SUPPORT OF**
**PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

1.      I am Alexander H. Burke, manager of Burke Law Offices, LLC.  I submit this declaration in support of Plaintiff Nicholas Martin's motion for preliminary approval of class action settlement in this matter. Except as otherwise noted, I have personal knowledge of the facts set forth in this declaration, and could testify competently to them if called upon to do so.

2.      In September 2008, I opened Burke Law Offices, LLC.  This firm concentrates on consumer class action and consumer work on the plaintiff side. Since the firm began, it has focused on prosecuting cases pursuant to the Telephone Consumer Protection Act, although the firm accepts the occasional action pursuant to the Fair Debt Collection Practices Act, Fair Credit Reporting Act, Equal Credit Opportunity Act, Electronic Funds Transfer Act, Illinois Consumer Fraud Act, Truth in Lending Act and the Fair Labor Standards Act, among others.  The firm also sometimes accepts mortgage foreclosure defense or credit card defense case.  Except for debt collection defense cases, the firm works almost exclusively on a contingency basis.

3.      I am regularly asked to speak regarding TCPA issues, on the national level. For example, I conducted a one-hour CLE on prosecuting TCPA autodialer and Do Not Call claims

1

pursuant to the Telephone Consumer Protection Act for both the National Association of Consumer Advocates in summer 2012, and spoke on similar subjects at the annual National Consumer Law Center national conferences in October 2012, November 2013 and November 2014.

4.     I also am actively engaged in policymaking as to TCPA issues, and have had several *ex parte* meetings with various decision makers at the Federal Communications Commission.

5.     I make substantial efforts to remain current on the law, including class action issues.  I attended the National Consumer Law Center Consumer Rights Litigation Conference in 2006 through 2013, and was an active participant in the Consumer Class Action Intensive Symposium at each of those conferences.  In October 2009, I spoke on a panel of consumer class action attorneys welcoming newcomers to the conference. In addition to regularly attending Chicago Bar Association meetings and events, I was the vice-chair of the Chicago Bar Association's consumer protection section in 2009 and the chair in 2010. In November 2009, I moderated a panel of judges and attorneys discussing recent events and decisions concerning arbitration of consumer claims and class action bans in consumer contracts.

6.     Some notable class actions and autodialer TCPA class actions and other cases that my firm has worked on include: *Charvat v. Valente*, --- F.Supp.3d ----, 2015 WL 993389 (N.D.Ill. March 3, 2015) (compelling discovery in TCPA class case); *In re Capital One TCPA Litig.*, --- F. Supp. 3d ----, 2015 WL 605203 (N.D. Ill. Feb. 12, 2014) (granting final approval to $75 million cash TCPA settlement); *Hossfeld v. Government Employees Ins. Co.*, --- F.Supp.3d ----, 2015 WL 847474 (D.Md. Feb. 25, 2015) (denying motion to dismiss in TCPA vicarious liability case); *Legg v. Quicken Loans, Inc*., 2015 WL 897476 (S.D.Fla. Feb. 25, 2015) (denying

motion to dismiss in TCPA case); *Wilkins v. HSBC Bank Nevada, N.A.*, 2015 WL 890566 (N.D.Ill. Feb. 27, 2015) (finally approving $40 million cash TCPA settlement; this decision is currently on appeal); *Toney v. Quality Resources, Inc.*, --- F.Supp.3d ----, 2014 WL 6757978 (N.D.Ill. Dec. 1, 2014) (denying motion to dismiss and defendant's summary judgment motion in TCPA class action); *Gomez v. PNC Bank, National Association*, --- F.Supp.2d ----, 2014 WL 3640798 (Jul. 24, 2014) (litigation collective action and Rule 23 class certified for unpaid overtime claims; this decision is on interlocutory appeal); *Smith v. State Farm Mutual Automobile Insurance Company*, and 301 F.R.D. 284 & 30 F.Supp.3d 765 (N.D.Ill. 2014) (appointing Burke Law Offices, LLC as interim co-lead liaison counsel through contested leadership motion practice, and later denying motion to dismiss TCPA case); *Charvat v. Allstate Corporation*, 29 F.Supp.3d 1147, N.D.Ill., March 05, 2014) (denying motion to dismiss in TCPA case); *Hanley v. Fifth Third Bank*, 1:12-cv-1612 (N.D.Ill.) ($4.5 million nonreversionary TCPA settlement); *Martin v. Dun & Bradstreet, Inc.*, 1:12-cv-215 (Aug. 21, 2012 N.D.Ill.) (Denlow, J. certifying litigation class and appointing me as sole class counsel) (Jan. 16, 2014, 2013) (final approval granted for $7.5 million cap / $4.9 million floor nonreversionary class settlement); *Desai v. ADT, Inc*, 1:11-cv-1925 (June 21, 2013) (final approval for $15 million TCPA class settlement granted); *Martin v. CCH, Inc.*, 1:10-cv-3494 (N.D.Ill.) (Mar. 20, 2013) (final approval granted for $2 million class settlement in TCPA autodialer case); *Swope v. Credit Management, LP*, 2013 WL 607830 (E.D.Mo. Feb. 19, 2013) (denying motion to dismiss in "wrong number" TCPA case); *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838 (N.D.Ill. Aug. 10, 2012) (denying motion to dismiss TCPA case on constitutional grounds); *Soppet v. Enhanced Recovery Co.*, 2011 WL 3704681(N.D.Ill. Aug 21, 2011), *aff'd*, 679 F.3d 637 (7th Cir. 2012) (TCPA defendant's summary judgment motion denied. My participation was limited to

