**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| NICHOLAS MARTIN on behalf of himself and others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 1:13-cv-6923 |
| JTH TAX, INC., d/b/a LIBERTY TAX SERVICE, | ) ) ) | Hon. Manish S. Shah |
| Defendant. | ) ) | |

**ORDER GRANTING MOTION FOR
PRELIMINARY APPROVAL OF SETTLEMENT**

The Motion of Plaintiff Nicholas Martin ("Plaintiff") for Preliminary Approval of Class Action Settlement (the "Motion"), which seeks preliminary approval of a class settlement with Defendant JTH Tax, Inc. ("Defendant") and of the proposed form and manner of notice to the class, came before this Court for hearing on May 7, 2015.

Having considered the Motion, the signed Settlement Agreement between the Parties (the "Settlement Agreement") attached as Exhibit A to the Motion, all other evidence submitted concerning the Motion, and being duly advised in the premises, this Court specifically finds that:

(a)     On September 25, 2013, Plaintiff filed its class action complaint, captioned _Nicholas Martin v. JTH Tax, Inc._, Case No. 13-cv-5782, in the United States District Court for the Northern District of Illinois (the "Litigation"). Plaintiff alleges that Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA") by placing phone calls to cellular phones using an autodialer without the called parties' consent.

(b)     Defendant denies violating the TCPA and any other federal or state law and denies any liability to Plaintiff or any other person or entity.  Defendant desires to settle the Litigation solely to avoid the expense, burden, and uncertainty of further litigation, and to put to rest all causes of action, suits, claims, or demands, in law or in equity, known or unknown, which Plaintiff and Settlement Class Members may have against any one or all of the Released Parties for alleged violations of the TCPA or any similar state law based upon the use of an automatic telephone dialing system or an artificial or prerecorded voice, which has accrued at any time before  April 27, 2015.

(c)     Defendant has represented that, based on a review of available records, during the time period beginning on September 25, 2009 through and including April 19, 2015 (the "Class Period"), it or its agents or other parties purportedly acting on its behalf placed calls subject to the Litigation to approximately 291,000 cellular phone numbers.

(d)     Plaintiff, individually and on behalf of a class, desires to settle his claims against Defendant, having taken into account through Plaintiff's counsel the risks, delay, and difficulties involved in establishing a right to recovery in excess of the substantial amount to be paid pursuant to the settlement negotiated by the Parties and the likelihood that further litigation will be protracted and expensive.

(e)     The settlement memorialized in the Settlement Agreement (the "Class Action Settlement") has been negotiated in good faith and at arm's length between the Parties and is preliminarily determined to be fair, reasonable, adequate and in the best interests of the class as defined in the Settlement Agreement[1] (the "Settlement Class").

---

[1] Any capitalized term(s) not otherwise defined in this Order Granting Motion for Preliminary Approval of Settlement are defined in accordance with the definitions in the Settlement Agreement.

(f)     The plan for notice of the proposed Class Action Settlement as provided for in the Settlement Agreement fully complies with the requirements of Federal Rule of Civil Procedure ("Rule") 23(c)(2)(B) and (e)(1) and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled to notice of the Class Action Settlement.

(g)     For settlement purposes only, this Court also finds that (i) certification of the Settlement Class is appropriate under Rule 23(a) and (b)(3), and specifically that (ii) there are questions of law and fact common to the class that predominate over any questions affecting only individual class members, (iii) Plaintiff's claims are typical of the claims of the Settlement Class, (iv) Plaintiff meets the requirements to represent the Settlement Class pursuant to Rule 23(a)(4) and will fairly and adequately represent the interests of the Settlement Class, (v) Alexander H. Burke, of Burke Law Offices, LLC meets the requirements to be appointed class counsel pursuant to Rule 23(g), (vi) a class action is the superior method for the fair and efficient adjudication of this controversy, and (vii) the members of the Settlement Class will receive the best notice of the Class Action Settlement practicable pursuant to Rule 23 (c)(2)(B) and (e)(1) if notice is provided in the manner described in the Settlement Agreement and as specifically ordered below.

**IT IS THEREFORE ORDERED THAT:**

1.     This Court has jurisdiction over Plaintiff, Defendant, members of the Settlement Class, and the claims asserted in the Litigation.

2.     The Class Action Settlement as memorialized in the Settlement Agreement has been negotiated in good faith and at arm's length and is preliminarily determined to be fair, reasonable, adequate and in the best interests of the Settlement Class in light of the factual, legal, practical and procedural considerations raised by the Litigation.

