IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NICHOLAS MARTIN, on behalf of himself and others similarly situated, | )<br>)  Case No. 1:13-cv-06923<br>) |
| Plaintiff, | )<br>) |
| | )  Hon. Judge Manish S. Shah |
| v. | )  Hon. Mag. Judge Sheila M. Finnegan<br>) |
| JTH TAX, INC. d/b/a LIBERTY TAX SERVICE, | )<br>) |
| Defendant. | ) |

**DECLARATION OF ALEXANDER H. BURKE**

1.      I am Alexander H. Burke, manager and owner of Burke Law Offices, LLC.  I submit this declaration in support of Plaintiff Nicholas Martin's Unopposed Motion for an Award of Attorneys' Fees and Incentive Award in Connection with the Settlement in this matter. Except as otherwise noted, I have personal knowledge of the facts set forth in this declaration, and could testify competently to them if called upon to do so.

2.      In September 2008, I opened Burke Law Offices, LLC.  This firm concentrates on consumer class action and consumer work on the plaintiff side. Since the firm began, it has focused on prosecuting cases pursuant to the Telephone Consumer Protection Act, although the firm accepts the occasional action pursuant to the Fair Debt Collection Practices Act, Fair Credit Reporting Act, Equal Credit Opportunity Act, Electronic Funds Transfer Act, Illinois Consumer Fraud Act, Truth in Lending Act and the Fair Labor Standards Act, among others.  The firm also sometimes accepts mortgage foreclosure defense or credit card defense case.  Except for debt collection defense cases, the firm works almost exclusively on a contingency basis.

1

3. I am regularly asked to speak regarding TCPA issues, on the national level. For example, I conducted a one-hour CLE on prosecuting TCPA autodialer and Do Not Call claims pursuant to the Telephone Consumer Protection Act for both the National Association of Consumer Advocates in summer 2012, and spoke on similar subjects at the annual National Consumer Law Center national conferences in October 2012, November 2013 and November 2014. I also spoke at a National Consumer Law Center conference regarding TCPA issues in March 2015, and have been asked to speak at the National Consumer Law Center conference again this year.

4. I also am actively engaged in policymaking as to TCPA issues, and have had several *ex parte* meetings with various decision makers at the Federal Communications Commission.

5. I make substantial efforts to remain current on the law, including class action issues. I attended the National Consumer Law Center Consumer Rights Litigation Conference in 2006 through 2013, and was an active participant in the Consumer Class Action Intensive Symposium at each of those conferences. In October 2009, I spoke on a panel of consumer class action attorneys welcoming newcomers to the conference. In addition to regularly attending Chicago Bar Association meetings and events, I was the vice-chair of the Chicago Bar Association's consumer protection section in 2009 and the chair in 2010. In November 2009, I moderated a panel of judges and attorneys discussing recent events and decisions concerning arbitration of consumer claims and class action bans in consumer contracts.

6. Some notable autodialer TCPA class actions and other cases that my firm has worked on include: *Charvat v. Travel Services*, --- F.Supp.3d ----, 2015 WL 3917046 (N.D.Ill. June

2

24, 2015) (determining proper scope of class representative discovery in TCPA case), also 2015 WL 3575636 (N.D.Ill. June 8, 2015) (granting plaintiff's motion to compel vicarious liability/agency discovery in TCPA case); *Lees v. Anthem Ins. Companies Inc.*, 2015 WL 3645208 (E.D.Mo. June 10, 2015) (finally approving TCPA class settlement where I was class counsel); *Hofer v. Synchrony Bank*, 2015 WL 2374696 (E.D.Mo. May 18, 2015) (denying motion to stay TCPA case on primary jurisdiction grounds); *Wilkins v. HSBC Bank Nevada, N.A.*, 2015 WL 890566 (N.D.Ill. Feb. 27, 2015) (granting final approval to TCPA class settlement where I was class counsel); *Hossfeld v. Government Employees Ins. Co.*, --- F.Supp.3d ----, 2015 WL 847474 (D.Md. Feb. 25, 2015) (denying motion to dismiss in TCPA class action); *Legg v. Quicken Loans, Inc.*, 2015 WL 897476 (S.D.Fla. Feb. 25, 2015) (denying motion to dismiss in TCPA case); *Smith v. State Farm Mut. Auto. Ins. Co.*, 2014 WL 228892, (N.D.Ill. Jan. 21, 2014) (designating me as pursuant to Fed.R.Civ.P. 23(g) interim liaison counsel pursuant to contested motion in large TCPA class case), 2014 WL 3906923 (Aug 11, 2014) (motion to dismiss denied in cutting edge vicarious liability case); *Gomez v. PNC Bank, National Association*, --- F.R.D. ----, 2014 WL 36-40798 (N.D.Ill. Jul. 24, 2014) (litigation collective action and Rule 23 class certified for unpaid overtime claims), Fed.R.Civ.P. 23(f) *petition accepted*; *Hanley v. Fifth Third Bank*, 1:12-cv-1612 (N.D.Ill.) (final approval for $4.5 million nonreversionary TCPA settlement granted December 27, 2013); *Markovic v. Appriss, Inc.*, 2013 WL 6887972 (S.D.Ind. Dec. 31, 2013) (motion to dismiss denied in TCPA class case); *Martin v. Comcast Corporation*, 2013 WL 6229934 (N.D.Ill. Nov. 26, 2013) (motion to dismiss denied in TCPA class case); *Gold v. YouMail, Inc.*, 2013 WL 652549 (S.D.Ind. Feb. 21, 2013); *Martin v. Dun & Bradstreet, Inc.*, 1:12-cv-215 (N.D.Ill. Aug. 21, 2012) (Denlow, J.) (certifying litigation class and appointing me as sole class counsel) (July 16,

