# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NICHOLAS MARTIN, on behalf of himself and others similarly situated, | ) ) ) | Case No. 1:13-cv-06923 |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| JTH TAX, INC. d/b/a LIBERTY TAX SERVICE, | ) ) | Hon. Judge Manish S. Shah Hon. Mag. Judge Sheila M. Finnegan |
| Defendant. | ) | |

**DECLARATION OF ALEXANDER H. BURKE IN SUPPORT OF**
**FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

I, Alexander H. Burke, declare as follows:

1. I am Alexander H. Burke, manager of Burke Law Offices, LLC. I submit this declaration in support of Plaintiff's motion for final approval of class action settlement in this matter. Except as otherwise noted, I have personal knowledge of the facts set forth in this declaration, and could testify competently to them if called upon to do so.

2. In September 2008, I opened Burke Law Offices, LLC. This firm concentrates on consumer class action and consumer work on the plaintiff side. Since the firm began, it has focused on prosecuting cases pursuant to the Telephone Consumer Protection Act, although the firm accepts the occasional action pursuant to the Fair Debt Collection Practices Act, Fair Credit Reporting Act, Equal Credit Opportunity Act, Electronic Funds Transfer Act, Illinois Consumer Fraud Act, Truth in Lending Act and the Fair Labor Standards Act, among others. The firm also sometimes accepts mortgage foreclosure defense or credit card defense case. Except for debt collection defense cases, the firm works almost exclusively on a contingency basis.

3. I am regularly asked to speak regarding TCPA issues, on the national level. For example, I conducted a one-hour CLE on prosecuting TCPA autodialer and Do Not Call claims pursuant to the Telephone Consumer Protection Act for both the National Association of Consumer Advocates in summer 2012, and spoke on similar subjects at the annual National Consumer Law Center national conferences in October 2012, November 2013 and November 2014. I also spoke at a National Consumer Law Center conference regarding TCPA issues in March 2015, and am scheduled to speak again in November 2015 on the same topic.

4. I also am actively engaged in policymaking as to TCPA issues, and have had several *ex parte* meetings with various decision makers at the Federal Communications Commission.

5. I make substantial efforts to remain current on the law, including class action issues. I attended the National Consumer Law Center Consumer Rights Litigation Conference in 2006 through 2013, and was an active participant in the Consumer Class Action Intensive Symposium at each of those conferences. In October 2009, I spoke on a panel of consumer class action attorneys welcoming newcomers to the conference. In addition to attending Chicago Bar Association meetings and events, I was the vice-chair of the Chicago Bar Association's consumer protection section in 2009 and the chair in 2010. In November 2009, I moderated a panel of judges and attorneys discussing recent events and decisions concerning arbitration of consumer claims and class action bans in consumer contracts.

6. Some notable autodialer TCPA class actions and other cases that my firm has worked on include: *Charvat v. Travel Services*, --- F.Supp.3d ----, 2015 WL 3917046 (N.D.Ill. June 24, 2015) (determining proper scope of class representative discovery in TCPA case), also 2015

WL 3575636 (N.D.Ill. June 8, 2015) (granting plaintiff's motion to compel vicarious liability/agency discovery in TCPA case); *Lees v. Anthem Ins. Companies Inc.*, 2015 WL 3645208 (E.D.Mo. June 10, 2015) (finally approving TCPA class settlement where I was class counsel); *Hofer v. Synchrony Bank*, 2015 WL 2374696 (E.D.Mo. May 18, 2015) (denying motion to stay TCPA case on primary jurisdiction grounds); *In re Capital One TCPA Litig.*, No. 11-5886, 2015 WL 605203 (N.D. Ill. Feb. 12, 2015) (granting final approval to TCPA class settlement where I was class counsel); *Wilkins v. HSBC Bank Nevada, N.A.*, 2015 WL 890566 (N.D.Ill. Feb. 27, 2015) (granting final approval to TCPA class settlement where I was class counsel); *Hossfeld v. Government Employees Ins. Co.*, --- F.Supp.3d ----, 2015 WL 847474 (D.Md. Feb. 25, 2015) (denying motion to dismiss in TCPA class action); *Legg v. Quicken Loans, Inc.*, 2015 WL 897476 (S.D.Fla. Feb. 25, 2015) (denying motion to dismiss in TCPA case); *Smith v. State Farm Mut. Automobile Ins. Co.*, 2014 WL 228892, (N.D.Ill. Jan. 21, 2014) (designating me as pursuant to Fed.R.Civ.P. 23(g) interim liaison counsel pursuant to contested motion in large TCPA class case), 2014 WL 3906923 (Aug 11, 2014) (motion to dismiss denied in cutting edge vicarious liability case); *Gomez v. PNC Bank, National Association*, --- F.R.D. ----, 2014 WL 36-40798 (N.D.Ill. Jul. 24, 2014) (litigation collective action and Rule 23 class certified for unpaid overtime claims), Fed.R.Civ.P. 23(f) *petition accepted*; *Hanley v. Fifth Third Bank*, 1:12-cv-1612 (N.D.Ill.) (final approval for $4.5 million nonreversionary TCPA settlement granted December 27, 2013); *Markovic v. Appriss, Inc.*, 2013 WL 6887972 (S.D.Ind. Dec. 31, 2013) (motion to dismiss denied in TCPA class case); *Martin v. Comcast Corporation*, 2013 WL 6229934 (N.D.Ill. Nov. 26, 2013) (motion to dismiss denied in TCPA class case); *Gold v. YouMail, Inc.*, 2013 WL 652549 (S.D.Ind. Feb. 21, 2013); *Martin v. Dun & Bradstreet, Inc.*, 1:12-cv-215 (N.D.Ill. Aug. 21, 2012) (Denlow, J.)

