# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

NICHOLAS MARTIN on behalf of himself   )
and others similarly situated,   )
   )
       Plaintiff,   )
   )     Case No. 1:13-cv-6923
    vs.   )
   )     Hon. Manish S. Shah
JTH TAX, INC., d/b/a LIBERTY TAX   )
SERVICE,   )
   )
       Defendant.   )

## ORDER FINALLY APPROVING SETTLEMENT

On May 7, 2015, this Court entered an order preliminarily approving the class action settlement (the "Preliminary Approval Order," Dkt. No. 69) between Plaintiff Nicholas Martin, on his own behalf and on behalf of the Settlement Class (as defined below), and Defendant JTH Tax, Inc. ("Defendant") as memorialized in the Settlement Agreement between the Parties (the "Settlement Agreement" memorializing the "Class Action Settlement").

On September 16, 2015, this Court held a fairness hearing (the "Fairness Hearing"). Members of the Settlement Class had been given appropriate notice of the Fairness Hearing pursuant to Federal Rule of Civil Procedure ("Rule") 23(c)(2) and were invited to appear, including those members with any objections to the Class Action Settlement. An opportunity to be heard was given to all persons requesting to be heard in any of the manner(s) prescribed in the Preliminary Approval Order. No persons appeared in Court seeking to address the proposed Class Action Settlement. Having considered the Settlement Agreement, Plaintiff's Memorandum in Support of Final Approval of the Class Action Settlement, all other evidence

submitted to the Court concerning the Class Action Settlement, and the Court being duly advised in the premises,

**IT IS HEREBY ORDERED THAT:**

1.     This Court has jurisdiction over Plaintiff, Defendant, members of the Settlement Class, and the claims asserted in Plaintiff's class action complaint (the "Litigation").

2.     Plaintiff alleges in the Litigation that Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA") by placing phone calls to cellular phones using an autodialer without the called parties' consent.

3.     The Class Action Settlement as memorialized in the Settlement Agreement was negotiated in good faith and at arm's length and is fair, reasonable, adequate and in the best interests of the Settlement Class in light of the factual, legal, practical and procedural considerations raised by the Litigation.

4.     This Court grants final approval of the Settlement Agreement, including but not limited to the releases therein, and finds that it is in all respects fair, reasonable, and in the best interests of the Settlement Class.  Therefore, all members of the Settlement Class who have not opted out ("Settlement Class Members") are bound by this Order Finally Approving Settlement (the "Final Approval Order").

**Class Certification**

5.     The following class (the "Settlement Class"), which was previously preliminarily certified by the Court, is now finally certified pursuant to Rule 23 (a) and (b)(3):

> All persons nationwide whose cell phone the Released Parties or someone on behalf of the Released Parties called (with or without the knowledge or consent of the Released Parties) using a device that has the capacity to dial numbers without human intervention, where any call was made between and including September 25, 2009 and April 19, 2015.  The Settlement Class is limited to persons associated with the approximately 291,000 cell phone

numbers identified by the parties as having been called using an automatic telephone dialing system or an artificial or prerecorded voice. (the "Call List")

6.     The Court finds, for settlement purposes only, that (i) certification of the Settlement Class is appropriate under Rule 23(a) and (b)(3), and specifically that (ii) there are questions of law and fact common to the class that predominate over any questions affecting only individual class members, (iii) Plaintiff's claims are typical of the claims of the Settlement Class, (iv) Plaintiff meets the requirements to represent the Settlement Class pursuant to Rule 23(a)(4) and will fairly and adequately represent the interests of the Settlement Class, (v) Alexander Burke of Burke Law Offices, LLC meets the requirements to be appointed class counsel pursuant to Rule 23(g), and (vi) a class action is the superior method for the fair and efficient adjudication of this controversy.

7.     Pursuant to Rule 23(a)(4), the Court designates Plaintiff Nicholas Martin as the class representative of the Settlement Class (the "Class Representative").

8.     Pursuant to Rule 23(g), the Court appoints the following as class counsel: Alexander H. Burke, of Burke Law Offices, LLC, 155 N. Michigan Avenue, Suite 9020, Chicago, Illinois 60601 ("Settlement Class Counsel").