3

litigation in the lower court); *D.G. ex rel. Tang v. William W. Siegel & Associates, Attorneys at Law, LLC*, 2011 WL 2356390 (N.D.Ill. Jun 14, 2011); *Martin v. Bureau of Collection Recovery*, 2011 WL 2311869 (N.D.Ill. June 13, 2011) (motion to compel TCPA class discovery granted); *Powell v. West Asset Management, Inc*., 773 F.Supp.2d 898 (N.D.Ill. 2011) (debt collector TCPA defendant's "failure to mitigate" defense stricken for failure to state a defense upon which relief may be granted); *Fike v. The Bureaus, Inc*., 09-cv-2558 (N.D.Ill. Dec. 3, 2010) (final approval granted for $800,000 TCPA settlement in autodialer case against debt collection agency); *Donnelly v. NCO Financial Systems, Inc.*, 263 F.R.D. 500 (N.D.Ill. Dec. 16, 2009) Fed.R.Civ.P. 72 objections overruled in toto, 2010 WL 308975 (N.D.Ill. Jan 13, 2010) (novel class action and TCPA discovery issues decided favorably to class).

7.      Before I opened Burke Law Offices, LLC, I worked at two different plaintiff boutique law firms doing mostly class action work, almost exclusively for consumers. Some decisions that I was actively involved in obtaining while at those law firms include: *Cicilline v. Jewel Food Stores, Inc.*, 542 F.Supp.2d 831 (N.D.Ill. 2008) (FCRA class certification granted); 542 F.Supp.2d 842 (N.D.Ill. 2008) (plaintiffs' motion for judgment on pleadings granted); *Harris v. Best Buy Co*., 07 C 2559, 2008 U.S. Dist. LEXIS 22166 (N.D.Ill. March 20, 2008) (Class certification granted); *Matthews v. United Retail, Inc.,* 248 F.R.D. 210 (N.D.Ill. 2008) (FCRA class certification granted); *Redmon v. Uncle Julio's, Inc*., 249 F.R.D. 290 (N.D.Ill. 2008) (FCRA class certification granted); *Harris v. Circuit City Stores, Inc*., 2008 U.S. Dist. LEXIS 12596, 2008 WL 400862 (N.D. Ill. Feb. 7,2008) (FCRA class certification granted); aff'd upon objection (Mar. 28, 2008); *Harris v. Wal-Mart Stores, Inc.*, 2007 U.S. Dist. LEXIS 76012 (N.D. Ill. Oct. 10, 2007) (motion to dismiss in putative class action denied); *Barnes v. FleetBoston Fin. Corp.*, C.A. No. 01-10395-NG, 2006 U.S. Dist. LEXIS 71072 (D.Mass. Aug.

22, 2006) (appeal bond required for potentially frivolous objection to large class action settlement, and resulting in a $12.5 million settlement for Massachusetts consumers); *Longo v. Law Offices of Gerald E. Moore & Assocs., P.C.*, 04 C 5759, 2006 U.S. Dist. LEXIS 19624 (N.D.Ill. March 30, 2006) (class certification granted); *Nichols v. Northland Groups, Inc*., case nos. 05 C 2701, 05 C 5523, 06 C 43, 2006 U.S. Dist. LEXIS 15037 (N.D.Ill. March 31, 2006) (class certification granted for concurrent classes against same defendant for ongoing violations); *Lucas v. GC Services, L.P*., case No. 2:03 cv 498, 226 F.R.D. 328 (N.D.Ind. 2004) (compelling discovery), 226 F.R.D. 337 (N.D.Ind. 2005) (granting class certification); *Murry v. America's Mortg. Banc, Inc.*, case nos. 03 C 5811, 03 C 6186, 2005 WL 1323364 (N.D. Ill. May 5, 2006) (Report and Recommendation granting class certification), aff'd, 2006 WL 1647531 (June 5, 2006); *Rawson v. Credigy Receivables, Inc.,* case no. 05 C 6032, 2006 U.S. Dist. LEXIS 6450 (N.D. Ill. Feb. 16, 2006) (denying motion to dismiss in class case against debt collector for suing on time-barred debts).