3.      Solely for the purposes of settlement, pursuant to Federal Rule of Civil Procedure 23(b)(3), the following Settlement Class is hereby preliminarily certified:

> All persons nationwide who Defendant, or a party acting on behalf of Defendant, called on their cell phone using a device that has the capacity to dial numbers without human intervention, where Released Parties obtained the phone number from some source other than directly from the called party, where any call was made between and including September 25, 2009 and April 19, 2015.

4.      The Settlement Class is limited to persons associated with the approximately 291,000 cell phone numbers identified by the parties as having been called using an automatic telephone dialing system or an artificial or prerecorded voice.

5.      The Settlement Class is preliminarily certified for no purpose other than to effectuate the Class Action Settlement as specifically memorialized in the Settlement Agreement. If the Settlement Agreement is terminated pursuant to its terms or for any other reason, or is disapproved in a final order by this Court or any court of competent jurisdiction, then (a) this Order Granting Motion for Preliminary Approval of Settlement (the "Preliminary Approval Order") and all preliminary and/or final findings herein or stipulations of the Parties regarding certification of the Settlement Class shall be automatically vacated upon notice to this Court of the Settlement Agreement's termination or disapproval; (b) the above-captioned litigation will proceed as though the Settlement Class had never been certified and any related findings or stipulations had never been made and neither the Settlement Agreement, nor any of its Exhibits, nor any other associated settlement document may be used in seeking class certification; and (c) Defendant shall be deemed to have reserved all procedural and/or substantive rights as of the date of execution of the Settlement Agreement.

6.      Pursuant to Rule 23(a)(4), the Court preliminarily designates Plaintiff Nicholas Martin as the class representative of the Settlement Class (the "Class Representative").

7.      Pursuant to Rule 23(g), the Court preliminarily appoints the following as class counsel: Alexander H. Burke of Burke Law Offices, LLC, 155 N. Michigan Ave., Suite 9020, Chicago, Illinois 60601 ("Settlement Class Counsel").

8.      The class administrator shall be Dahl Administration, LLC (the "Class Administrator").

9.      Settlement Class Counsel will identify and authorize the Class Administrator to establish and administer an account in a name substantially similar to "Nicholas Martin v. JTH Tax, Inc. Settlement Fund" (the "Escrow Account").

10.     Within 14 days of entry of the Court's preliminary approval, Defendant shall pay into the Escrow Account amounts reasonably necessary to effectuate the plan for notice and administration delineated herein.  Payments for notice and administration expenses shall be paid to the Class Administrator out of the Escrow Account.

11.     Prior to the Effective Date, as that date is defined in the Settlement Agreement, in the event that (a) the Settlement Agreement is terminated pursuant to its terms; (b) the Settlement Agreement is not approved by this Court or otherwise does not become effective; or (c) any order of this Court finally approving the Class Action Settlement is reversed, vacated, or modified in any material respect which is not mutually acceptable to the Parties, then Settlement Class Counsel or its agent shall return all funds in the Escrow Account, less costs actually incurred for notice and administration, to counsel of record for Defendants within three (3) business days of that event.  Until the Effective Date, no payments or distributions may be made from the Escrow Account other than for class notice and administration expenditures, unless approved by this Court.

12.     As specifically set forth in the Settlement Agreement, the notice to the Settlement Class shall give notice of the Settlement Agreement, its terms, the right to request exclusion, the right to object to the Class Action Settlement and the right to submit a claim.  The Settlement Agreement's plan for notice is the best class notice practicable under the circumstances and satisfies the requirements of due process and Rule 23.  That notice plan is hereby approved and adopted.

13.     The form of actual notice that Settlement Class Counsel or the Class Administrator shall provide is attached to the Settlement Agreement as <u>Exhibit A</u> (the "Notice"). The claim form that Settlement Class Counsel or the Class Administrator shall provide to all Class Members is attached to the Settlement Agreement as <u>Exhibit B</u> (the "Claim Form"). Settlement Class Counsel is ordered to cause the Class Administrator to send the Notice and Claim Form to each member of the Settlement Class in the manner specified in the Settlement Agreement by no later than **June 16, 2015**.  Settlement Class Counsel shall also post the Notice and a copy of the Settlement Agreement (excluding exhibits), on http://www.burkelawllc.com/.

14.     To effectuate the Class Action Settlement, the Court establishes the following deadlines for the events set forth in the Settlement Agreement and directs the Parties to incorporate the deadlines in the Notice and Claim Forms:

(a)     <u>Fee Motion</u>. Settlement Class Counsel shall file a motion for attorney's fees, costs and any service award to the named plaintiff by **July 15, 2015**.