2013) (final approval granted for $7.5 million class settlement granted January 16, 2014); *Desai v. ADT, Inc*, 1:11-cv-1925 (June 21, 2013) (final approval for $15 million TCPA class settlement granted); *Martin v. CCH, Inc.*, 1:10-cv-3494 (N.D.Ill.) (Mar. 20, 2013) (final approval granted for $2 million class settlement in TCPA autodialer case); *Swope v. Credit Management, LP*, 2013 WL 607830 (E.D.Mo. Feb. 19, 2013) (denying motion to dismiss in "wrong number" TCPA case); *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838 (N.D.Ill. Aug. 10, 2012) (denying motion to dismiss TCPA case on constitutional grounds); *Soppet v. Enhanced Recovery Co.*, 2011 WL 3704681(N.D.Ill. Aug 21, 2011), aff'd, 679 F.3d 637 (7th Cir. 2012) (TCPA defendant's summary judgment motion denied. My participation was limited to litigation in the lower court); *D.G. ex rel. Tang v. William W. Siegel & Associates, Attorneys at Law, LLC*, 2011 WL 2356390 (N.D.Ill. Jun 14, 2011); *Martin v. Bureau of Collection Recovery*, 2011WL2311869 (N.D.Ill. June 13, 2011) (motion to compel TCPA class discovery granted); *Powell v. West Asset Management, Inc.*, 773 F.Supp.2d 898 (N.D.Ill. 2011) (debt collector TCPA defendant's "failure to mitigate" defense stricken for failure to state a defense upon which relief may be granted); *Fike v. The Bureaus, Inc.*, 09-cv-2558 (N.D.Ill. Dec. 3, 2010) (final approval granted for $800,000 TCPA settlement in autodialer case against debt collection agency); *Donnelly v. NCO Financial Systems, Inc.*, 263 F.R.D. 500 (N.D.Ill. Dec. 16, 2009) (Fed.R.Civ.P. 72 objections overruled in toto), 2010 WL 308975 (N.D.Ill. Jan 13, 2010) (novel class action and TCPA discovery issues decided favorably to class).

7. Before I opened Burke Law Offices, LLC, I worked at two different plaintiff boutique law firms doing mostly class action work, almost exclusively for consumers. Some decisions that I was actively involved in obtaining while at those law firms include: *Cicilline v.*