(certifying litigation class and appointing me as sole class counsel) (July 16, 2013) (final approval granted for $7.5 million class settlement granted January 16, 2014); *Desai v. ADT, Inc*, 1:11-cv-1925 (June 21, 2013) (final approval for $15 million TCPA class settlement granted); *Martin v. CCH, Inc.*, 1:10-cv-3494 (N.D.Ill.) (Mar. 20, 2013) (final approval granted for $2 million class settlement in TCPA autodialer case); *Swope v. Credit Management, LP*, 2013 WL 607830 (E.D.Mo. Feb. 19, 2013) (denying motion to dismiss in "wrong number" TCPA case); *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838 (N.D.Ill. Aug. 10, 2012) (denying motion to dismiss TCPA case on constitutional grounds); *Soppet v. Enhanced Recovery Co.*, 2011 WL 3704681(N.D.Ill. Aug 21, 2011), aff'd, 679 F.3d 637 (7th Cir. 2012) (TCPA defendant's summary judgment motion denied. My participation was limited to litigation in the lower court); *D.G. ex rel. Tang v. William W. Siegel & Associates, Attorneys at Law, LLC*, 2011 WL 2356390 (N.D.Ill. Jun 14, 2011); *Martin v. Bureau of Collection Recovery*, 2011WL2311869 (N.D.Ill. June 13, 2011) (motion to compel TCPA class discovery granted); *Powell v. West Asset Management, Inc.*, 773 F.Supp.2d 898 (N.D.Ill. 2011) (debt collector TCPA defendant's "failure to mitigate" defense stricken for failure to state a defense upon which relief may be granted); *Fike v. The Bureaus, Inc.*, 09-cv-2558 (N.D.Ill. Dec. 3, 2010) (final approval granted for $800,000 TCPA settlement in autodialer case against debt collection agency); *Donnelly v. NCO Financial Systems, Inc.*, 263 F.R.D. 500 (N.D.Ill. Dec. 16, 2009) (Fed.R.Civ.P. 72 objections overruled in toto), 2010 WL 308975 (N.D.Ill. Jan 13, 2010) (novel class action and TCPA discovery issues decided favorably to class).

7.  Before I opened Burke Law Offices, LLC, I worked at two different plaintiff boutique law firms doing mostly class action work, almost exclusively for consumers. Some

decisions that I was actively involved in obtaining while at those law firms include: *Cicilline v. Jewel Food Stores, Inc.*, 542 F.Supp.2d 831 (N.D.Ill. 2008) (FCRA class certification granted); 542 F.Supp.2d 842 (N.D.Ill. 2008) (plaintiffs' motion for judgment on pleadings granted); *Harris v. Best Buy Co.*, 07 C 2559, 2008 U.S. Dist. LEXIS 22166 (N.D.Ill. March 20, 2008) (Class certification granted); *Matthews v. United Retail, Inc.*, 248 F.R.D. 210 (N.D.Ill. 2008) (FCRA class certification granted); *Redmon v. Uncle Julio's, Inc.*, 249 F.R.D. 290 (N.D.Ill. 2008) (FCRA class certification granted); *Harris v. Circuit City Stores, Inc.*, 2008 U.S. Dist. LEXIS 12596, 2008 WL 400862 (N.D. Ill. Feb. 7,2008) (FCRA class certification granted); aff'd upon objection (Mar. 28, 2008); *Harris v. Wal-Mart Stores, Inc.*, 2007 U.S. Dist. LEXIS 76012 (N.D. Ill. Oct. 10, 2007) (motion to dismiss in putative class action denied); *Barnes v. FleetBoston Fin. Corp.*, C.A. No. 01-10395-NG, 2006 U.S. Dist. LEXIS 71072 (D.Mass. Aug. 22, 2006) (appeal bond required for potentially frivolous objection to large class action settlement, and resulting in a $12.5 million settlement for Massachusetts consumers); L*ongo v. Law Offices of Gerald E. Moore & Assocs., P.C.*, 04 C 5759, 2006 U.S. Dist. LEXIS 19624 (N.D.Ill. March 30, 2006) (class certification granted); *Nichols v. Northland Groups, Inc.*, case nos. 05 C 2701, 05 C 5523, 06 C 43, 2006 U.S. Dist. LEXIS 15037 (N.D.Ill. March 31, 2006) (class certification granted for concurrent classes against same defendant for ongoing violations); *Lucas v. GC Services, L.P.*, case No. 2:03 cv 498, 226 F.R.D. 328 (N.D.Ind. 2004) (compelling discovery), 226 F.R.D. 337 (N.D.Ind. 2005) (granting class certification); *Murry v. America's Mortg. Banc, Inc.*, case nos. 03 C 5811, 03 C 6186, 2005 WL 1323364 (N.D. Ill. May 5, 2006) (Report and Recommendation granting class certification), aff'd, 2006 WL 1647531 (June 5, 2006); *Rawson v. Credigy Receivables, Inc.*, case no. 05 C 6032, 2006 U.S. Dist. LEXIS 6450 (N.D. Ill. Feb. 16, 2006) (denying motion to dismiss in class case