## Class Notice

9.     Notice of the Class Action Settlement was given to the Settlement Class in material accordance with the plan provided for in the Settlement Agreement, which fully complied with the requirements of Rule 23 (c)(2)(B) and (e)(1) and due process, constituted the best notice practicable under the circumstances, and was due and sufficient notice to all persons entitled to notice of the Class Action Settlement.  In the Preliminary Approval Order, this Court approved the forms of actual notice and claim form sent to the Settlement Class pursuant to the terms of the Settlement Agreement.

10.     Defendant's Counsel provided notice of the Class Action Settlement to the Attorney General of the United States and the attorneys general of every State in which Settlement Class Members (as defined below) reside, including the information required by 28 U.S.C. § 1715(b).  The latest date on which such notice was provided was more than ninety (90) days prior to the entry of this Final Approval Order.

11.     Pursuant to the Court's rulings from the bench at the final approval hearing, the Court finds that a total of approximately 50,939 valid and timely claim forms were submitted by Settlement Class Members.

## Objections and Opt-Outs

12.     There were three objections to the settlement.

13.     The persons or entities that have validly requested exclusion and thereby opted out of the Class Action Settlement are identified in Exhibit A hereto.

## Class Compensation

14.     In accordance with the terms of the Settlement Agreement, Settlement Class Counsel or their agent established and are administering an account in the name of the Nicholas Martin Settlement Fund at Wells Fargo Bank (the "Escrow Account").  Pursuant to the terms of the Settlement Agreement, Defendant must deposit any unpaid balance of the $3,000,000 (the "Settlement Fund") into the Escrow Account by no later than ten business days after the entry of this Order.

## Releases

15.     Upon entry of this Final Approval Order, Plaintiff and each Settlement Class Member shall be deemed to have granted each of the releases and waivers set forth in the Settlement Agreement.  Those releases include any and all causes of action, suits, claims, or demands, in law or in equity, known or unknown, which Plaintiff and Settlement Class Members

had as of April 19, 2015 against any one or all of the Released Parties for alleged violations of the TCPA or any similar state law based upon the use of an automatic telephone dialing system or an artificial or prerecorded voice, which has accrued at any time before the date of filing the motion for preliminary approval in this matter

16.     Settlement Class Counsel has waived, discharged and released the Released Parties, as defined in the Settlement Agreement, of and from any and all claims for attorney's fees, by lien or otherwise, for legal services rendered by Settlement Class Counsel in connection with the Litigation.

17.     The Settlement Agreement may be pleaded as a full and complete defense to any action, suit or other proceeding that may be instituted or prosecuted with respect to the Released Claims.

### Injunctive Relief

18.     Defendant is hereby permanently enjoined from committing future violations of the TCPA and/or any FCC regulations promulgated thereunder in connection with their business activities.

19.     Plaintiff and every member of the Settlement Class are hereby permanently enjoined from commencing, prosecuting or continuing to pursue on behalf of any class any Released Claims against Defendant and its respective parents, subsidiaries, affiliates, predecessors and successors in interest, and all of those entities' past and current officers, directors, shareholders, partners, members, employees, agents and insurers in such capacities as they relate to the actions that are the subject of the Litigation, specifically including, but not limited to, the class claims alleged in the Litigation.

### Award of Attorneys' Fees, Costs and Incentive Award

20.     The Court has considered Settlement Class Counsel's application for attorneys' fees.  The Court awards Settlement Class Counsel the sum of $1,000,000 as an award of attorney's fees and $7,486.15 for out-of-pocket costs, to be paid from the Settlement Fund, and finds that this amount of fees is fair and reasonable.  Payment of Settlement Class Counsel's attorney's fees and costs shall be distributed from the Settlement Fund as soon as practicable, but no sooner than ten (10) business days, and no longer than twenty (20) business days following the Effective Date, as that date is defined in the Settlement Agreement.

21.     The Court grants Settlement Class Counsel's request for an incentive award to the Class Representative and accordingly awards $10,000 to Nicholas Martin.  The Court finds that this payment is justified by the Class Representative's service to the Settlement Class.  This award shall be distributed from the Settlement Fund as soon as practicable, but no sooner than ten (10) business days, and no longer than twenty (20) business days following the Effective Date, as that date is defined in the Settlement Agreement.