8.     I graduated from Colgate University in 1997 (B.A. International Relations), and from Loyola University Chicago School of Law in 2003 (J.D.).  During law school I served as an extern to the Honorable Robert W. Gettleman of the District Court for the Northern District of Illinois and as a law clerk for the Honorable Nancy Jo Arnold, Chancery Division, Circuit Court of Cook County. I also served as an extern for the United States Attorney for the Northern District of Illinois and was a research assistant to adjunct professor Honorable Michael J. Howlett, Jr.

9.     I was the Feature Articles Editor of the Loyola Consumer Law Review and Executive Editor of the International Law Forum. My published work includes International Harvesting on the Internet: A Consumer's Perspective on 2001 Proposed Legislation Restricting

the Use of Cookies and Information Sharing, 14 Loy. Consumer L. Rev. 125 (2002).

10.     I became licensed to practice law in the State of Illinois in 2003 and the State of Wisconsin in March 2011, and am a member of the bar of the United States Court of Appeals for the Seventh and First Circuits, as well as the Northern District of Illinois, Central District of Illinois, Southern District of Illinois, Eastern District of Wisconsin, Western District of Wisconsin, Northern District of Indiana, Southern District of Indiana and the District of Nebraska. I am also a member of the Illinois State Bar Association, the Seventh Circuit Bar Association and the American Bar Association, as well as the National Association of Consumer Advocates.

11.     The above experience, qualifications, decisions and settlements demonstrate my ability and commitment to prosecuting TCPA class cases, and show substantial experience in negotiating fair and adequate settlements.

12.     I thoroughly investigated the facts and circumstances surrounding this case, including through substantial, substantive discovery with Defendant JTH Tax, Inc., d/b/a Liberty Tax Service ("Liberty") and third parties like Defendant's telemarketer, Zee Calls LLC ("Zee Calls"). Among other things, I obtained records identifying approximately 291,000 members of the Settlement Class whose cellular telephone number Zee Calls autodialed on behalf of Defendant since September 25, 2009.  This includes efforts my firm made to obtain usable records to actually effectuate this settlement, through the ancillary subpoena enforcement proceeding against Zee Calls in the Southern District of New York, *Martin v. Zee Calls LLC*, No. 15-65 (S.D.N.Y.).

13.     Settlement negotiations in this case have been prolonged and hard-fought, spanning the course of several months.  Apart from the numerous, arm's-length negotiations co-

counsel and I engaged in with defense counsel informally, the parties participated in a formal mediation before the Honorable Morton Denlow (Ret.) of JAMS on September 15, 2014.  In preparation of this mediation, the parties each submitted detailed mediation briefs setting forth their respective views on the strengths of their cases and—while unable to reach an accord at that time—thoroughly discussed their relative views of the law and the facts and potential relief for the proposed class in detail during the mediation, itself.  Among other things, Defendant took the position that it could not be held liable for the calls to Plaintiff and the class, because it did not authorize such calls, which were made by a subvendor.  Through further negotiations between the parties by e-mail and telephone—supported by assistance from Judge Denlow, to whom the parties continued to provide updates and additional analyses—an agreement in principle was eventually reached, leading to the Settlement Agreement now before the Court.  At all times, the parties' settlement negotiations were highly adversarial, non-collusive, and at arm's-length.  My law office's thorough legal and factual analyses—bolstered by substantive confirmatory discovery and the use of a consulting expert—informed the settlement.

14.     As part of the settlement, the Parties agreed to use Dahl Administration LLC as the Class Administrator.  Dahl Administration has informed us that, assuming a 5% claims rate, it estimates a total cost of notice and claims administration of under approximately $250,000.

15.     I participated in negotiating the proposed settlement in this case. In my view, given all the risks of litigation and the facts and circumstances of this case, the settlement is fair and reasonable.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed in Evanston, Illinois

April 27, 2015                                    /s/Alexander H. Burke