(b)     <u>CAFA Compliance</u>. Defendant shall file proof of compliance with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b), by no later than **July 11, 2015**.  No order finally approving the Class Action Settlement memorialized in the

Settlement Agreement shall be entered until the expiration of at least ninety (90) days from the latest date on which such notice is provided.

(c) <u>Objections</u>. Objections of any member(s) of the Settlement Class, all briefs and/or other materials filed by any member(s) of the Settlement Class in support of objections, and/or any appearance of an attorney on behalf of any member(s) of the Settlement Class must be filed in this Court and served by mail postmarked to Settlement Class Counsel and counsel for each Defendant on or before **August 5, 2015** shall be forever barred. Each objection must include: (i) the name, address, and cellular telephone phone number of the person(s) or entity objecting to the Settlement Agreement; (ii) a statement of the objection to the Settlement Agreement; (iii) an explanation of the legal and factual basis for the objection; and (iv) documentation, if any, to support the objection.

(d) <u>Exclusions</u>. A request by any member of the Settlement Class for exclusion from the Class Action Settlement must be in writing and state the name, address, and cellular phone number (to which a call was placed by or on behalf of Defendant using an autodialer during the Class Period) of the person(s) or entity seeking exclusion. Each request for exclusion must also contain a signed statement providing that: "I/we hereby request that I/we be excluded from the proposed Settlement Class in the Litigation." The request must be mailed or faxed to Settlement Class Counsel or the Class Administrator at the address or facsimile number provided in the Notice and postmarked or received by Settlement Class Counsel or the Class Administrator on or before **August 5, 2015**. Settlement Class Counsel shall provide copies of all requests for exclusion to counsel for the Defendant. A request for exclusion that does not include all of the foregoing information, or that is sent to an address other than the one designated in the Notice, or that is not postmarked or received by Settlement Class Counsel or

the Class Administrator within the time specified, shall be invalid and the person(s) serving such a request shall remain a member of the Settlement Class and shall be bound by the terms of the Settlement Agreement, if finally approved by the Court.

          (e)    <u>Claim Forms</u> shall be returned by members of the Settlement Class to Settlement Class Counsel or the Class Administrator online, by fax, or by mail postmarked on or before **August 15, 2015**.  Claims not submitted by this date shall be barred.

          (f)    <u>Final Approval Materials</u>. On or before **August 31, 2015**, Settlement Class Counsel or the Class Administrator shall file the following :

          i.    a memorandum in support of final approval of the Class Action Settlement memorialized in the Settlement Agreement

          ii.    an affidavit regarding completion of notice to the Settlement class;

          iii.    a list of the individual members of the Settlement Class requesting exclusion from the Settlement Class.

15.    Any responses to objections filed by members of the Settlement Class shall be filed with the Court by no later than **August 31, 2015**.  There shall be no replies from objectors.

16.    The final hearing to determine whether the Class Action Settlement memorialized in the Settlement Agreement is fair, reasonable, and adequate, and whether it should be approved by the Court, will be conducted on **September 16, 2015 at 12:30 p.m**.

17.    Defendant shall have the right, but not the obligation, to terminate the Settlement Agreement if more than 300 members of the Settlement Class submit non-duplicative, timely and valid requests for exclusion from the Settlement Class.  Defendant must timely exercise its right to terminate the Settlement Agreement by filing a Notice of Termination with the Clerk of the Court prior to the entry of any order of this Court granting final approval of the Class Action Settlement.

18.     Upon entry of this Preliminary Approval Order and continuing until the final hearing on September 16, 2015 at 12:30 p.m., Plaintiff and every member of the Settlement Class are hereby preliminarily enjoined from commencing, prosecuting or continuing to pursue on behalf of any class any of the Released Claims, as that term is defined in the Settlement Agreement, against Defendant and its respective parents, subsidiaries, affiliates, predecessors and successors in interest, and all of those entities' past and current officers, directors, shareholders, partners, members, employees, agents and insurers in such capacities as they relate to the actions that are the subject of the Litigation, specifically including, but not limited to, the class claims alleged in the Litigation.

19.     The Court may, for good cause, extend any of the deadlines set forth in this Preliminary Approval Order or adjourn or continue the final approval hearing without further notice to the Settlement Class.


ENTER:


Dated:05/07/15                              _____
                                            Manish S. Shah
                                            United States District Judge