*Jewel Food Stores, Inc.*, 542 F.Supp.2d 831 (N.D.Ill. 2008) (FCRA class certification granted); 542 F.Supp.2d 842 (N.D.Ill. 2008) (plaintiffs' motion for judgment on pleadings granted); *Harris v. Best Buy Co.*, 07 C 2559, 2008 U.S. Dist. LEXIS 22166 (N.D.Ill. March 20, 2008) (Class certification granted); *Matthews v. United Retail, Inc.,* 248 F.R.D. 210 (N.D.Ill. 2008) (FCRA class certification granted); *Redmon v. Uncle Julio's, Inc.*, 249 F.R.D. 290 (N.D.Ill. 2008) (FCRA class certification granted); *Harris v. Circuit City Stores, Inc.*, 2008 U.S. Dist. LEXIS 12596, 2008 WL 400862 (N.D. Ill. Feb. 7,2008) (FCRA class certification granted); aff'd upon objection (Mar. 28, 2008); *Harris v. Wal-Mart Stores, Inc.*, 2007 U.S. Dist. LEXIS 76012 (N.D. Ill. Oct. 10, 2007) (motion to dismiss in putative class action denied); *Barnes v. FleetBoston Fin. Corp.*, C.A. No. 01-10395-NG, 2006 U.S. Dist. LEXIS 71072 (D.Mass. Aug. 22, 2006) (appeal bond required for potentially frivolous objection to large class action settlement, and resulting in a $12.5 million settlement for Massachusetts consumers); L*ongo v. Law Offices of Gerald E. Moore & Assocs., P.C.*, 04 C 5759, 2006 U.S. Dist. LEXIS 19624 (N.D.Ill. March 30, 2006) (class certification granted); *Nichols v. Northland Groups, Inc.*, case nos. 05 C 2701, 05 C 5523, 06 C 43, 2006 U.S. Dist. LEXIS 15037 (N.D.Ill. March 31, 2006) (class certification granted for concurrent classes against same defendant for ongoing violations); *Lucas v. GC Services, L.P.*, case No. 2:03 cv 498, 226 F.R.D. 328 (N.D.Ind. 2004) (compelling discovery), 226 F.R.D. 337 (N.D.Ind. 2005) (granting class certification); *Murry v. America's Mortg. Banc, Inc.*, case nos. 03 C 5811, 03 C 6186, 2005 WL 1323364 (N.D. Ill. May 5, 2006) (Report and Recommendation granting class certification), aff'd, 2006 WL 1647531 (June 5, 2006); *Rawson v. Credigy Receivables, Inc.,* case no. 05 C 6032, 2006 U.S. Dist. LEXIS 6450 (N.D. Ill. Feb. 16, 2006) (denying motion to dismiss in class case against debt collector for suing on time-barred debts).

5

8. I graduated from Colgate University in 1997 (B.A. International Relations), and from Loyola University Chicago School of Law in 2003 (J.D.). During law school I served as an extern to the Honorable Robert W. Gettleman of the District Court for the Northern District of Illinois and as a law clerk for the Honorable Nancy Jo Arnold, Chancery Division, Circuit Court of Cook County. I also served as an extern for the United States Attorney for the Northern District of Illinois and was a research assistant to adjunct professor Honorable Michael J. Howlett, Jr.

9. I was the Feature Articles Editor of the Loyola Consumer Law Review and Executive Editor of the International Law Forum. My published work includes International Harvesting on the Internet: A Consumer's Perspective on 2001 Proposed Legislation Restricting the Use of Cookies and Information Sharing, 14 Loy. Consumer L. Rev. 125 (2002).

10. I became licensed to practice law in the State of Illinois in 2003 and the State of Wisconsin in March 2011, and am a member of the bar of the United States Court of Appeals for the Seventh and First Circuits, as well as the Northern District of Illinois, Central District of Illinois, Southern District of Illinois, Eastern District of Wisconsin, Western District of Wisconsin, Northern District of Indiana, Southern District of Indiana and the District of Nebraska. I am also a member of the Illinois State Bar Association, the Seventh Circuit Bar Association and the American Bar Association, as well as the National Association of Consumer Advocates.

11. The above experience, qualifications, decisions and settlements demonstrate my ability and commitment to prosecuting TCPA class cases, and justify the fee requested here. Moreover, my office took this matter on a contingency fee basis, which means that the firm would receive no remuneration absent a settlement or judgment. This matter has required me to spend significant time and resources that would have otherwise been spent on other

matters. Because I undertook representation of this matter on a contingency-fee basis and without any assistance from other law offices, my firm shouldered the risk of expending substantial costs and time in litigating the action without any monetary gain in the event of an adverse judgment. In fact, for much of this litigation, Burke Law Offices, LLC was a solo law practice, such that I was solely responsible for all work done on behalf of the class. To my knowledge, Plaintiff Martin is the first and only individual to pursue any action against Liberty under the TCPA for these telemarketing calls.

12. In deciding to pursue the prosecution of this action against Liberty, I accepted that contentious class discovery would likely be required, with not only Liberty but also then-unknown third-party participants involved in actually making the calls at issue. I also accepted the real possibility that, given the class period going back to 2009 and the fact that many telemarketing vendors reside overseas and often purge their call records on a regular basis, necessary class call and lead data records would likely be difficult to obtain and, in fact, might have already been destroyed, potentially obliterating any ability to identify class members and ultimately obtain class-wide relief.

13. When Burke Law Offices, LLC loses cases, my firm takes in no money whatsoever, regardless of how hard I worked and regardless of how much money I spent on depositions, experts and other out-of-pocket costs. This happens. For example, I lost *Greene v. DirecTV, Inc.*, No. 10-117, 2010 WL 4628734 (N.D. Ill. 2010), *Elkins v. Medco Health Solutions, Inc.*, No. 12-2141, 2014 WL 1663406 (E.D. Mo. Apr. 25, 2014), and *Fitzhenry v. ADT*, 2014 WL 6663379 (S.D. Fla. Nov. 3, 2014), each hard-fought litigations that I took on a contingency basis. My firm put substantial time and money into both; resources that could have been allocated to other cases.