against debt collector for suing on time-barred debts).

8. I graduated from Colgate University in 1997 (B.A. International Relations), and from Loyola University Chicago School of Law in 2003 (J.D.). During law school I served as an extern to the Honorable Robert W. Gettleman of the District Court for the Northern District of Illinois and as a law clerk for the Honorable Nancy Jo Arnold, Chancery Division, Circuit Court of Cook County. I also served as an extern for the United States Attorney for the Northern District of Illinois and was a research assistant to adjunct professor Honorable Michael J. Howlett, Jr.

9. I was the Feature Articles Editor of the Loyola Consumer Law Review and Executive Editor of the International Law Forum. My published work includes International Harvesting on the Internet: A Consumer's Perspective on 2001 Proposed Legislation Restricting the Use of Cookies and Information Sharing, 14 Loy. Consumer L. Rev. 125 (2002).

10. I became licensed to practice law in the State of Illinois in 2003 and the State of Wisconsin in March 2011, and am a member of the bar of the United States Court of Appeals for the Seventh and First Circuits, as well as the Northern District of Illinois, Central District of Illinois, Southern District of Illinois, Eastern District of Wisconsin, Western District of Wisconsin, Northern District of Indiana, Southern District of Indiana and the District of Nebraska. I am also a member of the Illinois State Bar Association, the Seventh Circuit Bar Association and the American Bar Association, as well as the National Association of Consumer Advocates.

11. The above experience, qualifications, decisions and settlements demonstrate my ability and commitment to prosecuting TCPA class cases. Moreover, my office took this matter on a contingency fee basis, which means that the firm would receive no remuneration absent a judgment or settlement. This matter has required me to spend significant time and resources

that would have otherwise been spent on other matters. Because I undertook representation of this matter on a contingency-fee basis and without any assistance from other law offices, my firm shouldered the risk of expending substantial costs and time in litigating the action without any monetary gain in the event of an adverse judgment. In fact, for much of this litigation, Burke Law Offices, LLC was a solo law practice, such that I was solely responsible for all work done on behalf of the class. To my knowledge, Plaintiff Martin is the first and only individual that I know of to pursue any action against Liberty under the TCPA for these telemarketing calls.

12. The Settlement was achieved through extensive arm's-length negotiations, including an all-day, in-person mediation with the Honorable Morton Denlow (Ret.) on September 15, 2014, and numerous informal negotiations between counsel for the parties via telephone and e-mail. Negotiations were preceded by extensive discovery, made uniquely difficult because much of the necessary information was held by uncooperative third parties, including the foreign, Philippines-based entity which made the calls at issue on Liberty's behalf, Executive Boutique. Through discovery, I obtained substantive information relating to the calling practices, call records, and dialer equipment associated with the calls at issue, as well as information permitting the identification of the Settlement Class—information crucial for evaluating class-wide damages. This information permitted a well-informed, effective negotiation, through which the parties' Settlement was ultimately achieved. But even then, I was still required to prosecute a subpoena enforcement action against Liberty's other vendor, middleman Zee Calls LLC, to force it to produce the lead data for the Executive Boutique calls made on Liberty's behalf in a usable format, which was ultimately used to effectuate notice of the Settlement to the Settlement Class. *See Martin v. Zee Calls LLC*, No. 15-65 (S.D.N.Y.).

13. Plaintiff Martin assisted in the prosecution of this action through all stages of litigation, from providing information and compiling evidence to assist in counsel's pre-suit investigation, to reviewing the complaint and other court filings, to assisting in discovery and generally keeping abreast of the litigation and negotiations, including ultimately approving the proposed Settlement. Mr. Martin also attended the mediation in this matter, and materially participated as an advocate for the putative class. Plaintiff has opened himself up to public scrutiny as a result of his participation in this case, and I believe that, without his willingness to pursue this action on a class-wide basis, the vast majority of Class Members would be without any viable means of relief, especially given the TCPA's lack of a fee-shifting provision, relatively low statutory damages per violation, and the limited number of calls made to each telephone number.

14. I believe that the Settlement is fair, reasonable, adequate, and in the best interest of the Settlement Class.

I declare under penalty of perjury, 28 U.S.C. § 1746, that the foregoing is true and correct.

Executed in Chicago, Illinois, on August 31, 2015.

Alexander H. Burke