### Other Provisions

22.     The Parties to the Settlement Agreement shall each carry out their respective obligations thereunder.

23.     Neither the Settlement Agreement, the Preliminary Approval Order, this Final Approval Order, nor any of their provisions, nor any of the documents (including, but not limited to, drafts of the Settlement Agreement, the Preliminary Approval Order and/or the Final Approval Order), negotiations, or proceedings relating in any way to the Class Action Settlement, shall be construed as or deemed to be evidence of an admission or concession of any kind by any person, including any by Defendant, and shall not be offered or received into

evidence in this Litigation or any other action or proceeding except in an action brought to enforce the terms of the Settlement Agreement or as may be required by law or court order.

24. Prior to the Effective Date, as that date is defined in the Settlement Agreement, in the event that (a) the Settlement Agreement is terminated pursuant to its terms, (b) the Settlement Agreement otherwise does not become effective for any reason, or (c) this Final Approval Order is reversed, vacated, or modified in any material respect which is not mutually acceptable to the Parties, then (i) Settlement Class Counsel or their agent shall return all funds in the Escrow Account less funds actually incurred for notice and administration, to counsel of record for Defendant within three (3) business days of that event and (ii) the Settlement Agreement shall be deemed null and void and shall be without prejudice to the rights of the parties thereto and shall not be used in any subsequent proceedings in this Litigation, or in any manner whatsoever. Until the Effective Date, no payments or distributions may be made from the Escrow Account other than for class notice and administration expenses, unless approved by this Court.

25. In the Preliminary Approval Order, this Court ordered that Dahl Administration, LLC 6465 Wayzata Blvd., Suite 420, Minneapolis MN 55426 ("Class Administrator") be the class administrator. The Class Administrator shall make all claim payments to class members pursuant to the terms of the Settlement Agreement.

26. Within ninety (90) days following the Effective Date of the Settlement Agreement, as that date is defined in the Settlement Agreement, Settlement Class Counsel or the Class Administrator shall validate all claims and distribute the Settlement Fund in accordance with the terms of the Settlement Agreement.

27. Settlement checks to the Settlement Class Members will be void ninety (90) days from date of issuance. Any Settlement Class Member who does not negotiate the settlement

check issued to them within ninety (90) days of the date of issuance shall be deemed to have rescinded and withdrawn their claim for monetary compensation under the Settlement Agreement, but shall remain a member of the Settlement Class and bound by the terms of the Settlement Agreement and this Final Approval Order.

28.     Pursuant to the terms of the Settlement Agreement, any unclaimed or undistributed amounts remaining in the Settlement Fund after all payments required under the Settlement Agreement have been made shall be distributed to the following *cy pres* recipient: Electronic Privacy Information Center.  Payment is due in accordance with the timing set forth in the Settlement Agreement.

29.     Settlement Class Counsel or the Class Administrator shall file an affidavit of final accounting of the Class Action Settlement by June 10, 2016.

30.     Settlement Class Counsel shall submit a report on the final accounting of the Class Action Settlement by June 10, 2016.  A hearing on the final accounting of the Class Action Settlement is set for June 16, 2016 at 9:30am.

ENTER:

Dated:  9/23/15

Manish S. Shah
United States District Judge

Exhibit A

List of Excluded Class Members

| | | |
|---|---|---|
| DOUGLAS PIAZZA | DEARBORN | MI |
| KATHLEEN D. CUNNINGHAM | SHASTA LAKE | CA |
| THE UPS STORE | FOOTHILL RANCH | CA |
| DENNIS JAY YODER | GUYS MILLS | PA |
| TONI RAE CARAKER | TEHACHAPI | CA |
| TAMI JO VIGEN | HORACE | ND |
| SAYURI FUNAKI | SAN ANTONIO | TX |
| NANCY GAIL LEMMON | FRIENDSWOOD | TX |
| HEATHER GUNN | ALBUQUERQUE | NM |
| LOIS E GONZALES | LANCASTER | CA |
| HARDWARE HANK | HINCKLEY | MN |
| AMBER RIGGS | PEORIA | IL |
| KAREN PETERS ELLINGSON | BLACKSBURG | VA |
| KAREN PETERS ELLINGSON | BLACKSBURG | VA |
| AGNIESZKA CZERWOSZ | CHICAGO | IL |
| KATHLEEN M WESTBROOK | COLLINSVILLE | IL |