I believed that the plaintiff/class would prevail in these cases when I accepted them for representation, but in the end I was incorrect. As with other lawyers, sometimes I think I should have won cases or motions that I eventually lose. The difference is that while most lawyers (including my adversaries) receive remuneration regardless of whether they win or lose, I do not. These are not the only cases I have lost, but they illustrate the risks associated with this kind of contingency practice.

14.     The contracts I draft and negotiate with my clients called for the client to pay, on a contingency basis, forty percent of the total amount of any judgment or settlement after costs had been deducted. Because I had focused on TCPA cases for quite some time and believed the market would bear such, in around 2011, I raised my contingency fee to 40%, after costs. I have not had any potential clients balk a 40% fee—indeed, even former clients who returned with new potential cases agreed to this fee arrangement; ostensibly because they believed I deserved such a fee because of my representation and results. Based upon conversations with other TCPA lawyers in Chicago, I am confident that the market rate for plaintiff contingency representation for this kind of case is between one-third and 40%. This belief is corroborated by the fact that my firm's contract with Mr. Martin in this case calls for fees of 40% of his recovery, after expenses.

15.     My firm and I have dedicated a substantial amount of time investigating, litigating and negotiating this case, and Defendant JTH Tax, Inc. ("Liberty"), and the third parties that were involved, pushed back at every turn. Based upon my previous experience as noted above, I believe this settlement, and the requested fee and incentive award, to be fair and reasonable under the circumstances and in the best interest of the class. I zealously prosecuted

this action, including moving to compel Liberty as necessary to ensure disclosure of third parties for whom preservation and production of relevant evidence was necessary, successfully fending off a motion to dismiss, and aggressively pursuing discovery supporting Plaintiff's claims and ensuring well-informed negotiations in the best interests of the class.

16. Discovery in this case posed many problems. At the outset of this action, I ran into difficulty getting Liberty to identify the third parties involved in making the calls at issue, and eventually had to move to compel their identification. Once that information was obtained, I then began the arduous and painstaking task of locating that third party, Zee Calls, LLC, and trying to get it to disclose relevant information about its sub-vendors and the leads that it called. I sought records of the phone calls at issue in this case from the sub-vendor "Executive Boutique" which, as a foreign, Philippines-based telemarketing company, was extremely difficult to track down. Only through extensive investigation was it revealed that an executive of Executive Boutique resided in New Jersey, who only occasionally commuted to Asia. This revelation, which was the result of hard work (and more than a little luck), allowed me to have a subpoena served on the executive at his New Jersey home. Executive Boutique then hired counsel, and it was only after extensive meeting and conferring that it eventually produced the requested call detail records. However, because Executive Boutique did not records identifying the actual class members called, I was forced to turn back to Liberty's vendor, Zee Call LLC, for this information. When Zee Calls refused to produce usable lead data identifying members of the class, I was forced to initiate another action in the Southern District of New York, *Martin v. Zee Calls LLC*, No. 15-65 (S.D.N.Y.), to compel the production of such materials. Through further

9

perseverance, I was eventually able to wrench compliance and obtain the necessary class records, which have now been used to effectuate notice under the settlement.

17. I personally devoted significant time conducting numerous, arms' length negotiations with defense counsel, and negotiated successfully on behalf of the Settlement Class to effectuate the settlement currently before the Court—including through formal, in-person mediation with the Honorable Morton Denlow (Ret.) and repeated back-and-forth with defense counsel by e-mail and phone. When Liberty's vendor who made the calls at issue, Zee Calls, refused to produce usable call data permitting the proper identification of class members, my office filed a separate action in the Southern District of New York to enforce Plaintiff's subpoena. Despite filing this supplemental action, it still took significant back-and-forth with Zee Calls' counsel to get it to agree to produce the necessary class data and comply with the subpoena. My office has also spent substantial attorney time preparing the settlement papers and notice documents, working with the Class Administrator, and drafting the approval motions. The settlement will act as a strong deterrent to future conduct by other actors considering activities proscribed by the TCPA.

18. Plaintiff Martin also put in considerable time ensuring that the interests of the class were adequately protected in this action, including working with my office to investigate the case, keeping abreast of the proceedings through litigation and settlement, and reviewing and ultimately approving the proposed settlement.

19. The total actual out-of-pocket costs incurred by my office to date amount to $7,486.14, and include amounts for the filing fee and service of the summons and complaint on

Liberty, third-party subpoenas (including the enforcement action against Zee Calls in the Southern District of New York), and mediation expenses.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 15th day of July, 2015, in Chicago, Illinois.

    /s/ Alexander H. Burke